UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, et al., Plaintiffs, v. BROKER SOLUTIONS, INC, Defendant. | Case No.17-cv-04384-EDL *SEALED* **ORDER DENYING REQUEST TO KEEP CASE UNDER PARTIAL SEAL AND UNSEALING CASE** Re: Dkt. Nos. 13, 15 |
|---|---|

On July 13, 2018, the United States filed a notice of its declination to intervene in this False Claims Act ("FCA") case. In its notice, the United States made several requests, including a request that the case remain partially sealed, which the Court addresses below. For the following reasons, the Court DENIES the request to maintain certain documents under seal. The Clerk is directed to unseal the case in its entirety and Plaintiff is ordered to serve Defendant.

The United States asks that the Court unseal the case going forward and unseal (1) the complaint, (2) the summons, (3) any scheduling orders, (4) consent/declination forms for magistrate jurisdiction, and (5) this notice of election to decline to intervene. However, it asks that all other papers on file in this action (including its applications for extensions of time to investigate and orders thereto) remain under seal. It argues that they should remain under seal and not be made public because they would reveal the government's investigation and those papers were provided for the sole purpose of evaluating whether the seal and time for making an election should be extended.

The FCA specifically addresses lifting the seal on the relator's complaint but it is otherwise silent with respect to the unsealing of other documents filed with the court. "In general, other courts faced with this issue have considered lifting the seal on the entire record to be appropriate *unless* the Government shows that such disclosure would: (1) reveal confidential

1    investigative methods or techniques; (2) jeopardize on ongoing investigation; or (3) harm non-
2    parties." United States ex rel. Lee v. Horizon West, Inc., 2006 WL 305966, at *2 (N.D. Cal. Feb.
3    8, 2006) (collecting cases) (emphasis in original).  This standard is not met "if the documents
4    simply describe routine or general investigative procedures, without implicating specific people or
5    providing substantive details." Id.  "When evaluating a motion to lift the seal, courts are also to
6    consider the interests of the public, since court records are typically expected to be open to the
7    public." Id.

8        Upon review of the docket, there are a limited number of filings that might possibly meet
9    this standard: (1) the government's two requests for an enlargement of time to elect or decline
10   intervention (dkt. nos. 10, 12); (2) the Court's orders granting those requests (dkt. nos. 11, 16);
11   and (3) a status report that the government filed on December 29, 2017 (dkt. no. 9).  However, all
12   of these documents are too general in their description of the United States' investigative methods
13   to warrant keeping them under seal.

14       The first request for an enlargement of time and the related order (dkt. nos. 10 and 11) are
15   emblematic of the generality of the documents at issue.  The documents merely state that the
16   United States has been diligently investigating this case but needs more time to make an informed
17   decision about intervention.  At their most specific, they state that the United States was
18   "assembling a team of investors and attorneys from the Commercial Litigation Branch at the U.S.
19   Department of Justice, the U.S. Attorney's Office, HUD, and VA."  They also note that the United
20   States was trying to schedule an interview with the relator and, after that, would "determine the
21   plan for further investigation," which might include "subpoenaing documents from the Defendants
22   and identifying and interviewing additional witnesses."  None of these statements "implicat[e]
23   specific people or provid[e] substantive details" about the government's working investigating the
24   claims in the relator's complaint.

25       The second request for an enlargement of time and the related order (dkt. no. 12 and
26   forthcoming docket entry) are even less specific.  After a brief recitation of the underlying
27   allegations, the case's procedural history, and the relevant FCA provisions, the documents simply
28   state that "the Court has granted one extension of the seal period, until July 2, 2018.  The United

1  States, however, needs an additional two weeks to make its intervention decision." This plainly
2  falls short of revealing any confidential investigative material or anything that could jeopardize an
3  investigation or harm a non-party.
4        Finally, the United States' December 29, 2017 status report also does not deserve special
5  protection. As with the second request for an enlargement of time, the document merely provides
6  a basic procedural history of the case and the general statement that "the United States needs
7  additional time to investigate this case in order to make an informed decision on intervention," and
8  therefore the United States and the relator had agreed to seek a six-month extension of the seal
9  period and intervention deadline. Nothing about this status report divulges information that is
10 necessary to protect from public view.
11       The United States' notice contains certain additional requests. It asks the Court to ensure
12 that the government receives notice of any proposal by the relator or Defendant to dismiss, settle,
13 or otherwise discontinue the case and is given an opportunity to be heard on the proposal. As the
14 government may still "question [the terms of a settlement] for good cause . . . with or without
15 formal intervention and without proceeding with the litigation," this request is appropriate. United
16 States ex rel. Killingsworth v. Northrop Corp., 25 F.3d 715, 724. See also United States v.
17 Northrop Corp., 59 F.3d 953, 959 (9th Cir. 1995); 31 U.S.C. § 3730(c)(3). The United States
18 further states that it will file a notice of appearance for one of its attorneys so that it continues to
19 receive ECF notifications of filings, as permitted by the FCA's provision allowing the government
20 to receive service of all pleadings filed. See 31 U.S.C. § 3730(c)(3). With the United States
21 receiving ECF notifications, it should automatically be given notice of any suggestion of dismissal
22 or settlement by the relator and/or Defendant.
23       Accordingly, for the reasons stated above, the United States' request to keep certain
24 documents under seal is DENIED. The Clerk is directed to unseal the case. Plaintiff is ordered to
25 serve Defendant.
26    \\
27    \\
28    \\

1 **IT IS SO ORDERED.**

2 Dated: August 6, 2018

4 _____
5 ELIZABETH D. LAPORTE
United States Magistrate Judge