**CUTTER LAW PC**
C. Brooks Cutter (121407)
bcutter@cutterlaw.com
John R. Parker, Jr. (257761)
jparker@cutterlaw.com
401 West Avenue
Sacramento, CA 95864
Tel: (916) 290-9400
Fax: (916) 669-4499

**GRANT & EISENHOFER P.A.**
Daniel L. Berger (*Pro Hac Vice*)
dberger@gelaw.com
Kyle J. McGee (*Pro Hac Vice*)
kmcgee@gelaw.com
Laina M. Herbert (*Pro Hac Vice*)
lherbert@gelaw.com
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
Fax: (302) 622-7100

**THOMAS & SOLOMON LLP**
J. Nelson Thomas (*Pro Hac Vice*)
nthomas@theemploymentattorneys.com
Jonathan W. Ferris (*Pro Hac Vice*)
jferris@theemploymentattorneys.com
Michael J. Lingle (*Pro Hac Vice*)
mlingle@theemploymentattorneys.com
Annette M. Gifford (270777)
amgifford@gelaw.com
693 East Avenue
Rochester, NY 14607
Tel: (585) 272-0540
Fax: (585) 272-0574

*Attorneys for Plaintiff-Relator Malou Tutanes-Luster*

**WEINER BRODSKY KIDER PC**
Mitchel H. Kider (116479)
kider@thewbkfirm.com
Joel A. Schiffman (90138)
schiffman@thewbkfirm.com
Timothy P. Ofak (*Pro Hac Vice*)
ofak@thewbkfirm.com
Lindsay L. Buchanan (*Pro Hac Vice*)
buchanan@thewbkfirm.com
1300 19th Street, NW Fifth Floor
Washington, DC 20036
Tel: (202) 628-2000
Fax: (202) 628-2011

**MEDLIN & HARGRAVE, PC**
Joshua A. Rosenthal (190284)
jrosenthal@mhlawcorp.com
3562 Round Barn Circle, Suite 212
Santa Rosa, CA 95403
Tel: (707) 570-2200
Fax: (510) 832-2945

*Attorneys for Defendant Broker Solutions, Inc.*
*d/b/a New American Funding*

NOTE: CHANGES MADE BY THE COURT

NOTE: CHANGES MADE BY THE COURT

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

NOTE: CHANGES MADE BY THE COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* MALOU TUTANES-LUSTER,<br><br>Plaintiff-Relator,<br><br>vs.<br><br>BROKER SOLUTIONS, INC. d/b/a NEW AMERICAN FUNDING,<br><br>Defendant. | DISCOVERY STIPULATION<br><br>CASE NO. 2:19-CV-01630-PSG-JPR<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**Magistrate Judge:** Hon. Jean P. Rosenbluth<br>Courtroom 690<br><br>Amended Complaint Filed: April 15, 2019 |

### I. PURPOSES AND LIMITATIONS

1. Relator Malou Tutanes-Luster ("Relator") and Defendant Broker Solutions, Inc. d/b/a New American Funding ("NAF") are parties to the above-captioned litigation (the "Action") and recognize that discovery and discovery activity in this Action may involve confidential, proprietary, or private information for which the parties believe special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Information that may warrant protection from public disclosure includes, but is not limited to: non-public, confidential, proprietary, or commercially-sensitive information; non-public personally identifiable financial information relating to borrowers and/or consumers (such as individuals' Social Security numbers, credit card and bank account numbers); and/or documents or data which may constitute "consumer reports," as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq.; as well as information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. NOTE: CHANGES MADE BY THE COURT

3. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles and this Order. The parties acknowledge that Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II. DEFINITIONS

4. <u>Confidential Information</u>: When used in this Order, the term "Confidential Information" means non-public, confidential, proprietary, or commercially-sensitive information; non-public personally identifiable financial information relating to borrowers and/or consumers (such as individuals' Social Security numbers, credit card and bank account numbers); and/or documents or data which may constitute "consumer reports," as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*; as well as information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

5. <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

6. <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

7. <u>Disclosure or Discovery Material:</u> all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, including oral testimony.

3

8. <u>Document</u>. When used in this Order, the term "document" means all writings, drawings, graphs, charts, recordings, ~~computer disks and~~ tapes, electronically stored information, audiotapes, videotapes, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

*NOTE: CHANGES MADE BY THE COURT*

9. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

10. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

11. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., electronic discovery hosting, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

12. <u>Receiving Party</u>: a Party that receives a Document, Disclosures or Discovery Material from a Producing Party.

### III. SCOPE AND EXCLUSIONS

13. The protections conferred by this Stipulation and Order cover not only Confidential Information (as defined above), but also: (a) any information copied or extracted from Confidential Information; (b) all copies, excerpts, summaries, or compilations of Confidential Information; and (c) any testimony, conversations, or presentations by Parties or their Counsel that reveal Confidential Information.

14. <u>Exclusions</u>. Confidential Information shall not include: (a) any information that is properly in the public domain at the time of disclosure or thereafter comes into the public domain (other than by breach of this Order or any other confidentiality agreement or obligation); or (b) any information which is disclosed to any party in good faith by a third-party not affiliated with or employed by any party, who has the legal right to make such disclosure.

15. In the event that any Confidential Information is used in open court during any court proceeding or filed as a trial Exhibit, the material shall [NOTE: CHANGES MADE BY THE COURT] lose its confidential status and become part of the public record, unless the Producing Party seeking to use the Confidential Information applies for and obtains an order from this Court specifically maintaining the confidential status of the particular material. Prior to any court proceeding in which Confidential Information is to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material. This paragraph does not modify the requirements set forth in Section VI of this Protective Order.

## IV. DURATION AND TERMINATION

16. Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all persons having received Confidential Information shall either: (a) make a good-faith and reasonable effort to return such materials and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (b) make a good-faith and reasonable effort to destroy all such Confidential Information, and upon request certify to that fact in writing to counsel for the Producing Party. Notwithstanding anything to the contrary, counsel of record for the parties may retain copies of documents constituting work product, copies of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation and Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

## V. CONFIDENTIAL INFORMATION

17. Counsel for any party, or any third party to whom discovery requests are issued in this matter, may designate material produced in the course of discovery as "Confidential" only if counsel determines, in good faith, that such material meets the definition of Confidential Information, as defined in Section II-4 herein. *NOTE: CHANGES MADE BY THE COURT*

18. Information and documents may be designated as "Confidential" by writing, typing or stamping "CONFIDENTIAL" on the face of any materials upon their initial production to the Receiving Party. Alternatively, the Producing Party may designate materials as "Confidential" by written notice to opposing counsel by setting forth a description of all materials to be designated as "CONFIDENTIAL," where stamping the term "CONFIDENTIAL" is impractical or not possible.

19. Unless otherwise ordered by the Court, or otherwise provided for herein, any Confidential Information will be held and used by the Receiving Party solely for use in connection with this Action.

20. Confidential Information shall be held in confidence and shall not be disclosed in any manner, in any form, to any person, entity, or judicial tribunal other than:

    a. This Court or a court with appellate jurisdiction;

    b. Counsel for the parties retained in or working on this Action, including co-counsel and in-house counsel;

    c. Agents of such counsel;

    d. The parties in this action and their employees, to the extent deemed necessary by counsel for that party for the prosecution, defense, or settlement of this Action;

    e. Deponents and their counsel during depositions;

|   |   |   |
|---|---|---|
| 1 | f. | Witnesses or prospective witnesses and their counsel in this Action; |
| 2 | | NOTE: CHANGES MADE BY THE COURT |
| 3 | g. | Stenographic reporters engaged in such proceedings as are necessarily incident to the preparation or trial of this Action; |
| 5 | h. | Experts and consultants, as defined in Section II-9 of this Order; |
| 7 | i. | Professional Vendors, as defined in Section II-11 of this Order; |
| 8 | j. | The United States Government, to the extent deemed necessary by counsel for a party for the prosecution, defense, or settlement of this Action pursuant to 31 U.S.C. 3730; |
| 11 | k. | Any arbitrator, mediator, or case evaluator; and |
| 12 | l. | By order of any Court of competent jurisdiction. |

21. If any Confidential Information is filed with the Court, or attached to any papers filed with the Court, or quoted in a pleading filed with the Court, the Confidential Information shall be marked "CONFIDENTIAL" under this Order, and shall be filed under seal, consistent with the procedures and standards set forth in Civil Local Rule 79-5.

22. If Confidential Information contained in a Document, Disclosure, or Discovery Material is used during a deposition of a witness in this action, the Confidential Information shall be marked "CONFIDENTIAL" and the portion of the record or transcript in which Confidential Information is recited or made an exhibit thereto shall be deemed Confidential Information under this Order.

23. In the case of depositions or other pre-trial testimony, counsel for the parties shall: (a) note for the record at the time of the deposition or other pre-trial testimony, those portions of the testimony being preserved upon the record which said counsel believes in good-faith should be designated as "CONFIDENTIAL," or (b) by written notice, sent to all parties within fourteen (14) business days of receipt of the final transcript of the deposition or other pre-trial testimony stating

that the entire deposition transcript or pre-trial testimony, or part thereof, is so designated.  NOTE: CHANGES MADE BY THE COURT

24. <u>Inadvertent Failures to Designate</u>. The inadvertent or unintentional disclosure by any Party or Third-Party of Confidential Information that was not so designated at the time of disclosure shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the party that inadvertently disclosed Confidential Information notifies the Receiving Party in writing promptly after discovering the inadvertent or unintentional disclosure. Good-faith disclosure of such Confidential Information prior to receipt of such notice shall not be deemed a violation of this Stipulation and Order. However, once a Receiving Party is given notice by the Producing Party of the designated Confidential nature of such undesignated material, the Receiving Party shall make all reasonable efforts to obtain the return of such undesignated material from all parties who received such information, but who are not entitled to access Confidential Information under this Stipulation and Order.

25. When a Party withholds information otherwise discoverable by claiming that information is subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection, and/or redacts from any documents produced any portions protected from disclosure by any such privilege or protection, the Party shall provide a log for any documents withheld or redacted pursuant to this paragraph pursuant to Fed. R. Civ. P. 26(b)(5). Such log shall include the following information: (a) the document type (*e.g.*, Word document, electronic mail, PDF, etc.) that is being withheld; (b) the date of the document; (c) the author(s); (d) the recipients of the document; (e) whether there are any attachments to the document.; (f) a description of the document in accordance with Fed. R. Civ. P. 26(b)(5)(ii); and (g) the privilege or immunity

asserted, or the other grounds for withholding the document including the attorney involved. NOTE: CHANGES MADE BY THE COURT

### VI. CHALLENGING CONFIDENTIALITY DESIGNATION

26. <u>Timing of Challenges</u>. Any Party or Third-Party may challenge a designation of confidentiality at any time consistent with the Court's scheduling order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

27. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order as well as Local Rule 37. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue) within 10 days of the date of service of notice. In conferring, the Designating Party must explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process within the time period prescribed above

28. <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality (and in compliance with Civil Local Rule 79-5, if applicable) within 28 days of the initial notice of the challenge. Each such motion must be accompanied by a competent declaration affirming that the movant has complied

with the meet-and-confer requirements imposed in the preceding paragraph and Local Rule 37, or that the non-moving party is unwilling to participate in the meet-and-confer process in a timely manner. Failure by the Designating Party to make such a motion including the required declaration within 28 days of the initial notice of the challenge shall automatically waive the confidentiality designation. In addition, after complying with the meet-and-confer process above, the Challenging Party may file a motion challenging a confidentiality designation at any time consistent with the Court's scheduling order if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed by the preceding paragraph and Local Rule 37.

[NOTE: CHANGES MADE BY THE COURT]

29. <u>Burden of proof:</u> The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

30. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VII. DISCLOSURE

31. If Confidential Information is disclosed to any person other than one entitled to disclosure under this Order by those persons set forth above, the Party or counsel responsible for the disclosure shall immediately upon learning of such disclosure inform counsel for the parties of the pertinent facts relating to such disclosure and shall make every effort to prevent further disclosure by the unauthorized person. Notwithstanding the foregoing, counsel of record are

responsible for employing reasonable measures to control, consistent with the terms of this Order, duplication of, access to and distributions of Confidential information or documents under the terms of this Order.

NOTE: CHANGES MADE BY THE COURT.

32. Dissemination to any individuals, other than the persons identified in paragraph 20(a), (b), (c), (d), (e), (g), (h), (i), (j), (k), and (l) shall occur only after such person has signed an Acknowledgment in substantially the following form: stating that he/she: (a) has read this Protective Order; (b) has discussed it with counsel for the party who has retained said individual or is making such disclosure or with independent counsel; and (c) agrees to be bound by this Protective Order. The Acknowledgment, in the form attached hereto as Exhibit A, shall be signed by the person to whom the Confidential Information will be disseminated and a copy of the Acknowledgment shall be maintained by counsel obtaining such signature and making such disclosure.

33. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of Confidential Information (the "Receiver"), the Receiver shall:

    a. Within five (5) business days of receipt of such subpoena or court order, notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

    b. Within five (5) business days of receipt of such subpoena or court order notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order;

    c. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose CONFIDENTIAL

designation or Confidential Information may be affected in order to advise the court ~~from which the subpoena~~ or order issued that the Designating Party will be opposing the subpoena or court order. The burden of opposing the subpoena or court order will fall on the Designating Party.

NOTE: CHANGES MADE BY THE COURT

d. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Confidential Information before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. Nothing herein shall be construed as requiring the Receiver to challenge or appeal any determination by the court from which the subpoena or order issued requiring production of Confidential Information covered by this Stipulation and Order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any determination by the court from which the subpoena or order issued —not being timely challenged or appealed by the Designating Party--directing production pursuant to a subpoena or court order will not constitute violation of this Stipulation and Order.

## VIII. INADVERTENT PRIVILEGE DISCLOSURE

34. <u>Inadvertent Production of Privileged Material</u>: The parties intend that this provision provides all the protections afforded by Federal Rule of Evidence 502 and further imposes the obligations of Federal Rule of Civil Procedure 26(b)(5)(B) on the Receiving Party.

35. The inadvertent production or disclosure during discovery of a document or information protected by the attorney-client privilege, attorney work product doctrine, or other privilege ("Privileged Material") shall not be deemed a

waiver of the privilege, work product, or other protection or immunity from discovery by the Producing Party in this ~~or any subsequent~~ state or federal proceeding. [NOTE: CHANGES MADE BY THE COURT]

36. Where it is reasonably apparent to the Receiving Party that Privileged Material was inadvertently sent or produced, and the attorney for the Receiving Party knows or reasonably should know that the Privileged Material is privileged or subject to the work-product doctrine, the Receiving Party and its attorneys shall: (a) refrain from examining the Privileged Material any more than is necessary to determine that it is privileged or subject to the work-product doctrine, and (b) promptly notify the Producing Party in writing.

37. Within three (3) business days of receipt of notice by any party that Privileged Material was produced or disclosed, sufficiently identified by Bates number or other method to enable its identification, all recipients of the Privileged Material shall collect all copies or reproductions thereof and either segregate them to protect them from use, or, if requested, return them to the Producing Party and shall delete such material from any medium.

38. In addition, the recipients shall collect all notes or other work product that summarize, discuss, or quote the contents of such Privileged Material, which shall then be segregated and destroyed.

## IX. MISCELLANEOUS PROVISIONS

39. This Order contemplates that the parties shall continue to resolve confidentiality issues by agreement of counsel not inconsistent with this Order.

40. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. The fact that a party entered into this Order may not be raised as a defense to or argument against any such motion.

1 | IT IS SO STIPULATED.

2 | Dated: October 25, 2019  **NOTE: CHANGES MADE BY THE COURT**
Dated: October 25, 2019

3 | **GRANT & EISENHOFER P.A.**  **WEINER BRODSKY KIDER PC**

 */s/ Laina M. Herbert*  */s/ Timothy P. Ofak*
Daniel L. Berger, *Pro Hac Vice*  Mitchel H. Kider, CA Bar No. 116479
Kyle J. McGee, *Pro Hac Vice*  Joel A. Schiffman, CA Bar No. 90138
Laina M. Herbert, *Pro Hac Vice*  Timothy P. Ofak, *Pro Hac Vice*
123 Justison Street  Lindsay L. Buchanan, *Pro Hac Vice*
Wilmington, DE 19801  1300 19th Street, NW Fifth Floor
Tel: (302) 622-7000  Washington, DC 20036
Emails: dberger@gelaw.com  Telephone: (202) 628-2000
 kmcgee@gelaw.com  Email: kider@thewbkfirm.com
 lherbert@gelaw.com   schiffman@thewbkfirm.com
  ofak@thewbkfirm.com
  buchanan@thewbkfirm.com

**CUTTER LAW PC**  **MEDLIN & HARGRAVE, PC**
C. Brooks Cutter, SBN 121407  Joshua A. Rosenthal, CA Bar No. 190284
John R. Parker, Jr., SBN 257761  3562 Round Barn Circle, Suite 212
401 Watt Avenue  Santa Rosa, CA 95403
Sacramento, CA 95864  Telephone: (707) 570-2200
Telephone: (916) 290-9400  Email: jrosenthal@mhlawcorp.com
Emails: bcutter@cutterlaw.com
 jparker@cutterlaw.com  *Attorneys for Defendant Broker Solutions, Inc. d/b/a New American Funding*

**THOMAS & SOLOMON LLP**
J. Nelson Thomas, *Pro Hac Vice*
Jonathan W. Ferris, *Pro Hac Vice*
Michael J. Lingle, *Pro Hac Vice*
Annette M. Gifford, CA Bar 270777
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com
jferris@theemploymentattorneys.com
mlingle@theemploymentattorneys.com
amgifford@gmail.com

*Attorneys for Relator Malou Tutanes-Luster*

14

# ORDER

Based on the foregoing Stipulation ~~of the Parties,~~ ~~IT IS HEREBY~~ NOTE: CHANGES MADE BY THE COURT ORDERED that the Stipulated Protective Order is approved by the Court and effective as of the date of execution of this Order.

IT IS SO ORDERED.

Dated: November 12, 2019  _____

Honorable Jean P. Rosenbluth