NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
ABRAHAM C. MELTZER
Assistant United States Attorney
Deputy Chief, Civil Fraud Section
LISA A. PALOMBO
Assistant United States Attorney
California State Bar No. 169119
    Room 7516, Federal Building
    300 N. Los Angeles Street
    Los Angeles, California 90012
    Tel: (213) 894-4042
    Fax: (213) 894-7819
    Email: Lisa.Palombo@usdoj.gov
Attorneys for the
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MALOU TUTANES-LUSTER,<br><br>    Plaintiff,<br><br>    v.<br><br>BROKER SOLUTIONS, INC. d/b/a NEW AMERICAN FUNDING,<br><br>    Defendant. | No. CV 19-01630 PSG (JPRx)<br><br>[~~PROPOSED~~] MODIFIED STIPULATED PROTECTIVE ORDER<br><br>[LODGED HEREWITH: STIPULATON TO MODIFY STIPULATED PROTECTIVE ORDER]<br><br>Magistrate Judge:<br>Hon. Jean P. Rosenbluth |

**RECITALS**

This Court entered the parties' Stipulated Protective Order ("SPO") on November 19, 2019 (Dkt. 114). Paragraph 40 of the SPO provides that any party may "apply to the Court . . . for modification of this Order." (*Id.*, ¶407).

Paragraph 4 of the SPO defines "Confidential Information" as "non-public, confidential, proprietary, or commercially-sensitive information; non-public personally identifiable information related to borrowers and/or consumers (such as individuals' Social Security numbers, credit card and bank account numbers); and/or documents or data which may constitute 'consumer reports,' as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq.; as well as information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)."

Defendant issued a subpoena to the United States Department of Justice ("DOJ"), a non-party to this action, on May 1, 2020.

The parties hereto agree that the Court should modify the existing SPO to permit the DOJ to produce, subject to an appropriate court order, documents responsive to Defendant's subpoena under an Attorneys' Eyes Only ("AEO") provision that is being requested by the DOJ and to which the parties have agreed.

**ORDER**

IT IS HEREBY ORDERED:

1. Paragraph 4 of the SPO, which defines "Confidential Information", shall be modified specifically to include the following additional language: "When used in this Order, the term 'Confidential-AEO' means proprietary, confidential, and competitively sensitive information within the meaning of Rule 26(c)(1)(G) in the possession, custody, or control of the United States concerning information subject to a protective order from another case or the methods, procedures, practices, formulas, algorithms, processes, and other techniques employed or utilized by Government authorities to review, approve, deny, track, assess, or otherwise process mortgage lending or insurance-related applications or requests, including, but not limited to, electronic submissions made

through a desktop underwriting platform, the TOTAL scorecard, Federal Housing Administration ("FHA") Connection, and other data systems used by the United States Department of Housing and Urban Development ("HUD") or the Department of Veterans Affairs ("VA") in insuring, guaranteeing, paying claims on, and seeking remedies concerning FHA or VA single-family mortgage loans."

2. Paragraphs in the SPO referencing "Confidential Information," except for Paragraph 20, shall be modified to reference "Confidential Information or Confidential-AEO Information."

3. Paragraph 20 shall include the following additional language: "Confidential-AEO Information shall be held in confidence and shall not be disclosed in any manner, in any form, to any person, entity, or judicial tribunal other than:

    a. This Court or a court with appellate jurisdiction;

    b. Counsel for the parties retained in or working on this Action, including co-counsel and in-house counsel;

    c. Stenographic reporters engaged in such proceedings as are necessarily incident to the preparation or trial of this Action;

    d. Experts and consultants, as defined in Section II-9 of the SPO;

    e. Professional Vendors, as defined in Section II-11 of the SPO;

    f. The United States Government, to the extent deemed necessary by counsel for a party for the prosecution, defense, or settlement of this Action pursuant to 31 U.S.C. 3730;

    g. Any arbitrator, mediator, or case evaluator; and

    h. By order of any Court of competent jurisdiction."

4. All documents, pleadings, or transcripts of deposition testimony filed in this litigation, or any appeal of this litigation, that contain or disclose the contents of the Confidential-AEO Information, shall be submitted under seal pursuant to Local Rule 79-5 governing confidential court records.

5. At the conclusion of this litigation, including any appeal taken therefrom, all originals or reproductions of DOJ's Confidential-AEO Information shall be returned to counsel for DOJ within 30 days of the deadline to appeal the termination of the action to the extent an appeal is not effectuated ("the termination of the action"). This shall not include documents that (1) have been filed with the Court; or (2) contain notations of counsel or experts/consultants, in which case they are to be destroyed within 30 days of the termination of the action.

6. Upon completion of this action, including any appeal taken therefrom, counsel for the Plaintiff and Defendant shall certify to this Court that they have irretrievably destroyed all documents which contain DOJ's Confidential-AEO Information. They shall further certify that they have destroyed all copies and/or duplicates, as defined by Rule 1001(4) of the Federal Rules of Evidence, they have made of such documents or documents containing the DOJ's Confidential-AEO Information.

7. This Modified Stipulated Protective Order is not intended to compromise the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or any other governing authority nor is it intended to alter any burden of proof regarding any assertion of privilege in this matter.

8. Nothing in this Modified Stipulated Protective Order shall prohibit a party or DOJ from seeking further protection of the Confidential-AEO Information by stipulation among the parties, approved by the Court, or by application to the Court directly.

9. DOJ, which includes the United States Attorney's Office and its officers, agents, employees, or attorneys, shall not bear any responsibility or liability for any disclosure of any information obtained by the parties under this Modified Stipulation for a Protective Order, or of any information contained in such documents.

10. This Modified Stipulated Protective Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable or admissible and does not constitute any ruling on any potential objection.

1  Other than explicitly set forth herein, this Modified Stipulated Protective Order does not
2  apply to any information or documents subject to a claim of privilege or other basis of
3  exclusion.  In addition, this Modified Stipulated Protective Order shall not serve as
4  precedent for adopting any procedure with respect to the disclosure of any such other
5  information.

6         11.    **Disclosure of "CONFIDENTIAL" Information to Federal Agencies and
7  Departments:**  Nothing contained in this Modified Protective Order shall prevent or in
8  any way limit or impair the right of the United States to disclose to any agency or
9  department of the United States, or any division of any such agency or department,
10 confidential information relating to any potential violation of law or regulation, or
11 relating to any matter within that agency's jurisdiction, nor shall anything contained in
12 this Modified Protective Order prevent or in any way limit or impair the use of any such
13 confidential information by an agency in any proceeding relating to any potential
14 violation of law or regulation, or relating to any matter within that agency's jurisdiction;
15 provided, however, that the agency shall maintain the confidentiality of any confidential
16 information consistent with the terms of this Modified Protective Order.

17        12.    Further, nothing contained in this Modified Protective Order shall prevent
18 or in any way limit or impair the right of the United States to provide any document or
19 information to the Congress pursuant to a Congressional request; provided, however, that
20 the United States shall notify the Congressional entity requesting the documents that the
21 confidential information has been produced pursuant to this Modified Protective Order
22 and shall, if there are no objections interposed by the Congressional entity requesting the
23 documents, use reasonable efforts to notify the Designating Party of the Congressional
24 entity's request and the United States' response thereto.

25        13.    Further, nothing contained in this Modified Protective Order shall prevent
26 or in any way limit or impair the right of the United States to maintain Confidential
27 Information in a centralized records unit or to maintain archival materials in the United
28

States Archives.  Any such records that contain or constitute Protected Material shall, however, remain subject to this Modified Protective Order.

14. All other provisions of the parties' November 19, 2019 SPO (Dkt. 114) shall remain in effect.

IT IS SO ORDERED.

Dated:  11/25/20           /S/ Jean P. Rosenbluth
                       UNITED STATES MAGISTRATE JUDGE