TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
ABRAHAM C. MELTZER
Assistant United States Attorney
Chief, Civil Fraud Section
LISA A. PALOMBO
Assistant United States Attorney
California State Bar No. 169119
    Room 7516, Federal Building
    300 N. Los Angeles Street
    Los Angeles, California 90012
    Tel: (213) 894-4042
    Fax: (213) 894-7819
    Email: Lisa.Palombo@usdoj.gov
Attorneys for the
United States of America

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MALOU TUTANES-LUSTER,<br><br>Plaintiff,<br><br>v.<br><br>BROKER SOLUTIONS, INC. d/b/a NEW AMERICAN FUNDING,<br><br>Defendant. | No. CV 19-01630 PSG (JPRx)<br><br>MODIFIED STIPULATED PROTECTIVE ORDER<br><br>[FILED HEREWITH: STIPULATION RE [PROPOSED] MODIFIED STIPULATED PROTECTIVE ORDER]<br><br>Magistrate Judge:<br>Hon. Jean P. Rosenbluth |

**RECITALS**

On November 19, 2019 (Dkt. 114) this Court entered the parties Stipulated Protective Order ("SPO"), which was modified on November 25, 2020 (Dkt. No. 130). Paragraph 7 of the SPO provides that "it may be modified by a Stipulated Order by the parties or by the Court for good cause shown."

Paragraph 4 the SPO defines "Confidential Information" as "non-public, confidential, proprietary, or commercially-sensitive information; non-public personally identifiable information related to borrowers and/or consumers (such as individuals' Social Security numbers, credit card and bank account numbers); and/or documents or data which may constitute "consumer reports," as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq.; as well as information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)."

The definition of "Confidential Information" in the SPO does not allow the United States Department of Veterans Affairs ("VA"), a non-party to this action, to protect and produce documents responsive to subpoenas issued by the Defendant because the definition does not encompass information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information that is linked or linkable to a specific individual. Additionally, a court order is required before VA is authorized to produce the documents at issue. *See* 5 U.S.C. § 552a(b)(11), 38 U.S.C. § 5701(b)(2), and 38 C.F.R. § 1.511(b).

Therefore, the parties hereto agree that the Court should modify the existing SPO to permit VA to produce, subject to an appropriate court order, documents responsive to Defendant's three duplicate subpoenas that contain Personal Identifying Information ("PII") such as veteran addresses and loan numbers. These documents are contained in a system of records protected from disclosure under the Privacy Act, 5 U.S.C. § 552a, and are also protected by VA's confidentiality statute, 38 U.S.C. § 5701, and regulation, 38 C.F.R. § 1.511.

**ORDER**

IT IS HEREBY ORDERED:

1. Paragraph 4 of the SPO, which defines "Confidential Information", shall be modified to include "Protected Information" in the definition of "Confidential Information" and specifically to include the following language: Any information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information that is linked or linkable to a specific individual.

2. All documents, pleadings, or transcripts of deposition testimony filed in this litigation or any appeal of this litigation, that contain, or disclose the contents of the Confidential Information shall be submitted under seal pursuant to Local Rule 79-5 governing confidential court records.

3. At the conclusion of this litigation, including the deadline to appeal the termination of the action to the extent an appeal is not effectuated, all originals or reproductions of VA's Confidential Information shall be destroyed or returned to counsel for VA within 30 days of the termination of the action. Notwithstanding this language, this shall not include documents (1) that have been filed with the Court; (2) that contain notations of counsel or experts/consultants, in which case they are to be destroyed within 30 days of the termination of the action; or (3) documents contained in counsel's email and word processing systems, but the confidentiality of these documents must be maintained. When the VA's Confidential Information is destroyed the Receiving Party will certify in writing to the VA that they have so destroyed such documents.

4. Upon completion of this action, including the deadline to appeal the termination of the action to the extent an appeal is not effectuated, counsel for the Plaintiff and Defendant shall certify to this Court that they have irretrievably destroyed all documents which contain VA's Confidential Information. They shall further certify that they have destroyed all copies and/or duplicates, as defined by Rule 1001(4) of the

Federal Rules of Evidence, they have made of such documents or documents containing VA's Confidential Information.

5. This Modified Stipulated Protective Order is not intended to compromise the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or any other governing authority nor is it intended to alter any burden of proof regarding any assertion of privilege in this matter.

6. Nothing in this Modified Stipulated Protective Order shall prohibit a party or VA from seeking further protection of the Confidential Information by stipulation among the parties, approved by the Court, or by application to the Court directly.

7. This Modified Stipulated Protective Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable or admissible and does not constitute any ruling on any potential objection. Other than explicitly set forth herein this Modified Stipulated Protective Order does not apply to any information or documents subject to a claim of privilege or other basis of exclusion, and this Modified Stipulated Protective Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information.

8. All other provisions of the parties' November 19, 2019 SPO (Dkt. 114) shall remain in effect.

9. VA shall designate relevant documents that contain Confidential Information as "Confidential" pursuant to this Modified Stipulated Protective Order and produce them forthwith.

IT IS SO ORDERED.

Dated: January 21, 2021

_____
UNITED STATES MAGISTRATE JUDGE