# **EXHIBIT 1**

| From: | Laina Herbert |
|-------|---------------|
| Sent: | Tuesday, September 21, 2021 5:05 PM |
| To: | 'Timothy Ofak' |
| Cc: | Daniel Berger; Kyle McGee; Caitlin Moyna; 'bcutter@cutterlaw.com'; 'jparker@cutterlaw.com'; 'nthomas@theemploymentattorneys.com'; 'jferris@theemploymentattorneys.com'; 'mlingle@theemploymentattorneys.com'; Mitch Kider; Joel Schiffman; Jeffrey Blackwood; Joshua Abel; evan@abelattorneys.com; jrosenthal@mhlawcorp.com |
| Subject: | RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - Relator's Second Supplemental Responses and Objections to NAF's Second Set of Interrogatories to Relator, and Verifications [IWOV-LEGAL.FID314664] |

Tim,

The basis for the application for expedited treatment of Relator's motion is that if the standard briefing schedule is observed, the motion to extend the schedule would be heard at the earliest on October 22, 2021, after the majority of the depositions have taken place. This would deprive Relator of the relief she seeks in the motion, which is to have the benefit of full production and review of documents prior to taking depositions.

Relator's proposed briefing schedule is for NAF to submit an opposition brief by September 24, 2021, and for Relator to reply on September 27, 2021.

We can confirm that we have "discussed thoroughly . . . the substance of the contemplated motion" to extend the schedule during our meet-and-confer on September 16."

Regards, Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

**From:** Timothy Ofak <ofak@thewbkfirm.com>
**Sent:** Tuesday, September 21, 2021 4:14 PM
**To:** Laina Herbert <lherbert@gelaw.com>

**Cc:** Daniel Berger <dberger@gelaw.com>; Kyle McGee <kmcgee@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>;
'bcutter@cutterlaw.com' <bcutter@cutterlaw.com>; 'jparker@cutterlaw.com' <jparker@cutterlaw.com>;
'nthomas@theemploymentattorneys.com' <nthomas@theemploymentattorneys.com>;
'jferris@theemploymentattorneys.com' <jferris@theemploymentattorneys.com>;
'mlingle@theemploymentattorneys.com' <mlingle@theemploymentattorneys.com>; Mitch Kider
<Kider@thewbkfirm.com>; Joel Schiffman <Schiffman@thewbkfirm.com>; Jeffrey Blackwood
<Blackwood@thewbkfirm.com>; Joshua Abel <Josh@abelattorneys.com>; evan@abelattorneys.com;
jrosenthal@mhlawcorp.com
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - Relator's Second Supplemental Responses and
Objections to NAF's Second Set of Interrogatories to Relator, and Verifications [IWOV-LEGAL.FID314664]

Laina,

Regarding the *ex parte* application, Relator has failed to explain the substance of the proposed
application in accordance with the local rules and Judge Gutierrez's rules concerning such
applications.  For instance, Relator has not explained the basis for the application, nor has she
provided her proposed briefing schedule.  Please provide this information in accordance with the
rules and we will provide you with NAF's position by noon eastern time tomorrow, September 22,
2021.

Regarding Relator's forthcoming motion to modify the scheduling order, please confirm that Relator
has "discussed thoroughly . . . the substance of the contemplated motion" during our meet-and-
confer on September 16 in accordance with Local Rule 7-3.  If that is the case, then NAF intends to
oppose the motion.

Thank you,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW  5th Floor
Washington DC  20036
office:  202 628 2000
direct:  202 557 3517
facsimile:  202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

---

**From:** Laina Herbert [mailto:lherbert@gelaw.com]
**Sent:** Tuesday, September 21, 2021 9:12 AM
**To:** Timothy Ofak <ofak@thewbkfirm.com>
**Cc:** Daniel Berger <dberger@gelaw.com>; Kyle McGee <kmcgee@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>;
'bcutter@cutterlaw.com' <bcutter@cutterlaw.com>; 'jparker@cutterlaw.com' <jparker@cutterlaw.com>;
'nthomas@theemploymentattorneys.com' <nthomas@theemploymentattorneys.com>;
'jferris@theemploymentattorneys.com' <jferris@theemploymentattorneys.com>;
'mlingle@theemploymentattorneys.com' <mlingle@theemploymentattorneys.com>; Mitch Kider
<Kider@thewbkfirm.com>; Joel Schiffman <Schiffman@thewbkfirm.com>; Jeffrey Blackwood
<Blackwood@thewbkfirm.com>; Joshua Abel <Josh@abelattorneys.com>; evan@abelattorneys.com;
jrosenthal@mhlawcorp.com

**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - Relator's Second Supplemental Responses and Objections to NAF's Second Set of Interrogatories to Relator, and Verifications [IWOV-LEGAL.FID314664]

Tim,

Following up on Caitlin's email below, we also plan to file an *ex parte* application for an order modifying and shortening the briefing and hearing schedule for Relator's motion to modify the scheduling order and continue the trial and related dates. Please let us know NAF's position on both the *ex parte* application and Relator's motion by the close of business today.

Regards, Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

---

**From:** Caitlin Moyna
**Sent:** Monday, September 20, 2021 6:45 PM
**To:** Timothy Ofak <ofak@thewbkfirm.com>; Laina Herbert <lherbert@gelaw.com>
**Cc:** Daniel Berger <dberger@gelaw.com>; Kyle McGee <kmcgee@gelaw.com>; 'bcutter@cutterlaw.com' <bcutter@cutterlaw.com>; 'jparker@cutterlaw.com' <jparker@cutterlaw.com>; 'nthomas@theemploymentattorneys.com' <nthomas@theemploymentattorneys.com>; 'jferris@theemploymentattorneys.com' <jferris@theemploymentattorneys.com>; 'mlingle@theemploymentattorneys.com' <mlingle@theemploymentattorneys.com>; Mitch Kider <Kider@thewbkfirm.com>; Joel Schiffman <Schiffman@thewbkfirm.com>; Jeffrey Blackwood <Blackwood@thewbkfirm.com>; Joshua Abel <Josh@abelattorneys.com>; evan@abelattorneys.com; jrosenthal@mhlawcorp.com
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - Relator's Second Supplemental Responses and Objections to NAF's Second Set of Interrogatories to Relator, and Verifications [IWOV-LEGAL.FID314664]

Dear Tim,

We expect to be able to serve updated responses and objections to NAF's second set of interrogatories tomorrow, based on the information that Relator has as of now.  NAF's third set of interrogatories are indisputably contention interrogatories, and Relator expects to be able to provide responses near the completion of fact discovery, as she will need to incorporate remaining discovery into her responses.  With regard to NAF's claim of privilege, simply identifying that the privilege is promulgated by the OCC is insufficient.  Relator needs to know the specific rule in order to evaluate the privilege claim.

In addition, we write to follow up on our conversation of September 16, 2021.  In light of your refusal to agree to our requested extension of the discovery schedule as discussed on Thursday, we want to alert you that we will be moving the Court for such extension tomorrow.

Further, to the extent that any depositions remain on the calendar in September and October, due to ongoing concerns about Covid-19 and the Delta variant, and particularly in light of high infection rates in Southern California, we do not think it is prudent to go ahead with the depositions in person, and will be switching them to remote depositions.  We will serve amended notices as soon as we are able.

Finally, we initially requested to take Rick Arvielo's deposition towards the end of the deposition schedule, and given that depositions will now be remote, we request that you provide alternative dates for his deposition during the weeks of October 18 and 25.  We expect Mr. Arvielo to have more flexibility in his schedule for a remote deposition.

Best regards,
Caitlin

Caitlin M. Moyna, Esq.
Grant & Eisenhofer, P.A.
485 Lexington Avenue
New York, NY  10017
(646) 722-8513

---

**From:** Timothy Ofak <ofak@thewbkfirm.com>
**Sent:** Monday, September 20, 2021 1:11 PM
**To:** Laina Herbert <lherbert@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>
**Cc:** Daniel Berger <dberger@gelaw.com>; Kyle McGee <kmcgee@gelaw.com>; 'bcutter@cutterlaw.com' <bcutter@cutterlaw.com>; 'jparker@cutterlaw.com' <jparker@cutterlaw.com>; 'nthomas@theemploymentattorneys.com' <nthomas@theemploymentattorneys.com>; 'jferris@theemploymentattorneys.com' <jferris@theemploymentattorneys.com>; 'mlingle@theemploymentattorneys.com' <mlingle@theemploymentattorneys.com>; Mitch Kider <Kider@thewbkfirm.com>; Joel Schiffman <Schiffman@thewbkfirm.com>; Jeffrey Blackwood <Blackwood@thewbkfirm.com>; Joshua Abel <Josh@abelattorneys.com>; evan@abelattorneys.com; jrosenthal@mhlawcorp.com
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - Relator's Second Supplemental Responses and Objections to NAF's Second Set of Interrogatories to Relator, and Verifications [IWOV-LEGAL.FID314664]

Counsel,

I am following up on your August 30, 2021, email in which Relator agreed to provide supplemental interrogatory responses to NAF's second set of interrogatories by last Friday, September 17.  However, we did not receive the supplemental response.  Please provide us with an update.  We have tried to worked with Relator's counsel regarding the timing of her supplements, but we are concerned by Relator's failure to meaningfully respond in a timely manner to NAF's second set of interrogatories, which were served on February 26, 2021.

Second, you indicated during the September 10, 2021, meet-and-confer that you would let us know when Relator would respond to NAF's third set of interrogatories last week.  However, we did not receive an update.  Please provide us with one.  Again, we have tried to worked with Relator's counsel regarding the timing of her responses, but we are concerned by Relator's failure to meaningfully respond in a timely manner to NAF's third set of interrogatories, which were served on May 26, 2021.

Finally, during the September 9, 2021, meet-and-confer in connection with Relator's August 30, 2021, letter regarding NAF's privilege logs, NAF indicated that the privilege discussed in connection with category 1 was promulgated by the OCC.  Please let us know if this satisfies Relator's concern regarding this category.

Thank you,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW  5th Floor
Washington DC  20036
office:  202 628 2000
direct:  202 557 3517
facsimile:  202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

---

**From:** Laina Herbert [mailto:lherbert@gelaw.com]
**Sent:** Monday, August 30, 2021 2:01 PM
**To:** Timothy Ofak <ofak@thewbkfirm.com>; Mitch Kider <Kider@thewbkfirm.com>; Joel Schiffman <Schiffman@thewbkfirm.com>; Jeffrey Blackwood <Blackwood@thewbkfirm.com>; Joshua Abel <Josh@abelattorneys.com>; evan@abelattorneys.com; jrosenthal@mhlawcorp.com
**Cc:** Daniel Berger <dberger@gelaw.com>; Kyle McGee <kmcgee@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; 'bcutter@cutterlaw.com' <bcutter@cutterlaw.com>; 'jparker@cutterlaw.com' <jparker@cutterlaw.com>; 'nthomas@theemploymentattorneys.com' <nthomas@theemploymentattorneys.com>; 'jferris@theemploymentattorneys.com' <jferris@theemploymentattorneys.com>; 'mlingle@theemploymentattorneys.com' <mlingle@theemploymentattorneys.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - Relator's Second Supplemental Responses and Objections to NAF's Second Set of Interrogatories to Relator, and Verifications [IWOV-LEGAL.FID314664]

Tim:

Following up on our August 20, 2021 meet and confer, Relator has considered NAF's request to supplement her Second Supplemental Response and Objections to Interrogatory Nos. 5-7, and agrees to do so by September 17, 2021.

In response to your inquiry regarding whether any responsive materials had been located in response to Request for Production No. 11, Thomas & Solomon conducted a diligent search, but did not find any responsive materials.

During the August 20th meet and confer, NAF agreed to withdraw Interrogatory Nos. 8c, 11c, 12c, 12d, 13d, 14d, 15c, 17b and 18.  Relator agrees that with these interrogatories withdrawn, NAF is now within the 25 interrogatory limit.

Regards, Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

**From:** Laina Herbert
**Sent:** Thursday, August 19, 2021 4:20 PM
**To:** 'Timothy Ofak' <ofak@thewbkfirm.com>; Mitch Kider <Kider@thewbkfirm.com>; Joel Schiffman <Schiffman@thewbkfirm.com>; Jeffrey Blackwood <Blackwood@thewbkfirm.com>; Joshua Abel <Josh@abelattorneys.com>; evan@abelattorneys.com; jrosenthal@mhlawcorp.com
**Cc:** Daniel Berger <dberger@gelaw.com>; Kyle McGee <kmcgee@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; 'bcutter@cutterlaw.com' <bcutter@cutterlaw.com>; 'jparker@cutterlaw.com' <jparker@cutterlaw.com>; 'nthomas@theemploymentattorneys.com' <nthomas@theemploymentattorneys.com>; 'jferris@theemploymentattorneys.com' <jferris@theemploymentattorneys.com>; 'mlingle@theemploymentattorneys.com' <mlingle@theemploymentattorneys.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - Relator's Second Supplemental Responses and Objections to NAF's Second Set of Interrogatories to Relator, and Verifications [IWOV-LEGAL.FID314664]

Counsel,

Please see the attached letter.

Thanks, Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

**From:** Timothy Ofak <ofak@thewbkfirm.com>
**Sent:** Thursday, August 12, 2021 8:05 PM

**To:** Laina Herbert <lherbert@gelaw.com>; Daniel Berger <dberger@gelaw.com>; Kyle McGee <kmcgee@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>
**Cc:** 'bcutter@cutterlaw.com' <bcutter@cutterlaw.com>; 'jparker@cutterlaw.com' <jparker@cutterlaw.com>; 'nthomas@theemploymentattorneys.com' <nthomas@theemploymentattorneys.com>; 'jferris@theemploymentattorneys.com' <jferris@theemploymentattorneys.com>; 'mlingle@theemploymentattorneys.com' <mlingle@theemploymentattorneys.com>; Mitch Kider <Kider@thewbkfirm.com>; Joel Schiffman <Schiffman@thewbkfirm.com>; Jeffrey Blackwood <Blackwood@thewbkfirm.com>; Joshua Abel <Josh@abelattorneys.com>; evan@abelattorneys.com; jrosenthal@mhlawcorp.com
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - Relator's Second Supplemental Responses and Objections to NAF's Second Set of Interrogatories to Relator, and Verifications [IWOV-LEGAL.FID314664]

Counsel:

Attached please find a deficiency letter which addresses Relator Malou Tutanes-Luster's supplemental responses to NAF's Second Set of Interrogatories.  Please let us know what days you are available within the next 10 days to meet and confer about these issues, pursuant to L.R. 37-1.  We propose Wednesday, August 18, at 2:00 pm.

During the call we can also have a follow-up discussion regarding Relator's objections to NAF's Third Set of Interrogatories.

Thank you,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW  5th Floor
Washington DC  20036
office:  202 628 2000
direct:  202 557 3517
facsimile:  202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

---

**From:** Laina Herbert [mailto:lherbert@gelaw.com]
**Sent:** Friday, July 9, 2021 3:00 PM
**To:** Mitch Kider <Kider@thewbkfirm.com>; Joel Schiffman <Schiffman@thewbkfirm.com>; Timothy Ofak <ofak@thewbkfirm.com>; Jeffrey Blackwood <Blackwood@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Joshua Abel <Josh@abelattorneys.com>; evan@abelattorneys.com; jrosenthal@mhlawcorp.com
**Cc:** Daniel Berger <dberger@gelaw.com>; Kyle McGee <kmcgee@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; 'bcutter@cutterlaw.com' <bcutter@cutterlaw.com>; 'jparker@cutterlaw.com' <jparker@cutterlaw.com>; 'nthomas@theemploymentattorneys.com' <nthomas@theemploymentattorneys.com>; 'jferris@theemploymentattorneys.com' <jferris@theemploymentattorneys.com>; 'mlingle@theemploymentattorneys.com' <mlingle@theemploymentattorneys.com>
**Subject:** US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - Relator's Second Supplemental Responses and Objections to NAF's Second Set of Interrogatories to Relator, and Verifications [IWOV-LEGAL.FID314664]

Counsel,

Attached are the following documents:

1. Relator's Second Supplemental Responses and Objections to NAF's Second Set of Interrogatories with Certificate of Service;
2. Exhibit 1 to Relator's Second Supplemental Responses and Objections to NAF's Second Set of Interrogatories;
3. Relator's Verification to Relator's First Supplemental Responses and Objections to NAF's Second Set of Interrogatories; and
4. Relator's Verification to Relator's Second Supplemental Responses and Objections to NAF's Second Set of Interrogatories.

Thanks, Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

# **EXHIBIT 2**

Daniel L. Berger (to be admitted *pro hac vice*)
Kyle J. McGee (*pro hac vice*)
Laina Herbert (*pro hac vice*)
GRANT & EISENHOFER P.A.
123 Justison Street
Wilmington, Delaware 19801
Tel: 302-622-7000

J. Nelson Thomas (*pro hac vice*)
Jonathan W. Ferris (*pro hac vice*)
Michael J. Lingle (*pro hac vice*)
Annette M. Gifford (270777)
THOMAS & SOLOMON LLP
693 East Avenue
Rochester, New York 14607
Tel: 585-272-0540

C. Brooks Cutter (121407)
John R. Parker, Jr. (257761)
CUTTER LAW PC
401 Watt Avenue
Sacramento, California 95864
Tel: 916-290-9400

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, ex rel. MALOU TUTANES-LUSTER,

        Plaintiff,

    v.

BROKER SOLUTIONS, INC. d/b/a NEW AMERICAN FUNDING,

        Defendant.

Case No. 2:19-cv-01630-PSG-JPR

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

      Plaintiff Malou Tutanes-Luster, by and through her undersigned counsel and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby requests that Defendant Broker Solutions, Inc. d/b/a New American Funding ("NAF") produce and permit the undersigned to inspect and copy the documents described herein. The documents shall be produced at the offices of Cutter Law PC, 401 West Avenue, Sacramento, CA 95864 within thirty (30) days of service, or at a time and place agreed to by the parties.

**DEFINITIONS**

Unless otherwise indicated, capitalized terms have the meaning ascribed to them in the First Amended *Qui Tam* Complaint and Demand for a Jury Trial in this Action.

1.     "Action" means the action currently pending in the United States District Court for the Central District of California captioned *United States of America ex rel. Malou Tutanes-Luster v. Broker Solutions, Inc. d/b/a New American Funding,* Case No. 2:19-cv-01630-PSG-JPR.

2.     "Document" and "Documents" means "document" and "documents" as those terms are defined and used in Rules 26 and 34 of the Federal Rules of Civil Procedure.

3.     "Concerning" means relating to, referring to, describing, evidencing, or constituting.   Requests for documents concerning any subject matter include documents concerning communications regarding that subject matter.

4.     "NAF" and the "Company" refer to Defendant Broker Solutions, Inc. d/b/a New American Funding, any of its subsidiaries, divisions or affiliates, predecessors, successors and any present and former officers, directors, employees, agents or members of the Board of Directors of the Company, its attorneys, accountants, advisors and all other persons acting or purporting to act on its behalf.

5.     "You," "your" and "yours" means NAF, those answering these Requests on NAF's behalf and all other persons purporting to act on NAF's behalf.

**INSTRUCTIONS**

The following instruction shall apply to the document requests ("Requests") contained herein.

1.     Responsive electronically stored information ("ESI") should be produced in single-page Black & White Group IV TIFF images, at least 300 dpi (dots per inch). Spreadsheets and charts should be produced in native format.  Documents produced in

native format should be named according to the unique Bates number and a placeholder should be produced in TIFF format to facilitate database referencing. Placeholders should have necessary Bates and confidentiality stamps. Extracted text should be provided as a document level text file, the filename itself should match its corresponding TIFF filename. For paper documents, ESI from which text cannot be extracted or redacted documents, OCR should be provided instead. All productions should include data and image load files. Data load files should be a Concordance delimited text file (.dat) using the following delimiters, ¶ (20) = Comma Delimiter, þ (254) = Quote Delimiter, ® (174) = Newline Delimiter. The first line must contain the column/field names. Every row must have the same number of columns/fields, empty values are acceptable. The image load file should be provided in Ipro (LFP) or Opticon (OPT) format with the relative path to image files. Your production of electronically stored Documents or Communications must include, at a minimum, sufficient metadata to convey where items begin and end (including attachments), the original file name and location, and the original timestamps and attributes, including but not limited to, the following metadata fields: "BEGBATES," "ENDBATES," "BEGATTACH," "ENDATTACH, "to," "from," "cc," "bcc," "subject," "custodian," "date and time sent," "date and time received," "creation date and time," "date last modified," "document type", "author", "original file location", "native file path," and "MD5HASH." Timestamp metadata should reflect the time of the time zone of the custodian from whom the Document or Communication was collected. In the event Plaintiff agrees that search terms may be used to collect any portion of the Documents or Communications, You must run an OCR protocol before searching and collecting from any location containing Documents or Communications without renderable text that may not be text-searchable (*e.g.*, non-OCR'ed PDF files).

**RELEVANT TIME PERIOD**

Unless otherwise specified, all requests herein refer to the period of January 1, 2011 to the present (the "Relevant Time Period") and include all Documents and information related to that period, even though prepared or published outside of that period.

**DOCUMENT REQUESTS**

**REQUEST NO. 1:** All certifications You made to the FHA to participate in the DE Program, including Your: (a) initial certifications; (b) annual certifications; and (c) each separate certification submitted to the Government for each individual loan that You endorsed for Government insurance ("loan-level certifications").

**REQUEST NO. 2:** All certifications You made to the VA in order to participate in the VA Program, including Your: (a) initial certifications, including but not limited to Your Form 26-8736; (b) annual certifications; and (c) loan-level certifications, including but not limited to Your VA Forms 26-1820.

**REQUEST NO. 3:** All Communications concerning any certifications you made to the FHA and/or the VA in order to participate in the Government Programs, including Your: (a) initial certifications; (b) annual certifications; and (c) loan-level certifications

**REQUEST NO. 4:** All Communications with the FHA concerning the DE Program.

**REQUEST NO. 5:**      All Communications with the VA concerning the VA Program.

**REQUEST NO. 6:**      Your complete underwriting files for all loans submitted to the FHA under the DE Program.

**REQUEST NO. 7:**      Your complete underwriting files for all loans submitted to the VA under the VA Program.

**REQUEST NO. 8:**      All Government loan files reviewed by Plaintiff that were endorsed to the Government.

**REQUEST NO. 9:**      Data sufficient to show and identify every Government loan that You submitted to the FHA and/or the VA that defaulted.

**REQUEST NO. 10:**      All Communications concerning any Government loan that You submitted to the FHA and/or the VA that defaulted.

**REQUEST NO. 11:**      All claims or requests for payment made to the Government on any loan originated by NAF under the Government Programs, whether made by You or by any third-party that subsequently acquired the loan after You sold it, as a result of defaulted FHA loans or VA loans that You originated and endorsed.

**REQUEST NO. 12:**      Documents reflecting all payments You received from the FHA.

**REQUEST NO. 13:**      Documents reflecting all payments You received from the VA.

**REQUEST NO. 14:**     All Documents concerning each and every loan You sold after origination, including but not limited to any Documents reflecting or memorializing the transfer or sale of any interest in such loans.

**REQUEST NO. 15:**     Documents reflecting each and every loan You endorsed under the Government Programs that has defaulted resulting in claims made on the Government.

**REQUEST NO. 16:**     Documents reflecting the total number of claims made on the Government as a result of loans NAF endorsed under the Government Programs defaulting.

**REQUEST NO. 17:**     All training materials created or used by You to train employees in the areas of underwriting, origination, endorsement, and quality control of loans originated under the Government Programs, regardless of whether such employees held positions in underwriting, origination, endorsement, or quality control, or other functions, within NAF.

**A.     COMMISSION-BASED COMPENSATION POLICY**.

**REQUEST NO. 18:**     All Documents concerning or discussing any commission-based compensation policies and/or practices, including but not limited Documents concerning and/or discussing the amounts of any bonuses or other compensation You paid to any employee in connection with the quantity of loan files approved for submission or endorsement to the Government.

**REQUEST NO. 19:**     All Documents concerning commissions or bonuses or other compensation paid to NAF employees performing underwriting functions in connection with Government loans (regardless of whether such employees were employed as underwriters), including but not limited to: (a) the complete underwriting files for which the commission(s) and/or bonus(es) were paid; (b) Documents identifying: (i)  each employee performing underwriting services to whom You paid commission(s) and/or bonus(es); and (ii) the amount(s) of such commission(s) and/or bonus(es) paid.

**B.     MANAGEMENT EXCEPTION POLICY.**

**REQUEST NO. 20:**     All Documents concerning or discussing Your management exception and/or management override policies and/or practices, as alleged in Paragraphs 22(b), 237, 234-217 of the Amended Complaint.

**REQUEST NO. 21:**     All Documents discussing the circumstances under which NAF management would permit loans to be endorsed even if they did not meet the Government Programs' requirements.

**REQUEST NO. 22:**     All Documents discussing NAF employees (including management employees) overriding adverse underwriting decisions and/or unfavorable credit decisions on Government loans that did not meet the Government Programs' requirements.

**REQUEST NO. 23:**     Documents sufficient to show and identify each and every Government loan that NAF employees (including management employees) approved that did not meet the Government Programs' requirements.

**REQUEST NO. 24:**     Documents concerning or discussing lists publicizing the number of loan files Processing Managers and/or their employees approved each month.

**REQUEST NO. 25:**     All Documents concerning Government loan files that did not meet the Government Programs' requirement that You endorsed to the Government through the management override process, including the underlying loan files.

**REQUEST NO. 26:**     All Documents concerning or discussing Your employees' attempts to avoid initial rejections by underwriting and subsequent appeals by loan officers of non-qualifying loan files.

**REQUEST NO. 27:**     All Documents concerning or discussing the approval of loan files that did not meet the Government Programs' underwriting guidelines or the Government Programs' requirements.

**REQUEST NO. 28:**     All performance reviews for: (a) Loan Officer Managers and (b) Processing Managers, including Kevin English and Michael Garcia.

**C.     VALUE APPEALS**

**REQUEST NO. 29:**     All Documents concerning Your internal property appraisal policies.

**REQUEST NO. 30:**   All Documents concerning or referring to NAF or its employees taking any steps to increase or modify the appraised value of properties, including by making "value appeals" to appraisers or interfering in any way with the work of appraisers, and the corresponding appraisals.

**REQUEST NO. 31:**   All Documents concerning NAF loan officers and/or their assistants' communications with appraisers (or the employer(s) of such appraisers) who were performing the appraisals necessary for Government loans.

**REQUEST NO. 32:**   All Documents concerning actual or potential commissions, bonuses, or other compensation paid or made available to loan officers in connection with appraisal values obtained.

**REQUEST NO. 33:**   All Documents concerning loan officers physically attending appraisals or otherwise being present at the property at the same time as the appraiser, and the corresponding appraisals.

**REQUEST NO. 34:**   All Documents concerning loan officers: (a) selecting appraisers; (b) commenting on appraiser's appraisals; and/or (c) criticizing appraisers and/or the outcome of appraisals.

**REQUEST NO. 35:**   All Documents concerning and/or reflecting comments recorded on NAF's appraisal vendor's website concerning appraisals and/or appraisers.

**REQUEST NO. 36:**   All Documents concerning and/or reflecting NAF personnel contacting appraisers (or their employer(s)) concerning the value of an appraisal.

**REQUEST NO. 37:**    All Documents concerning NAF loan officers using, or seeking to use, appraisers who would value the property at the levels the loan officers set for the value appeals.

**D.    MANIPULATING VARIABLES IN THE AUS/TOTAL SYSTEM TO ENDORSE FHA LOANS FOR UNQUALIFIED BUYERS.**

**REQUEST NO. 38:**    All Documents concerning Your policies and/or practices concerning the use of borrower data in the AUS/TOTAL system.

**REQUEST NO. 39:**    All Documents concerning or discussing Your employees' practices of modifying or manipulating variables in the AUS/TOTAL system after receiving a "refer/caution" rating to identify the variable(s) that would result in an "accept/approve" rating, as alleged in Paragraphs 22(d), 206(d), 347-365 of the Amended Complaint.

**REQUEST NO. 40:**    All Documents concerning or discussing Your employees' practices of reverse engineering loan approvals by modifying or manipulating the variable(s) in the AUS/TOTAL system after receiving a "refer/caution" rating to identify the variable(s) that would result in an "accept/approve" rating, as alleged in Paragraphs 361-363 of the Amended Complaint.

**REQUEST NO. 41:**    Internal File No. 120016109350, and all documents concerning or discussing this file.

**E.     INFLATING BORROWER INCOME.**

**REQUEST NO. 42:**     All Documents concerning Your policies and practices concerning calculating a borrower's income, bonuses and overtime earnings.

**REQUEST NO. 43:**     All Documents concerning or referring to NAF employees (including management employees) modifying or manipulating borrowers' overtime and/or bonus income figures to increase the likelihood of loan approval, including but not limited to: (a) using the borrower's present earnings as his/her "historical" earnings; (b) extrapolating the borrower's income for the following two years based on his/her current earnings, and all related loan files; (c) not properly averaging a borrower's bonus and overtime earnings over the required regulatory time period; (d) using the historical earnings, overtime, and year-end bonuses of tomato pickers in California; (e) using one-time bonuses as part of the borrower's earnings; and/or (f) using bonuses that had not yet been earned as part of the borrower's income, and the related loan files.

**REQUEST NO. 44:**     All Documents concerning using the borrower's "rolling 24 months" income, as alleged in the Amended Complaint, and the related loan files.

**F.     MINIMIZING BORROWER DEBT.**

**REQUEST NO. 45:**     Your policies and practices concerning the calculation of borrowers' total debt-to income ratio and borrowers' payment-to-income ratio.

**REQUEST NO. 46:** Internal File 137316088706, and all documents concerning or discussing this file.

**REQUEST NO. 47:** All Documents concerning NAF employees (including management employees) waiving borrowers' debt obligations that were required to be calculated in the debt-to-income ratios for Government loans.

**REQUEST NO. 48:** All Documents concerning NAF employees (including management employees) excluding known debts from borrowers' debt-to-income analyses.

**REQUEST NO. 49:** All Documents concerning or relating to borrowers' debt obligations that You waived when calculating debt-to-income ratios for Government loans, including but not limited to soft credit reports and/or documents reflecting borrowers' total monthly debt obligations.

**REQUEST NO. 50:** All Documents concerning debts You excluded from the calculation of the debt-to-income ratio on the basis that such debts were considered excludable contingent liabilities.

**REQUEST NO. 51:** FHA Loan No. 198-05858356-703, and all documents concerning or discussing this file.

**REQUEST NO. 52:** FHA File No. 1198-0870544-734, and all documents concerning or discussing this file.

## G.   QUALITY CONTROL DEFICIENCIES.

**REQUEST NO. 53:**     All Documents reflecting Your audit findings.

**REQUEST NO. 54:**     All Documents reflecting Your quality control mechanisms, processes, audits, practices and programs.

**REQUEST NO. 55:**     All Documents concerning or referring to NAF employees (including management employees) implementing a policy of withholding from the Government known underwriting deficiencies, inaccuracies, and errors in completed loan files subsequently discovered by Your quality control auditors.

**REQUEST NO. 56:**     All Documents concerning fraud and/or other underwriting deficiencies identified by Your quality control auditors, which were ignored by NAF.

**REQUEST NO. 57:**     All Documents concerning and/or discussing NAF: (a) ignoring audit results and/or findings; (b) acting as if Government loans did not have any deficiencies and/or (c) ignoring fraud and/or deficiencies You found in Your underwriting of Government loans.

**REQUEST NO. 58:**     All Documents concerning or discussing the consent judgments and/or stipulations of settlement with Government Lenders accused of violating critical underwriting criteria required by the HUD-FHA and/or the VA, including but not limited to: (a) Bank of America Corp., J.P. Morgan Chase & Co., Wells Fargo & Co., Citigroup Inc., and Ally Financial, Inc., on or around March 12, 2012; (b) General Electric, on or around April 12, 2019; (c) Wells Fargo Bank, N.A.,

on or around April 8, 2016; (d) SunTrust Mortgage, Inc., on or around September 30, 2014; (e) J.P. Morgan Chase Bank, N.A., on or around February 5, 2014; (f) Allquest Home Mortgage Corp., on or around September 29, 2017; (g) Flagstar Bank, F.S.B., on or around February 24, 2012; (h) M&T Bank, on or around May 9, 2016; (i) Finance of America Mortgage LLC, on or around December 11, 2018; and (j) TXL Mortgage Corp., on or around September 20, 2016.

**REQUEST NO. 59:**     All of Your annual and quarterly reports, financial reports, financial reports, and financial statements (audited and unaudited), including balance sheets, income statements, cash-flow statements, monthly reports and management reports and any analysis by You of any such financial statements.

**REQUEST NO. 60:**     Any Documents provided to actual or prospective investors, including but not limited to materials distributed during roadshows, and/or private placement memorandum and/or private equity memorandum.

**REQUEST NO. 61:**     All Documents concerning any insurance policy obtained for the benefit of NAF (or its officers or directors), which may provide full or partial coverage for any of the claims asserted in this Action.

**REQUEST NO. 62:**     Your Document retention policy.

**REQUEST NO. 63:**     All Documents concerning or referring to communications with any federal or state government entity or agent concerning Your compliance or lack thereof with HUD-FHA and/or VA regulations.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REQUEST NO. 64:** All Documents provided to any expert in connection with this Action.

**REQUEST NO. 65:** All documents You identified or referred to in Your responses to Plaintiff's First Set of Interrogatories to Defendant.

**REQUEST NO. 66:** All Documents You intend to introduce at trial or any hearing in this Action.

**REQUEST NO. 67:** All Documents You intend to rely upon in proving any affirmative defense in Your Answer to the Amended Complaint in this Action filed on July 22, 2019.

**REQUEST NO. 68:** Organizational charts of NAF showing all employees in Your underwriting, origination, endorsement and quality control departments, as well as their respective reports and supervisors.

Dated: July 24, 2019

**GRANT & EISENHOFER P.A.**

*/s/ Laina M. Herbert*
Daniel L. Berger (to be admitted *pro hac vice*)
Kyle J. McGee (*pro hac vice*)
Laina M. Herbert (*pro hac vice*)
123 Justison Street
Wilmington, DE  19801
Telephone:  (302) 622-7000
Emails: dberger@gelaw.com
        kmcgee@gelaw.com
        lherbert@gelaw.com

**CUTTER LAW PC**
C. Brooks Cutter (121407)
John R. Parker, Jr. (257761)
401 Watt Avenue
Sacramento, CA 95864
Telephone:  (916) 290-9400
Emails:  bcutter@cutterlaw.com
              jparker@cutterlaw.com

**THOMAS & SOLOMON LLP**
J. Nelson Thomas (*pro hac vice*)
Jonathan W. Ferris (*pro hac vice*)
Michael J. Lingle (*pro hac vice*)
Annette M. Gifford (270777)
693 East Avenue
Rochester, New York 14607
Telephone:  (585) 272-0540
Emails:
nthomas@theemploymentattorneys.com
jferris@theemploymentattorneys.com
mlingle@theemploymentattorneys.com
amgifford@gmail.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, Laina M. Herbert, hereby certify that on this 24th day of July 2019, a true and correct copy of **Plaintiff's First Request for Production of Documents to Defendant** was emailed to counsel of record for defendant at the email addresses below.

Michael H. Kider, Esquire
Joel A. Schiffman, Esquire
Timothy P. Ofak, Esquire
Lindsay L. Buchanan, Esquire
**Weiner Brodsky Kider PC**
1300 19th Street, NW Fifth Floor
Washington, DC 20036
kider@thewbkfirm.com
schiffman@thewbkfirm.com
ofak@thewbkfirm.com
buchanan@thewbkfirm.com

Joshua A. Rosenthal, Esquire
**Medlin & Hargrave, PC**
3562 Round Barn Circle, Suite 212
Santa Rosa, CA 95403
jrosenthal@mhlawcorp.com

_/s/ Laina M. Herbert_
Laina M. Herbert

# **EXHIBIT 3**

**Archived:** Monday, September 20, 2021 11:14:48 PM
**From:** Lindsay Buchanan
**Mail received time:** Fri, 5 Feb 2021 22:03:25
**Sent:** Sat, 6 Feb 2021 03:02:56
**To:** Kyle McGee  Caitlin Moyna  Laina Herbert
**Cc:** Daniel Berger  'bcutter@cutterlaw.com'  'jparker@cutterlaw.com'  'nthomas@theemploymentattorneys.com'  'jferris@theemploymentattorneys.com'  'mlingle@theemploymentattorneys.com'  'agifford@theemploymentattorneys.com'  Mitch Kider  Timothy Ofak  Joel Schiffman  Jeffrey Blackwood  Joshua Abel  evan@abelattorneys.com
**Subject:** US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - Email Production
**Importance:** Normal
**Sensitivity:** None
**Attachments:**
20210205_Ltr to Johnson re Production of Emails and Attachments.pdf

---

Kyle, Caitlin, and Laina --

Today, NAF is producing an external hard drive containing responsive emails and email attachments for the agreed-upon custodians and search terms. The drive was sent to the attention of Stephanie Johnson at the Grant & Eisenhofer Delaware office via Federal Express. It should arrive on Monday morning.

The password to access the hard drive █████████████

Attached, you will find a copy of our cover letter regarding this production. Please advise if you have any issues with accessing this production.

Regards,

**Lindsay Buchanan**

**Associate**

**Weiner Brodsky Kider PC**

1300 19th Street, NW, 5th Floor

Washington, DC 20036

office: 202-628-2000

direct: 202-557-3533

facsimile: 202-628-2011

buchanan@thewbkfirm.com

www.thewbkfirm.com

This electronic message contains information from the law firm of Weiner Brodsky Kider PC, which may be confidential or privileged. The information is intended to

be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this transmission in error, please notify us by telephone (202-628-2000) or by electronic mail berkoh@theWBKfirm.COM immediately. For more information about Weiner Brodsky Kider PC, please visit us at www.thewbkfirm.com

TAX ADVICE DISCLAIMER: Any federal tax advice contained in this communication (including attachments) was not intended or written to be used, and it cannot be used, by you for the purpose of (1) avoiding any penalty that may be imposed by the Internal Revenue Service or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.



February 5, 2021

**<u>VIA FEDERAL EXPRESS</u>**

Stephanie Johnson
Grant & Eisenhofer P.A.
123 Justison Street
Wilmington, Delaware, 19801

RE:   *United States ex rel. Malou Tutanes-Luster v. Broker Solutions, Inc., d/b/a New American Funding*, No. **2-19-cv-01630-PSG-JPR**

Stephanie:

In response to Relator's First Set of Requests for Production of Documents (RFPDs), NAF is producing today an external hard drive containing responsive emails and email attachments for the agreed-upon custodians and search terms.  These documents are produced subject to and without waiving NAF's previous Objections and Responses to Relator's RFPDs.

The documents in this production are labeled NAF_QUI TAM_0002007606 - NAF_QUI TAM_0009340223, and are stamped "CONFIDENTIAL" pursuant to the Stipulated Protective Order, Dkt. 114.  Due to the volume of documents produced, the production export has been split into five parts on the drive, and the parts are labeled NAF_QuiTam_PROD023_001 – NAF_QuiTam_PROD023_005.

The password for the drive will be transmitted to counsel for Relator in a separate email.

Please advise if you have any issues with accessing these documents.

Sincerely,

*/s/ Lindsay L. Buchanan*
Lindsay L. Buchanan



Enclosure

cc:  Kyle J. McGee (via email)
     Caitlin Moyna (via email)
     Laina M. Herbert (via email)

# **EXHIBIT 4**



March 31, 2021

**<u>VIA EMAIL</u>**
Kyle J. McGee
Caitlin Moyna
Laina M. Herbert
Grant & Eisenhofer P.A.
123 Justison Street
Wilmington, Delaware, 19801

RE:    *United States ex rel. Malou Tutanes-Luster v. Broker Solutions, Inc., d/b/a New American Funding*, No. 2-19-cv-01630-PSG-JPR

Kyle, Caitlin, and Laina:

NAF is producing today additional responsive documents. The documents being produced today have been separated into ten folders. We plan to provide a breakdown of the type of information contained in each folder later this week. All documents are being produced subject to and without waiving NAF's previous Objections and Responses to Relator's Requests for Production of Documents (RFPDs). This production completes NAF's document production in the above-captioned matter.

NAF has redacted or is withholding some documents responsive to Relator's RFPDs on the basis of the attorney-client privilege, work-product doctrine, and/or pursuant to state or federal law. As agreed by email earlier today, NAF is producing a privilege log that describes the privileged nature of the withheld or redacted documents, on or before April 14, 2021.

The documents in these folders are labeled NAF_QUI TAM_0010614562 – NAF_QUI TAM_0011190079. All documents in this production are stamped "CONFIDENTIAL" pursuant to the Stipulated Protective Order, Dkt. 114.



These documents can be downloaded using the following link:

The passwords you will need to access the documents will be sent via separate email. Please advise if you have any issues with accessing these documents.


Sincerely,

*/s/ Lindsay L. Buchanan*
Lindsay L. Buchanan

# **<u>EXHIBIT 5</u>**



August 19, 2021

**<u>VIA EMAIL</u>**
Kyle J. McGee
Caitlin Moyna
Laina M. Herbert
Grant & Eisenhofer P.A.
123 Justison Street
Wilmington, Delaware, 19801

RE:     *United States ex rel. Malou Tutanes-Luster v. Broker Solutions, Inc., d/b/a New American Funding*, No. 2-19-cv-01630-PSG-JPR

Kyle, Caitlin, and Laina:

Today, NAF is providing Relator's personnel file at the secure link below.  The personnel file is bates-labeled NAF_QUI TAM_0011191018 - NAF_QUI TAM_0011191922, and all documents have been marked "CONFIDENTIAL."

The zip file containing the personnel file can be downloaded from the following link:

The password you will need to access the SFTP site and .zip file will be sent via separate email.

Sincerely,

*/s/ Jeffrey P. Blackwood*
Jeffrey P. Blackwood

Enclosure

# **EXHIBIT 6**

**G&E** Grant & Eisenhofer P.A.

485 Lexington Avenue
29th Floor
New York, NY 10017
tel: 646.722.8500
fax: 646.722.8501

123 Justison Street, 7th Floor, Wilmington, DE 19801          tel: 302.622.7000   fax: 302.622.7100

30 N. LaSalle Street
Suite 2350
Chicago, IL 60602
tel:  312.610.5350
fax: 312.214.0001

Laina M. Herbert
Associate
+1 (302) 622 7016
lherbert@gelaw.com

505 20th Street N
Suite 1450
Birmingham, AL 35203
tel:  205.453.6415
fax: 205.718.7688

One Market Street
Spear Tower, 36th Floor
San Francisco, CA 94105
tel:  415.293.8210
fax: 415.789.4367

www.gelaw.com

September 13, 2021

**VIA E-MAIL**
Timothy P. Ofak, Esq.
Weiner Brodsky Kider PC
1300 19th Street NW  5th Floor
Washington DC  20036

Re:   *U.S. ex rel. Tutanes-Luster v. Broker Solutions, Inc. dba New American Funding*, No. 2:19-cv-1630-PSG-JPR (C.D. Cal.)

Dear Tim:

I write on behalf of Relator Malou Tutanes-Luster ("Relator") to follow up on my email of Friday, September 10, 2021, and to further explain our reasons for concluding that an extension to the current scheduling order, including the discovery schedule, is required.

*First*, based on discovery to date, we have concluded that it is necessary for us to review "[c]omplete loan files for all FHA and VA loans originated by NAF that resulted in any claim being made after January 1, 2011, regardless of loan origination date."[1]  Pursuant to our meet and confer call on September 10, 2021, we will lay out under separate cover the specific reasons why this discovery is relevant and should be produced, but it appears from the parties' conferrals that this issue will need to be resolved by the Court, after which we will need to review and analyze the production of these files before taking depositions. *See, e.g., U.S. ex rel. Thrower v. Academy Mortgage Corp.*, No. 16-cv-2120-EMC, Dkt. 271, Order at 4-5 (N.D.

---

[1] Relator's Request for Production of Documents, Request No. 77 (found in Relator's Fourth Request for Production of Documents served on September 9, 2020).

Timothy P. Ofak, Esq.
September 13, 2021
Page 2

Cal. Sept. 8, 2021) ("*Academy*") (granting six-month continuance, where without production of the loan files in a usable format, relator's counsel could not prepare to depose the defendant's underwriters nor complete her own underwriting review), attached as **Ex. 1**; *United States v. Quicken Loans, Inc.*, No. 16-cv-14050-MAG, Dkt. 127, Order at 2-3 (E.D. Mich. July 13, 2018) ("*Quicken*") (direct access to a lender's LOS in False Claims Act litigation concerning fraudulent FHA underwriting after lender failed to produce information in reasonably usable form), attached as **Ex. 2**

*Second*, as I indicated in my September 2, 2021 letter, we have concluded we need to review complete loan files for all FHA and VA loans involving a claim that was made on the Government after November 29, 2019.  During our September 10, 2021 meet and confer, we agreed to identify the FHA loans for which claims had been made on the Government between November 29, 2019 and the updated HUD data provided to the parties, which we do in **Exhibit 3**, attached.  Relator thus requests the complete loan files for the 162 additional loans identified in this exhibit.[2]  Here again, if the parties are unable to resolve this issue, motion practice might be required, which will take additional time, and even if the parties resolve this issue, NAF will require time to gather and produce these files, and Relator's counsel and her expert will need time to review them.

*Third*, as of January 13, 2021, NAF had produced a total of 18,412 documents (2,003,769 pages).  On February 5, 2021, NAF finally made its first production of electronically-stored information ("ESI"), and produced 1,498,542 documents (7,332,618 pages).  On March 31, 2021, NAF produced 5,297 documents (121,325 pages) and declared that its production was complete.  Nevertheless, in the months that followed, NAF produced an additional 8,089 documents (93,068 pages).  On August 19, 2021, a week before Relator's deposition, NAF made its most recent production and produced Relator's personnel file.  To date, NAF has produced a

---

[2] We will provide you with the same analysis for the VA loans when we receive updated Claim Summaries from VA.  To the extent NAF is unable to produce the complete streamline loan files, complete IRRRL files, or the complete loan files listed in **Exhibit 3** because NAF does not have the complete loan files requested, we again request that NAF state as such, with reference to the specific HUD Case Number and corresponding NAF loan number.

Timothy P. Ofak, Esq.
September 13, 2021
Page 3

total of 1,665,764 documents (11,191,139 pages).  Relator's counsel continues to
diligently review these documents, and while we are using TAR to attempt to narrow
these documents down to a more manageable number, we have found that several
layers of TAR review is required to ensure an adequate review that will allow us to
prepare for depositions.

*Fourth*, as highlighted in my letter dated August 30, 2021, and discussed
extensively during our meet and confer on September 9, NAF's privilege logs—
which contain approximately 5,731 entries—are deficient.  While the parties
continue to meet and confer to resolve these deficiencies, NAF has indicated that it
will take NAF quite a bit of time to update its logs and produce any documents it
decides to downgrade from its privilege log and produce.

*Fifth*, it is going to take Relator and her counsel a substantial amount of time
to more completely respond to NAF's contention interrogatories because they
involve assembling all of the information produced by NAF, which cannot be done
until NAF completes its production of the complete loan files, and Relator and her
counsel complete their review of this information.

In sum, the following needs to be done before we can conclude discovery:
(i) parties need to engage in motion practice, which the Court will have to resolve;
(ii) NAF will need to collect and produce any additional documents it is required to
produce; and (iii) Relator will need to review and analyze these documents before
depositions can proceed.  Rather than pursue a short extension, which might prove
again to be insufficient, we propose a 6-month extension to the discovery schedule
until April 12, 2022.  As noted in my September 10 email, the currently scheduled
depositions should be adjourned, and it would be Relator's intention to reschedule
them in the first quarter of 2022.  Further, to ensure Relator has the time to review
any newly produced documents, we propose an interim deadline that NAF
substantially complete any new production by December 13, 2021, and depositions
conclude by April 12, 2022.  We recognize that there is likely some inconvenience
in having to reschedule these depositions, but this minor inconvenience is
substantially outweighed by the efficiencies gained, including ensuring depositions
can be concluded rather than left open due to incomplete document productions, and
by the avoidance of prejudice that would otherwise be suffered by Relator.

Timothy P. Ofak, Esq.
September 13, 2021
Page 4

        We request that you provide NAF's position to our request for a modification of the schedule by no later than Thursday, September 16, 2021, so that we might have enough time to approach the Court before the currently scheduled depositions. We are available to discuss at your convenience.

                              Very truly yours,

                               */s/ Laina M. Herbert*

                              Laina M. Herbert

cc:    Daniel L. Berger, Esq. (*via e-mail*)
       Kyle J. McGee, Esq. (*via e-mail*)
       Caitlin Moyna, Esq. (*via e-mail*)
       Mitchel H. Kider, Esq. (*via e-mail*)
       Jeffrey P. Blackwood, Esq. (*via e-mail*)
       Joshua A. Rosenthal, Esq. (*via e-mail*)
       Joel A. Schiffman, Esq. (*via e-mail*)
       J. Nelson Thomas, Esq. (*via e-mail*)
       Jonathan W. Ferris, Esq. (*via e-mail*)
       Michael J. Lingle, Esq. (*via e-mail*)
       C. Brooks Cutter, Esq. (*via e-mail*)
       John R. Parker, Jr., Esq. (*via e-mail*)

# Exhibit 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | Case No. 16-cv-02120-EMC |
| Plaintiffs, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE, AND GRANTING RELATOR'S ADMINISTRATIVE MOTION FOR RELIEF FROM AMENDED CASE MANAGEMENT AND PRETRIAL ORDER** |
| ACADEMY MORTGAGE CORPORATIONN, | |
| Defendant. | |
| | Docket Nos. 257, 263 |

## I.     INTRODUCTION

In this *qui tam* False Claims Act suit, Gwen Thrower ("Relator") alleges that Academy Mortgage Corporation ("Defendant") falsely certified compliance with the U.S. Department of Housing and Urban Development's (HUD's) regulations, enabling it to obtain government insurance on the mortgage loans underwritten by Defendant, and to make claims on those loans.

Pending before the Court are (1) Defendant's motion for relief from Magistrate Judge Sallie Kim's August 6, 2021 order requiring Defendant to produce loan files in a data file that can be loaded into Encompass or IHM, *see* Docket Nos. 255 ("Order"); 257 ("Mot. 1"); and (2) Relator's motion for administrative relief from this Court's amended case management and pretrial order, *see* Docket Nos. 180 ("Am. CMC Order"), 263 ("Mot. 2").

For the following reasons, this Court **DENIES** Defendant's motion and **GRANTS** Relator's administrative motion.

United States District Court
Northern District of California

## II.  DEFENDANT'S MOTION FOR RELIEF FROM
## NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

A.  Background

On February 18, 2021, the parties filed a joint discovery letter brief detailing their dispute as to whether Defendant's production of loan files in a static, single PDF meets the requirements of Federal Rule of Civil Procedure 34 (b)(2)(E)(ii).  *See* Docket No. 209 ("Letter Brief 1").  For each loan file, Defendant produced a single PDF averaging nearly 1,600 pages without slips or bookmarks to separate the different documents.  *Id. a*t 2.  Each PDF includes several loan documents, such as the borrower's paystubs, tax documents, credit reports, bank statements, and more.  *Id.*  On February 23, 2021, Judge Kim entered an Order allowing Relator to depose Ms. Kaya Chavez, Defendant's corporate representative with knowledge on how Defendant keeps the loan files at issue.  *See* Docket No. 210 ("February 23 Order").  On April 14, 2021, Relator deposed Ms. Kaya Chavez.  *See* Docket No. 246 ("Bexley Decl."), Ex. A.

On July 2, 2021, the parties filed another joint discovery letter brief detailing their dispute as to whether Defendant's production of loan files in static, single PDFs meets the requirements of Rule 34 and complies with Judge Kim's February 23 Order.  *See* Docket No. 245 ("Letter Brief 2").  Shortly after, on July 7, Judge Kim granted Relator's request and ordered "Defendant to produce the loan files in their entirety in native format."  *See* Docket No. 249 ("July 7 Order").

On August 2, 2021, the parties filed a *third* joint discovery letter brief regarding Defendant's non-compliance with the July 7 Order, whereby Relator requested attorneys' fees and costs under Federal Rule of Civil Procedure 37.  *See* Docket No. 253 ("Letter Brief 3") at 4.  On August 6, 2021, Judge Kim *again* ordered Defendant to produce the documents in native format on or before August 21, 2021, by either (1) giving Relator access to Defendant's Encompass and IHM systems, or (2) as a data file that can be loaded onto Relator's operating versions of Encompass and IHM.  *See* Order at 3.  Judge Kim also ordered that monetary sanctions were appropriate and instructed Relator to submit a declaration indicating the amount of attorneys' fees sought on or before September 3, 2021.  *Id.*  Shortly thereafter, Defendant filed the instant motion seeking relief from Judge Kim's August 6 Order.  Mot. 1.

United States District Court
Northern District of California

United States District Court
Northern District of California

B.     <u>Standard of Review</u>

Pursuant to 28 U.S.C. § 636 (b)(1)(A), a district court may "designate a magistrate judge to hear and determine any pretrial matter pending before the court." Federal Rule of Civil Procedure 72(a) allows a party to file objections to the order. A district court considering objections to a non-dispositive pretrial order must "modify or set aside any part of the order that is clear erroneous or is contrary to law." *See* 28 U.S.C. § 636 (b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2022) ("A district judge may reconsider a magistrate's order in a pretrial matter if that order is 'clearly erroneous or contrary to law.'" (quoting 28 U.S.C. § 636 (b)(1)(A)); *see also*, *Grimes v. City & Cnty. Of San Francisco*, 951, F.2d 236, 241 (9th Cir. 1991) (holding that under the clearly erroneous standard, "[t]he reviewing court may not simply substitute its judgment for that of the deciding court" (citing *United States v. BNS, Inc.*, 858 F.2d 456. 464 (9th Cir. 1988))).

C.     <u>Discussion</u>

Judge Kim ordered Defendant to produce the documents at issue in native format either by providing Relator access to Defendant's Encompass and IHM systems, or as a data file that can be loaded onto Relator's operating versions of Encompass and IHM. *See* Order at 3. Defendant contends that it can only produce these documents as PDFs. *See* Mot. 1 at 2-3. The question is whether Judge Kim's August 6 Order is clearly erroneous or contrary to law because Defendant's production of a single, static PDF for each loan file satisfies its discovery obligations under the Federal Rules.

First, Defendant contends it complied with the July 7 Order because a single, static PDF is the *only* native format that exists for the files at issue. *Id.* at 2. Relator submitted publicly available information indicating the "data files" Judge Kim ordered Defendant to produce do indeed exist. *See* Docket No. 261 ("Relator's Response") at 4-5. In fact, Encompass users routinely export loan file data in the course of their business. *Id.* In any case, even if the Encompass data files do not exist, Defendant should have complied with Judge Kim's July 7

United States District Court
Northern District of California

1 Order by giving Relator direct access to Encompass and IHM. *See* July 7 Order; Order at 3.

2 Second, Defendant contends giving Relator direct access to its Encompass and IHM

3 systems is unwarranted. *See* Mot. 1 at 5. But Defendant's *own* corporate representative, Ms.

4 Chavez, admitted that providing Relator access to Defendant's Encompass or IHM systems is a

5 viable option. *See* Bexley Decl., Ex. A at 156:14–21, 186:20–187:11.

6 Lastly, Defendant contends it produced all the loan documents. *See* Mot. 1 at 4. Relator

7 challenges this characterization by pointing out that the single, static PDF Defendant produced for

8 each loan file omits "conversation logs, audit trails, and certain underwriting documents" that are

9 only available on Encompass. *See* Relator's Response at 4. Ms. Chavez's testimony confirms that

10 Defendant's PDF production only contains documents in an Encompass "eFolder," which includes

11 most, but not all, loan file documents. *See* Bexley Decl., Ex. A at 148:7–151:3. Relator is entitled

12 to review the entire loan documents to determine whether each loan file contains the FHA-

13 required information and whether each loan is eligible for FHA insurance. *See* Letter Brief 1 at 2.

14 Defendant's production was therefore incomplete.

15 Accordingly, Defendant's motion for relief from Judge Kim's August 6 non-dispositive

16 pretrial order is **DENIED** because the order is neither clearly erroneous nor contrary to law.

17 Moreover, for the same reasons, Judge Kim's order of monetary sanctions was proper.

18 **III.    RELATOR'S ADMINISTRATIVE MOTION FOR RELIEF FROM AMENDED**

19 **CASE MANAGEMENT AND PRETRIAL ORDER**

20 Relator asks this Court for a six-month continuance of the trial setting and all pretrial

21 deadlines to complete discovery, including completing an underwriter review and deposing

22 Defendant's underwriters. *See* Mot. 2 at 4. Despite several meet and confer efforts, Defendant

23 will only agree to a two-month continuance. *Id.* at 1-2. Trial courts have broad discretion to

24 manage their dockets and can modify their case management orders upon a showing of "good

25 cause," which considers the moving party's diligence and any prejudice that will result to the non-

26 moving party. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607, 609 (9th Cir. 1992).

27 Because Defendant does not argue that it will be prejudiced by a six-month delay, the only

28 question is whether there is good cause for it.

1 Relator has established there is good cause for a continuance because it has been diligent in

2 pursuing discovery. Relator served written discovery requests, conferred with Defendant, and

3 filed multiple joint discovery letter briefs to resolve the disputes. Defendant's noncompliance

4 with the Federal Rules and with Judge Kim's multiple orders has obstructed discovery,

5 specifically the production of the full loan files, causing delay. Without production of the loan

6 files in a usable format, Relator's counsel cannot prepare to depose Defendant's underwriters, nor

7 can they complete their own underwriting review. *See* Mot. 2 at 4. It is Defendant's

8 noncompliance, not Relator's lack of diligence, that has made it impossible for Relator to

9 complete non-expert discovery by the current deadline of September 23, 2021. *See* July 7 Order;

10 Order. Given the sheer volume of documents to be produced and the time it takes to review those

11 documents, a six-month continuance is appropriate.

12 Accordingly, the Court **GRANTS** Relator's administrative motion for a six-month

13 continuance of the trial setting and all pretrial deadlines, as follows:

| Trial | 9/26/2022 |
|---|---|
| Pretrial Conference | 8/30/2022 |
| Objections | 8/16/2022 |
| Joint pretrial statement | 8/9/2022 |
| Meet and Confer | 7/19/2022 |
| Last Day to Hear Dispositive Motions | 6/16/2022 |
| Last Day to File Dispositive Motions | 5/12/2022 |
| Expert Discovery Close | 5/5/2022 |
| Rebuttal Expert Disclosure | 4/14/2022 |
| Expert Disclosure / Non-expert Discovery | 3/24/2022 |

## IV. CONCLUSION

26 For the foregoing reasons, the Court **DENIES** Defendant's motion for relief from

27 Magistrate Judge Kim's August 6 non-dispositive order and **GRANTS** Relator's administrative

United States District Court
Northern District of California

1   motion for a six month-continuance of trial and pre-trial deadlines.  Defendant shall comply with

2   Judge Kim's order by September 24, 2021.  Relator shall submit to Judge Kim its attorneys' fees

3   declaration by September 27, 2021.  Defendant's challenge thereto as to amount shall be filed by

4   October 7, 2021.

5        This order disposes of Docket Nos. 257 and 263.

6

7        **IT IS SO ORDERED**.

8

9   Dated: September 8, 2021

10

11  _____

12  EDWARD M. CHEN
    United States District Judge

# Exhibit 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                  Case No. 16-cv-14050

v.

                                  HON. MARK A. GOLDSMITH

QUICKEN LOANS, INC.,

       Defendant.
_____/

**ORDER REGARDING (1) QUICKEN'S MOTION TO COMPEL (Dkt. 93), (2)
QUICKEN'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
IMPROPERLY WITHHELD AS PRIVILEGED (Dkts. 102, 104), AND (3) THE
GOVERNMENT'S MOTION TO COMPEL (Dkts. 91, 92)**

In its June 5, 2018 Order (Dkt. 106), the Court addressed issues raised in two discovery
motions: Defendant Quicken Loans, Inc.'s motion to compel (Dkt. 93) and the Government's
motion to compel (Dkts. 91, 92). The Court required supplemental filings and an evidentiary
hearing (which was conducted on June 15, 2018) to ensure a complete record on matters not fully
addressed by the earlier briefing on those motions. It also allowed for an ex parte submission by
the Government in response to Quicken's motion challenging the Government's assertion of
privilege (Dkts. 102, 104). Having reviewed all the materials, the Court now rules on the
remaining issues.

## I. QUICKEN'S MOTION TO COMPEL (Dkt. 93)

Quicken seeks production of a Government memo and email that supposedly show that
this civil action was a "political initiative unrelated to loan quality." Def. Mot. at 14; see also
Request for Production 198-199. The Court ordered that the documents be submitted to the Court
for in camera review, see 6/5/2018 Order at 6, PageID.4722 (Dkt. 106), which was done. Having

1

Case 2:19-cv-04630-PSG-JEM   Document 148   Filed 09/22/21   Page 52 of 274   Page ID
#:2462
Case 2:16-cv-14050-MAG-RSW   ECF No. 118   filed 07/13/18   PageID.6982   Page 2 of 6

reviewed the documents, the Court upholds the Government's assertion of attorney-client privilege and the work-product doctrine. The documents contain advice from attorneys related to steps that the Federal Housing Administration ("FHA") should take after initial steps of litigation had begun. Therefore, the Court will not order the Government to produce these documents.

Regarding Quicken's demand for documents about the Government's decision to continue doing business with Quicken (RFP 189) and documents pertinent to the statute of limitations (RFPs 162-163), the Court ordered the Government to file a declaration detailing what search was conducted, so the Court could evaluate the Government's contention that it was unaware of any responsive documents. See 6/5/2018 Order at 6, PageID.4722.

Having reviewed the declaration, the Court is satisfied that the Government has conducted a reasonable search. The declaration details that the Department of Housing and Urban Development's Office of General Counsel has researched the various issues raised by Quicken and conferred with employees, and has determined that no additional documents exist that are responsive to the requests. See Narode Declaration (Dkt. 112). Therefore, the Court will not order further action by the Government in regards to those RFPs.

## II. GOVERNMENT'S MOTION TO COMPEL (Dkts. 91, 92)

The Government claimed that certain information produced by Quicken was not in "reasonably usable" form under Fed. R. Civ. P. 34(b)(2)E)(ii), and that the Government thus needed remote access to certain Quicken underwriting systems, namely AMP, LARS, and GURU. The Court conducted an evidentiary hearing on June 15, 2018 to learn more detailed facts about the systems and Quicken's contention that remote access would not be appropriate.

Having considered all the testimony presented, the Court concludes that the Government has adequately demonstrated that it will be significantly handicapped in deposing Quicken

Case 2:19-cv-04630-RGC-RSW Document 148 filed 09/22/21 Page 53 of 274 PageID
Case 2:16-cv-14050-MAG-RSW ECF No. 148 filed 07/13/18 PageID.6983 Page 3 of 6
#:2463

personnel without access to these systems. At the same time, the Court concludes that, with remote access, there is no effective way to fully and timely protect Quicken's proprietary interest in other information unrelated to this action, which can be accessed through these systems. Therefore, the prudent approach is for the Government to be granted monitored access to the system, before and during depositions, at Quicken's premises.

Unless the parties agree to other arrangements, Quicken shall make the AMP, LARS, DocViewer, and GURU systems available to Government representatives (i.e. attorneys and supporting workers or contractors) at Quicken premises during the taking of a deposition, and additional on-premises access for up to 16 hours of preparation for each deposition within three business days before each deposition. Quicken may have monitors present while the Government representatives access the underwriting systems.

While Quicken asked at the hearing for the same access to Government computer systems, the Court agrees with the Government that Quicken has not filed a motion to that effect, and the Government should be allowed further briefing on whether such access would be appropriate. The Court grants leave to Quicken to file such a motion no later than **July 23, 2018**. If it does, the Government shall respond by **July 30, 2018**; and Quicken shall reply by **August 6, 2018**.

### III. QUICKEN'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED (Dkts. 102, 104)

Quicken challenges the assertion of privileges as to certain documents that detail the process undertaken by the Government in amending the FHA's TOTAL (Technology Open to Approved Lenders) algorithm.[1] The Court reviewed the documents in camera to evaluate the

---

[1] The documents include an email chain, forty versions of a project management plan, and nine versions of a chart containing proposed revisions to the algorithm. In its reply brief, Quicken withdrew its request as it pertained to the chart. See Def. Reply at PageID.4729 (Dkt. 108).

Government's claim of privilege based on deliberative process. Having reviewed the documents, the Court sustains the Government's assertion of the deliberative process privilege. That privilege protects the "decision making processes of government agencies," focusing on "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." Nat'l Labor Relations Bd. v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975) (internal quotation marks omitted). It requires a showing that the document is both "predecisional and deliberative." Schell v. U.S. Dep't of Health & Human Servs., 843 F.2d 933, 940 (6th Cir. 1988) (internal quotation marks omitted). The assertion of privilege is satisfied, given that the documents propose recommended changes to a government system, some of which appear to have been adopted. Therefore, the Court will not order the Government to produce these documents.

In reaching this conclusion, the Court rejects Quicken's argument that the Government waived its privilege as it relates to these documents because it "chose the most unreasonable manner possible to avoid producing privileged documents" and "took no reasonable steps to mitigate the effects of its waiver." See Mot. at 2-3, PageID.4699-4700. As an initial matter, Quicken has argued based on factors related to waiver of the attorney-client privilege, without citing case law showing that these factors also apply to the deliberative-process privilege. Regardless, the parties have accounted for the reality that, in this sprawling case, some privileged documents are likely to be turned over in the course of discovery. In the stipulated protective order entered by the District Court for the District of Columbia prior to transfer to this Court, the parties agreed that "[b]y providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity." See 5/4/2016 Stipulated Protective Order, ¶ 19 (Dkt. 33-8). That same order allowed the party who produced

4

Case 2:19-cv-04630-PSG-JEM Document 148 filed 09/22/21 Page 55 of 274 Page ID
Case 2:16-cv-14050-MAG-RSW ECF No. 148 filed 07/13/18 PageID.6935 Page 5 of 6
#:2465

privileged documents to claw back those documents.  <u>See</u> <u>id.</u>, ¶ 20.  Quicken argues that the
Government chose the most unreasonable manner possible to avoid producing privileged
documents, but in a case in which the Government produced over 2.2 million documents, <u>see</u> Pl.
Resp. at 5, PageID.4683 (Dkt. 103), it would be unreasonable to expect a fool-proof type of review
that will ensure that there will be no production of documents that may be privileged.  The
disclosure here was inadvertent, and the Government took reasonable steps to prevent disclosure
of privileged documents by running its own ESI searches to discover potentially privileged
documents, <u>see</u> <u>id.</u> at 9, PageID.4687.  Further, given the massiveness of the litigation tasks to be
performed, the Government acted reasonably promptly in taking reasonable steps to rectify the
error once it learned of it.  <u>See</u> Fed. R. Evid. 502.  Accordingly, the Court finds that the privilege
is not waived.

Quicken also challenges the Government's assertion of privilege as to some 300,000
documents by way of a privilege log for a variety of reasons, including: (i) failure to specify the
privilege being invoked, (ii) failure to review documents to determine whether the privilege
actually applies, and (iii) failure to produce redacted documents for those documents which the
Government has reviewed.  The Government responds that Quicken's motion is inconsistent with
the May 29, 2017 stipulation of the parties under Fed. R. Civ. P. 29 (Dkt. 99-3), which sets out a
certain protocol for challenges to assertions of privilege.  The Government also argues that it has
acted reasonably in reviewing documents by narrowing its claim of privilege by several hundreds
of thousands of documents through a time-consuming and costly document review process.

This mega-litigation highlights the difficulty of conducting discovery where potentially
millions of documents might have some bearing on myriad issues and where privileged documents
might be found nestled among them.  When huge troves of information are electronically stored,

computer search terms and algorithms can go only so far in the necessary winnowing process. The problem is compounded here because the parties used expansive search terms, triggering millions of hits, and because their stipulation does not address how an impasse is to be resolved after a party's demand for a "Document Level Log" is rejected. See Stipulation ¶ 6.

In these circumstances, the Court must devise an approach that is both fair and efficient, proportional to the needs of the case, and reasonably protective of the Government's assertion of privilege, vague as that assertion may be at this point. To these ends, the Court orders the parties to confer on the development of additional search terms that may be applied to this sub-universe of documents, with the goal of narrowing it down to documents that bear on the issues in our case and identifying which documents among them are privileged. If the parties are not able to resolve this aspect of their dispute, they shall file a joint statement, by **July 25, 2018**, setting forth the results of their efforts and suggested next steps. The Court will thereafter issue an appropriate order.[2]

SO ORDERED.

Dated: July 13, 2018      s/Mark A. Goldsmith
    Detroit, Michigan      MARK A. GOLDSMITH
                           United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 13, 2018.

                                  s/Karri Sandusky
                                  Case Manager

---

[2] The Court rejects Quicken's waiver argument regarding the 300,000 documents for the reasons stated earlier in this Opinion. While the Government's failure to review all documents prior to production may ultimately impact on what action the Court will take if the parties cannot resolve this dispute on their own, the Government's action is not inconsistent with the parties' Rule 29 stipulation and does not amount to a waiver.

# Exhibit 3

# WITHHELD AS
# CONFIDENTIAL

# **EXHIBIT 7**



July 22, 2020

**<u>VIA ELECTRONIC MAIL</u>**
Kyle J. McGee
Laina M. Herbert
Grant & Eisenhofer P.A.
123 Justison Street
Wilmington, Delaware, 19801

RE:     *United States ex rel. Malou Tutanes-Luster v. Broker Solutions, Inc., d/b/a New American Funding*, No. 2-19-cv-01630-PSG-JPR

Kyle and Laina:

In response to your June 30, 2020 letter, NAF is reproducing the documents you identified as illegible. These reproductions feature updated image overlays that should resolve any issues regarding their legibility.

NAF is also reproducing previously-produced PDF and Word files with file names containing the phrase "self report" to address any legibility issues with these documents. NAF is reproducing a total of 115 documents.

The documents in this production are bates labeled and are stamped "CONFIDENTIAL" pursuant to the Stipulated Protective Order, Dkt. 114. Each of these reproductions bears the same bates numbering as the version of the document which was originally produced to Relator.

These documents can be downloaded in the folder "NAF_QUITAM_OVERLAY01.zip" using the following link:

The passwords you will need to access the documents will be sent via separate email. Please advise if you have any difficulties accessing the documents.



2                                                       July 22, 2020

Sincerely,

/s/ Lindsay L. Buchanan
Lindsay L. Buchanan

# **EXHIBIT 8**



June 28, 2021

**<u>VIA EMAIL</u>**
Kyle J. McGee
Caitlin Moyna
Laina M. Herbert
GRANT & EISENHOFER P.A.

RE:    *United States ex rel. Malou Tutanes-Luster v. Broker Solutions, Inc., d/b/a New American Funding*, No. 2-19-cv-01630-PSG-JPR

Kyle, Caitlin, and Laina:

Today, NAF is producing an overlay with metadata which will replace 10,946 documents that were previously-produced with slipsheets.  Due to a technical error which occurred during the processing of these documents, their images were not produced.  NAF is providing this overlay production without waiving its previous Objections and Responses to Relator's RFPDs.

Included in this production are five documents with redactions.  NAF will provide a supplemental privilege log for these five documents later this week.

These documents can be downloaded using the following link:



The passwords you will need to access the documents will be sent via separate email.

Please advise if you have any issues with accessing these documents.

Sincerely,

<u>/s/ Lindsay Buchanan</u>
Lindsay Buchanan

# **EXHIBIT 9**

# **THIS EXHIBIT INTENTIONALLY LEFT BLANK**

# EXHIBIT 10

| | |
|---|---|
| **From:** | Timothy Ofak <ofak@thewbkfirm.com> |
| **Sent:** | Friday, March 20, 2020 3:31 PM |
| **To:** | Kyle McGee; Laina Herbert |
| **Cc:** | Mitch Kider; Lindsay Buchanan |
| **Subject:** | US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - Next Production Update: |
| | |
| **Follow Up Flag:** | Follow up |
| **Due By:** | Monday, March 23, 2020 12:30 PM |
| **Flag Status:** | Flagged |

Laina and Kyle,

As an update, the next rolling document production will be uploaded to your FTP site on Monday. Given the current state of affairs with COVID-19 and the movement by many to teleworking, my original estimate of providing the production this week has been slightly delayed.

The plan is for the production to be zipped, password-protected, and uploaded to the FTP site you provided earlier this week. I will provide you with confirmation on Monday along with a production cover letter and email with the password. Once you receive the production, I would appreciate if you would confirm receipt and your ability to open the production. Assuming this all works, we will continue to transmit productions in this manner going forward.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

# **EXHIBIT 11**

# **THIS EXHIBIT INTENTIONALLY LEFT BLANK**

# **EXHIBIT 12**

# **THIS EXHIBIT INTENTIONALLY LEFT BLANK**

# EXHIBIT 13

| | |
|---|---|
| **From:** | Timothy Ofak <ofak@thewbkfirm.com> |
| **Sent:** | Friday, July 24, 2020 3:03 PM |
| **To:** | Kyle McGee; Laina Herbert |
| **Cc:** | Mitch Kider; Lindsay Buchanan |
| **Subject:** | US ex rel. Tutanes-Luster v. Broker Solutions, Inc. – Document Production Update: |

Kyle and Laina,

I am writing to update you on the forthcoming loan file production and the email search term hit report. Due to the size of the loan files, the production is still being processed and Bates-labeled, but it is not yet complete. We'll be able to transmit the production by next Thursday, July 30, if not sooner.

The email files for the agreed-upon custodians are also still being processed so that search terms can be run and a hit report prepared. The processing should finish over the weekend and the search term hit report will be available next week.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

# **EXHIBIT 14**

| | |
|---|---|
| **From:** | Timothy Ofak <ofak@thewbkfirm.com> |
| **Sent:** | Friday, July 31, 2020 4:41 PM |
| **To:** | Laina Herbert; Kyle McGee |
| **Cc:** | Mitch Kider; Lindsay Buchanan |
| **Subject:** | RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - Document Production Update: [IWOV-LEGAL.FID314664] |

Kyle and Laina,

As an update, we are still in the process of running the search terms. As written, the search strings are too complex, and could not be applied to the emails. So, they had to be broken up into shorter strings. We will provide another update next week when we have a better sense as to when the hit reports will be completed.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

---

**From:** Laina Herbert [mailto:lherbert@gelaw.com]
**Sent:** Thursday, July 30, 2020 10:04 AM
**To:** Timothy Ofak ; Kyle McGee
**Cc:** Mitch Kider ; Lindsay Buchanan
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - Document Production Update: [IWOV-LEGAL.FID314664]

Tim,

Please mail the hard drive to our office and direct it to the attention of Stephanie Johnson.

Thanks, Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby

notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

**From:** Timothy Ofak [mailto:ofak@thewbkfirm.com]
**Sent:** Thursday, July 30, 2020 10:03 AM
**To:** Kyle McGee <kmcgee@gelaw.com>; Laina Herbert <lherbert@gelaw.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - Document Production Update:

Kyle and Laina,

Today, we will be mailing you a hard drive containing the next loan file production. The production is too large to deliver over an SFTP site. Please let us know if we should mail it to your office or if you would like it sent directly to you e-discovery vendor. If it is the latter, please provide the preferred mailing address.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

**From:** Timothy Ofak
**Sent:** Friday, July 24, 2020 3:03 PM
**To:** 'Kyle McGee' <kmcgee@gelaw.com>; 'Laina Herbert' <lherbert@gelaw.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>
**Subject:** US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - Document Production Update:

Kyle and Laina,

I am writing to update you on the forthcoming loan file production and the email search term hit report. Due to the size of the loan files, the production is still being processed and Bates-labeled, but it is not yet complete. We'll be able to transmit the production by next Thursday, July 30, if not sooner.

The email files for the agreed-upon custodians are also still being processed so that search terms can be run and a hit report prepared. The processing should finish over the weekend and the search term hit report will be available next week.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**

1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

# **EXHIBIT 15**

# **THIS EXHIBIT INTENTIONALLY LEFT BLANK**

# **EXHIBIT 16**

| | |
|---|---|
| **From:** | Timothy Ofak <ofak@thewbkfirm.com> |
| **Sent:** | Friday, August 7, 2020 2:43 PM |
| **To:** | Kyle McGee; Laina Herbert |
| **Cc:** | Mitch Kider; Lindsay Buchanan |
| **Subject:** | US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - Search Term Hit Reports: |
| **Attachments:** | NewAmericanFunding_QUI_TAM All Custodian report.xlsx; |
| | NewAmericanFunding_QUI_TAM Arvielo report.xlsx |

Kyle and Laina,

Attached please find the search term hit reports for the email custodians. There are two reports, one for each set of
terms. For the larger set of terms run across all custodians, a number of the individual search strings are bringing back
an excessive number of documents. For instance, 20 out of the 155 search strings are each bringing back over 1 million
documents with family members. The complete set of terms returned over 7 million documents, totaling over 3,000
gigabytes of data.

Given these results, a number of the terms are too broad as drafted. Please let us know when you are available for a
meet-and-confer next week to discuss the hit reports and possible modifications to certain terms.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

# **EXHIBIT 17**

| From: | Timothy Ofak <ofak@thewbkfirm.com> |
|---|---|
| Sent: | Monday, August 17, 2020 6:17 PM |
| To: | Laina Herbert; Kyle McGee |
| Cc: | Mitch Kider; Lindsay Buchanan |
| Subject: | RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664] |
| Attachments: | NewAmericanFunding_QUI_TAM All Custodian report (WBK Proposed Term Changes).xlsx |

Kyle and Laina,

As we discussed during our meet-and-confer last week, attached please find the email hit report with our proposed modifications to a number of the search terms. The proposed changes are reflected on the "Total" tab in column F.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

**From:** Laina Herbert [mailto:lherbert@gelaw.com]
**Sent:** Tuesday, August 11, 2020 12:59 PM
**To:** Timothy Ofak
**Cc:** Mitch Kider ; Lindsay Buchanan ; Kyle McGee
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Tim,

Let's go with 11:00 a.m. I will circulate a calendar invite with dial-in information.

Thanks, Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

**From:** Timothy Ofak [mailto:ofak@thewbkfirm.com]
**Sent:** Tuesday, August 11, 2020 12:56 PM
**To:** Laina Herbert <lherbert@gelaw.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Kyle McGee <kmcgee@gelaw.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Laina,

How about 11 am or 4:30 pm?

Thanks,

Tim

**From:** Laina Herbert [mailto:lherbert@gelaw.com]
**Sent:** Tuesday, August 11, 2020 12:27 PM
**To:** Timothy Ofak <ofak@thewbkfirm.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Kyle McGee <kmcgee@gelaw.com>
**Subject:** US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Tim,

Are you available for a meet and confer tomorrow after 10:00 a.m. or after 4:00 p.m.? We would like to discuss the search terms hit list and the data dictionaries, and raise a few questions about the most recent production.

Thanks, Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

# EXHIBIT 18

| | |
|---|---|
| **From:** | Timothy Ofak <ofak@thewbkfirm.com> |
| **Sent:** | Wednesday, September 9, 2020 10:06 AM |
| **To:** | Laina Herbert; Kyle McGee |
| **Cc:** | Mitch Kider; Lindsay Buchanan |
| **Subject:** | RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664] |
| **Attachments:** | 20200903_NAF_QuiTam_SearchHits.xlsx; 20200825_NAF_QuiTam_SearchHits.xlsx; NAF Proposed Email Search Term Changes.xlsx |

Kyle and Laina,

Attached please find the updated hit report, bringing back approximately 5.4 million emails and attachments. A number of terms are still bringing back a disproportionate number of hits. To that end, I am also attaching a second hit report with a number of additional proposed term modifications for your consideration, and which is bringing back approximately 3.4 million emails and attachments. Along with the two hit reports is a third Excel which identifies the additional proposed terms modifications in yellow highlighting.

Please let me know when you are available for a meet-and-confer to discuss the hit reports. I am generally available on Thursday and Monday after 11 am each day.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

---

**From:** Laina Herbert [mailto:lherbert@gelaw.com]
**Sent:** Wednesday, August 19, 2020 12:38 PM
**To:** Timothy Ofak
**Cc:** Mitch Kider ; Lindsay Buchanan ; Kyle McGee
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Tim,

Thanks for sending your proposed modifications to the email hit report. We have added our comments to your changes on the "Total" tab in column G.

-Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street

Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

---

**From:** Timothy Ofak [mailto:ofak@thewbkfirm.com]
**Sent:** Monday, August 17, 2020 6:17 PM
**To:** Laina Herbert <lherbert@gelaw.com>; Kyle McGee <kmcgee@gelaw.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Kyle and Laina,

As we discussed during our meet-and-confer last week, attached please find the email hit report with our proposed modifications to a number of the search terms. The proposed changes are reflected on the "Total" tab in column F.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

---

**From:** Laina Herbert [mailto:lherbert@gelaw.com]
**Sent:** Tuesday, August 11, 2020 12:59 PM
**To:** Timothy Ofak <ofak@thewbkfirm.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Kyle McGee <kmcgee@gelaw.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Tim,

Let's go with 11:00 a.m. I will circulate a calendar invite with dial-in information.

Thanks, Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street

Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

**From:** Timothy Ofak [mailto:ofak@thewbkfirm.com]
**Sent:** Tuesday, August 11, 2020 12:56 PM
**To:** Laina Herbert <lherbert@gelaw.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Kyle McGee <kmcgee@gelaw.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Laina,

How about 11 am or 4:30 pm?

Thanks,

Tim

**From:** Laina Herbert [mailto:lherbert@gelaw.com]
**Sent:** Tuesday, August 11, 2020 12:27 PM
**To:** Timothy Ofak <ofak@thewbkfirm.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Kyle McGee <kmcgee@gelaw.com>
**Subject:** US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Tim,

Are you available for a meet and confer tomorrow after 10:00 a.m. or after 4:00 p.m.? We would like to discuss the search terms hit list and the data dictionaries, and raise a few questions about the most recent production.

Thanks, Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited.

If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

# EXHIBIT 19

| | |
|---|---|
| **From:** | Timothy Ofak <ofak@thewbkfirm.com> |
| **Sent:** | Thursday, September 17, 2020 11:12 AM |
| **To:** | Laina Herbert |
| **Cc:** | Mitch Kider; Lindsay Buchanan; Kyle McGee |
| **Subject:** | RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664] |
| **Attachments:** | 20200916_NAF_QuiTam_SearchHits.xlsx |

Kyle and Laina,

Attached please find an updated hit report based upon your comments. We can discuss the report during today's meet-and-confer.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

**From:** Laina Herbert [mailto:lherbert@gelaw.com]
**Sent:** Friday, September 11, 2020 5:12 PM
**To:** Timothy Ofak
**Cc:** Mitch Kider ; Lindsay Buchanan ; Kyle McGee
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Tim,

2 pm on Thursday works for us. Please use the following dial-in information:

Dial-in: 888-514-3529 / Conference ID: 88065465.
One-touch from your cell phone: 1-888-514-3529,,88065465#

Thanks, Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210

LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

**From:** Timothy Ofak [mailto:ofak@thewbkfirm.com]
**Sent:** Friday, September 11, 2020 4:50 PM
**To:** Laina Herbert <lherbert@gelaw.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Kyle McGee <kmcgee@gelaw.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Laina,

I am generally available next Thursday. How about 2 pm?

Thanks,

Tim

**From:** Laina Herbert [mailto:lherbert@gelaw.com]
**Sent:** Friday, September 11, 2020 4:29 PM
**To:** Timothy Ofak <ofak@thewbkfirm.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Kyle McGee <kmcgee@gelaw.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Tim,

We have added our comments to your proposed searches in Column C of the attached. We are available for a meet and confer on Wednesday or Thursday. Please let us know your availability and we will circulate dial-in information.

Thanks, Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

**From:** Timothy Ofak [mailto:ofak@thewbkfirm.com]
**Sent:** Wednesday, September 9, 2020 10:06 AM

**To:** Laina Herbert <lherbert@gelaw.com>; Kyle McGee <kmcgee@gelaw.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Kyle and Laina,

Attached please find the updated hit report, bringing back approximately 5.4 million emails and attachments. A number of terms are still bringing back a disproportionate number of hits. To that end, I am also attaching a second hit report with a number of additional proposed term modifications for your consideration, and which is bringing back approximately 3.4 million emails and attachments. Along with the two hit reports is a third Excel which identifies the additional proposed terms modifications in yellow highlighting.

Please let me know when you are available for a meet-and-confer to discuss the hit reports. I am generally available on Thursday and Monday after 11 am each day.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

---

**From:** Laina Herbert [mailto:lherbert@gelaw.com]
**Sent:** Wednesday, August 19, 2020 12:38 PM
**To:** Timothy Ofak <ofak@thewbkfirm.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Kyle McGee <kmcgee@gelaw.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Tim,

Thanks for sending your proposed modifications to the email hit report. We have added our comments to your changes on the "Total" tab in column G.

-Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby

notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

**From:** Timothy Ofak [mailto:ofak@thewbkfirm.com]
**Sent:** Monday, August 17, 2020 6:17 PM
**To:** Laina Herbert <lherbert@gelaw.com>; Kyle McGee <kmcgee@gelaw.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Kyle and Laina,

As we discussed during our meet-and-confer last week, attached please find the email hit report with our proposed modifications to a number of the search terms. The proposed changes are reflected on the "Total" tab in column F.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

**From:** Laina Herbert [mailto:lherbert@gelaw.com]
**Sent:** Tuesday, August 11, 2020 12:59 PM
**To:** Timothy Ofak <ofak@thewbkfirm.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Kyle McGee <kmcgee@gelaw.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Tim,

Let's go with 11:00 a.m. I will circulate a calendar invite with dial-in information.

Thanks, Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby

notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited.
If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the
original and any copy of any e-mail and any printout thereof.

---

**From:** Timothy Ofak [mailto:ofak@thewbkfirm.com]
**Sent:** Tuesday, August 11, 2020 12:56 PM
**To:** Laina Herbert <lherbert@gelaw.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Kyle McGee
<kmcgee@gelaw.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Laina,

How about 11 am or 4:30 pm?

Thanks,

Tim

---

**From:** Laina Herbert [mailto:lherbert@gelaw.com]
**Sent:** Tuesday, August 11, 2020 12:27 PM
**To:** Timothy Ofak <ofak@thewbkfirm.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Kyle McGee
<kmcgee@gelaw.com>
**Subject:** US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Tim,

Are you available for a meet and confer tomorrow after 10:00 a.m. or after 4:00 p.m.? We would like to discuss the
search terms hit list and the data dictionaries, and raise a few questions about the most recent production.

Thanks, Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain
legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby
notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited.
If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the
original and any copy of any e-mail and any printout thereof.

# **EXHIBIT 20**

| | |
|---|---|
| **From:** | Timothy Ofak <ofak@thewbkfirm.com> |
| **Sent:** | Tuesday, September 29, 2020 5:18 PM |
| **To:** | Kyle McGee; Laina Herbert |
| **Cc:** | Mitch Kider; Lindsay Buchanan |
| **Subject:** | RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. [IWOV-LEGAL.FID314664] |
| **Attachments:** | NewAmericanFunding_QUI_TAM Arvielo report.xlsx; 20200921 _NAF_QuiTam_SearchHits.xlsx |

Kyle and Laina,

Attached please find the final email custodian search term hit reports. NAF will agree to the search terms reflected in these reports. The terms incorporate the changes we discussed during our last meet-and-confer and Laina's email found below.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

---

**From:** Laina Herbert [mailto:lherbert@gelaw.com]
**Sent:** Thursday, September 17, 2020 5:37 PM
**To:** Timothy Ofak ; Lindsay Buchanan
**Cc:** Kyle McGee
**Subject:** US ex rel. Tutanes-Luster v. Broker Solutions, Inc. [IWOV-LEGAL.FID314664]

Tim and Lindsay,

Following up on our meet and confer today, instead of the search in the prior hit list at row 13, which was (VA OR "Veterans Affairs" OR va.gov) AND (VA w/4 (Home OR Loan OR Guaranty OR Program)), we propose searching (VA OR "Veterans Affairs" OR va.gov) AND ("VA Home Loan" OR "VA Program" OR (VA w/3 Program)). We agree with your proposal of adding (AND (FHA OR VA)) to the end of the search at row 89.

In addition to the fields that NAF has proposed producing from the Data Dictionary related to its FHA and VA loans, we ask that NAF produce information related to the fields in the attached document.

Thanks, Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate

123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

# **EXHIBIT 21**

# **THIS EXHIBIT INTENTIONALLY LEFT BLANK**

# EXHIBIT 22

| | |
|---|---|
| **From:** | Timothy Ofak <ofak@thewbkfirm.com> |
| **Sent:** | Thursday, November 19, 2020 3:54 PM |
| **To:** | Laina Herbert; Kyle McGee |
| **Cc:** | Mitch Kider; Lindsay Buchanan |
| **Subject:** | US ex rel. Tutanes-Luster v. Broker Solutions, Inc. – Email Production Timeline: |
| | |
| **Follow Up Flag:** | Follow up |
| **Due By:** | Friday, November 20, 2020 4:30 PM |
| **Flag Status:** | Flagged |

Kyle and Laina,

As an update, the primary TAR email review is complete and we are now in the validation stage of the model. We anticipate that this will take a week, at which point we will be able to determine the timing for the first email production, and the number of emails to review that either could not be analyzed by the TAR model or are potentially privileged. While we will be able to produce the large majority of responsive emails prior to the December 18 party production deadline, we may need additional time to complete the manual review for the emails that either could not be analyzed by the TAR model or are potentially privileged.

Please let us know if you are available for a meet-and-confer next Monday or Tuesday to discuss the status of discovery.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

# EXHIBIT 23

| | |
|---|---|
| **From:** | Timothy Ofak <ofak@thewbkfirm.com> |
| **Sent:** | Friday, January 8, 2021 3:45 PM |
| **To:** | Laina Herbert; Caitlin Moyna |
| **Cc:** | Mitch Kider; Lindsay Buchanan; Kyle McGee |
| **Subject:** | RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - TAR Email Review Update: |

Caitlin and Laina,

As an update, the primary email production continues to be processed by our e-discovery vendor. The imaging, which began in December, has been completed and the documents are currently being Bates-stamped. Due to the size and volume of the documents (approximately 8 million pages), it is taking longer than expected. We will provide you with another update early next week on the status of the email production.

Also, as I noted in my December 10 email found below concerning the 102,182 .png and .jpg picture files, we followed the same statistical measurements outlined in the ESI protocol and generated a sample set with a confidence level of 95% +/- 2.5% margin of error. The sample set contained 1,514 documents, which were reviewed. Six documents were coded as responsive, resulting in a 0.39% responsive rate. Therefore, we will not be reviewing any additional not-TAR-eligible .png and .jpg picture files.

Thank you, and please let us know if you have any questions.

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

---

**From:** Timothy Ofak
**Sent:** Thursday, December 10, 2020 4:35 PM
**To:** 'Laina Herbert' ; Caitlin Moyna
**Cc:** Mitch Kider ; Lindsay Buchanan ; 'Kyle McGee'
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - TAR Email Review Update:

Caitlin and Laina,

As we discussed on last week's meet-and-confer, the 8,141 not-TAR-eligible documents identified below will be manually reviewed. As for the 102,182 .png and .jpg picture files, we will follow the same statistical measurements outlined in the ESI protocol and generate a sample set with a confidence level of 95% +/- 2.5% margin of error. Once the review of the sample set is concluded, we will generate the responsive rate and, based on the results, determine if further review is necessary. We will also provide you with the responsiveness rate from the sample set.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

**From:** Timothy Ofak
**Sent:** Thursday, December 3, 2020 4:03 PM
**To:** Kyle McGee <kmcgee@gelaw.com>; Laina Herbert <lherbert@gelaw.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>
**Subject:** US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - TAR Email Review Update:

Kyle and Laina,

As you know, we performed a TAR review to identify for production responsive emails and attachments. In accordance with the ESI Protocol, the criteria of a 95% confidence level +/- 2.5% at 75% Recall has been satisfied. The final validation review performed of 1,533 documents yielded a 16.4% responsive rate in accordance with the ESI Protocol. Based on these statistics, our TAR training and validation process is complete.

Here is an overview of the document breakdown:

| | |
|---|---|
| Email Collection Set | 3,888,227 |
| Total Review Set After Threading* | 2,502,103 |
| Files Excluded from Full Collection Set That Are Deemed Not TAR Eligible | 110,323 |
| Threaded Email Set for TAR Review | 2,392,051 |
| Documents Deemed Responsive from TAR Review and Training with Family | 1,859,580 |

*Threading de-duplicates separate earlier emails from an email chain and allows for the review of the most recent or top-level email in the email chain. An email with an attachment would be a separate thread to ensure attachments are not excluded from the review.

For the files deemed not TAR eligible, 102,182 documents are .jpg and .png files which belong primarily to non-responsive parent emails, or parent emails that are not TAR eligible. 8,141 are for other document types. We are determining the appropriate review for this universe and will provide additional information about that review.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011

ofak@thewbkfirm.com
www.thewbkfirm.com

3

# **EXHIBIT 24**

| | |
|---|---|
| **From:** | Timothy Ofak <ofak@thewbkfirm.com> |
| **Sent:** | Wednesday, January 13, 2021 2:59 PM |
| **To:** | Laina Herbert; Caitlin Moyna |
| **Cc:** | Mitch Kider; Lindsay Buchanan; Kyle McGee |
| **Subject:** | RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - TAR Email Review Update: |

Caitlin and Laina,

As an update, the primary email production is now being exported and transferred to a hard drive. The current export time being provided by the system is 3-to-5 days. When is it completed, our e-discovery vendor will be sending the hard drive directly to the address you provided.

We will provide you with another status update on Friday.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

---

**From:** Timothy Ofak
**Sent:** Friday, January 8, 2021 3:45 PM
**To:** Laina Herbert ; Caitlin Moyna
**Cc:** Mitch Kider ; Lindsay Buchanan ; Kyle McGee
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - TAR Email Review Update:

Caitlin and Laina,

As an update, the primary email production continues to be processed by our e-discovery vendor. The imaging, which began in December, has been completed and the documents are currently being Bates-stamped. Due to the size and volume of the documents (approximately 8 million pages), it is taking longer than expected. We will provide you with another update early next week on the status of the email production.

Also, as I noted in my December 10 email found below concerning the 102,182 .png and .jpg picture files, we followed the same statistical measurements outlined in the ESI protocol and generated a sample set with a confidence level of 95% +/- 2.5% margin of error. The sample set contained 1,514 documents, which were reviewed. Six documents were coded as responsive, resulting in a 0.39% responsive rate. Therefore, we will not be reviewing any additional not-TAR-eligible .png and .jpg picture files.

Thank you, and please let us know if you have any questions.

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

---

**From:** Timothy Ofak
**Sent:** Thursday, December 10, 2020 4:35 PM
**To:** 'Laina Herbert' <lherbert@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; 'Kyle McGee' <kmcgee@gelaw.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - TAR Email Review Update:

Caitlin and Laina,

As we discussed on last week's meet-and-confer, the 8,141 not-TAR-eligible documents identified below will be manually reviewed. As for the 102,182 .png and .jpg picture files, we will follow the same statistical measurements outlined in the ESI protocol and generate a sample set with a confidence level of 95% +/- 2.5% margin of error. Once the review of the sample set is concluded, we will generate the responsive rate and, based on the results, determine if further review is necessary. We will also provide you with the responsiveness rate from the sample set.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

---

**From:** Timothy Ofak
**Sent:** Thursday, December 3, 2020 4:03 PM
**To:** Kyle McGee <kmcgee@gelaw.com>; Laina Herbert <lherbert@gelaw.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>
**Subject:** US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - TAR Email Review Update:

Kyle and Laina,

As you know, we performed a TAR review to identify for production responsive emails and attachments. In accordance with the ESI Protocol, the criteria of a 95% confidence level +/- 2.5% at 75% Recall has been satisfied. The final validation review performed of 1,533 documents yielded a 16.4% responsive rate in accordance with the ESI Protocol. Based on these statistics, our TAR training and validation process is complete.

Here is an overview of the document breakdown:

| | |
|---|---|
| Email Collection Set | 3,888,227 |
| Total Review Set After Threading* | 2,502,103 |
| Files Excluded from Full Collection Set That Are Deemed Not TAR Eligible | 110,323 |
| Threaded Email Set for TAR Review | 2,392,051 |
| Documents Deemed Responsive from TAR Review and Training with Family | 1,859,580 |

*Threading de-duplicates separate earlier emails from an email chain and allows for the review of the most recent or top-level email in the email chain. An email with an attachment would be a separate thread to ensure attachments are not excluded from the review.

For the files deemed not TAR eligible, 102,182 documents are .jpg and .png files which belong primarily to non-responsive parent emails, or parent emails that are not TAR eligible. 8,141 are for other document types. We are determining the appropriate review for this universe and will provide additional information about that review.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

# EXHIBIT 25

| | |
|---|---|
| **From:** | Timothy Ofak <ofak@thewbkfirm.com> |
| **Sent:** | Thursday, January 21, 2021 12:33 PM |
| **To:** | Caitlin Moyna; Laina Herbert; Kyle McGee |
| **Cc:** | Mitch Kider; Lindsay Buchanan |
| **Subject:** | RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - TAR Email Review Update: |

Kyle, Caitlin, and Laina,

It appears that, due to an inadvertent processing error, a number of potentially privileged documents were included in the email production. In light of this, we will need to re-run it. Due to the size of the production, the export time will likely be 10-to-14 days. This will also delay our privilege review.

We apologize for the delay in the production of these documents. Please let us know if you are available for a meet-and-confer later today or tomorrow to discuss the production in more detail. Given this delay, we would also like to discuss another extension of the discovery and case deadlines. We propose a 60-day extension of each deadline and we appreciate your consideration of this request.

Thank you,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

---

**From:** Timothy Ofak
**Sent:** Thursday, January 21, 2021 11:30 AM
**To:** 'Caitlin Moyna' ; Laina Herbert
**Cc:** Mitch Kider ; Lindsay Buchanan ; Kyle McGee
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - TAR Email Review Update:

Caitlin and Laina,

As an update, we are shooting to have the email production hard drive mailed tomorrow.

Thanks,

Tim

---

**From:** Caitlin Moyna [mailto:cmoyna@gelaw.com]
**Sent:** Friday, January 15, 2021 4:15 PM
**To:** Timothy Ofak <ofak@thewbkfirm.com>; Laina Herbert <lherbert@gelaw.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Kyle McGee

<kmcgee@gelaw.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - TAR Email Review Update:

Thanks Tim, we appreciate the update. Have a good weekend.

---

**From:** Timothy Ofak [mailto:ofak@thewbkfirm.com]
**Sent:** Friday, January 15, 2021 4:14 PM
**To:** Laina Herbert <lherbert@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Kyle McGee <kmcgee@gelaw.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - TAR Email Review Update:

Caitlin and Laina,

As an update, the export time being provided by the system is now two days.

Thanks,

Tim

---

**From:** Timothy Ofak
**Sent:** Wednesday, January 13, 2021 2:59 PM
**To:** Laina Herbert <lherbert@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Kyle McGee <kmcgee@gelaw.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - TAR Email Review Update:

Caitlin and Laina,

As an update, the primary email production is now being exported and transferred to a hard drive. The current export time being provided by the system is 3-to-5 days. When is it completed, our e-discovery vendor will be sending the hard drive directly to the address you provided.

We will provide you with another status update on Friday.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

---

**From:** Timothy Ofak
**Sent:** Friday, January 8, 2021 3:45 PM
**To:** Laina Herbert <lherbert@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>

**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Kyle McGee <kmcgee@gelaw.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - TAR Email Review Update:

Caitlin and Laina,

As an update, the primary email production continues to be processed by our e-discovery vendor. The imaging, which began in December, has been completed and the documents are currently being Bates-stamped. Due to the size and volume of the documents (approximately 8 million pages), it is taking longer than expected. We will provide you with another update early next week on the status of the email production.

Also, as I noted in my December 10 email found below concerning the 102,182 .png and .jpg picture files, we followed the same statistical measurements outlined in the ESI protocol and generated a sample set with a confidence level of 95% +/- 2.5% margin of error. The sample set contained 1,514 documents, which were reviewed. Six documents were coded as responsive, resulting in a 0.39% responsive rate. Therefore, we will not be reviewing any additional not-TAR-eligible .png and .jpg picture files.

Thank you, and please let us know if you have any questions.

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

**From:** Timothy Ofak
**Sent:** Thursday, December 10, 2020 4:35 PM
**To:** 'Laina Herbert' <lherbert@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; 'Kyle McGee' <kmcgee@gelaw.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - TAR Email Review Update:

Caitlin and Laina,

As we discussed on last week's meet-and-confer, the 8,141 not-TAR-eligible documents identified below will be manually reviewed. As for the 102,182 .png and .jpg picture files, we will follow the same statistical measurements outlined in the ESI protocol and generate a sample set with a confidence level of 95% +/- 2.5% margin of error. Once the review of the sample set is concluded, we will generate the responsive rate and, based on the results, determine if further review is necessary. We will also provide you with the responsiveness rate from the sample set.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036

office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

---

**From:** Timothy Ofak
**Sent:** Thursday, December 3, 2020 4:03 PM
**To:** Kyle McGee <kmcgee@gelaw.com>; Laina Herbert <lherbert@gelaw.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>
**Subject:** US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - TAR Email Review Update:

Kyle and Laina,

As you know, we performed a TAR review to identify for production responsive emails and attachments. In accordance with the ESI Protocol, the criteria of a 95% confidence level +/- 2.5% at 75% Recall has been satisfied. The final validation review performed of 1,533 documents yielded a 16.4% responsive rate in accordance with the ESI Protocol. Based on these statistics, our TAR training and validation process is complete.

Here is an overview of the document breakdown:

| | |
|---|---|
| Email Collection Set | 3,888,227 |
| Total Review Set After Threading* | 2,502,103 |
| Files Excluded from Full Collection Set That Are Deemed Not TAR Eligible | 110,323 |
| Threaded Email Set for TAR Review | 2,392,051 |
| Documents Deemed Responsive from TAR Review and Training with Family | 1,859,580 |

*Threading de-duplicates separate earlier emails from an email chain and allows for the review of the most recent or top-level email in the email chain. An email with an attachment would be a separate thread to ensure attachments are not excluded from the review.

For the files deemed not TAR eligible, 102,182 documents are .jpg and .png files which belong primarily to non-responsive parent emails, or parent emails that are not TAR eligible. 8,141 are for other document types. We are determining the appropriate review for this universe and will provide additional information about that review.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

# **EXHIBIT 26**

# THIS EXHIBIT INTENTIONALLY LEFT BLANK

# EXHIBIT 27

| | |
|---|---|
| **From:** | Timothy Ofak <ofak@thewbkfirm.com> |
| **Sent:** | Wednesday, April 14, 2021 11:56 AM |
| **To:** | Laina Herbert; Kyle McGee; Caitlin Moyna |
| **Cc:** | Daniel Berger; Mitch Kider; Lindsay Buchanan; Jeffrey Blackwood |
| **Subject:** | RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc.  - NAF Document Production Update: [IWOV-LEGAL.FID314664] |

Kyle, Caitlyn, and Laina,

As an update, it is taking slightly longer than anticipated to finalize the privilege logs given the production volume, but we will provide them to you no later than this Friday. Also, we will be making a small production of non-privileged documents simultaneously with the transmission of the logs.

Thank you for your patience.

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

---

**From:** Laina Herbert [mailto:lherbert@gelaw.com]
**Sent:** Wednesday, March 31, 2021 2:56 PM
**To:** Timothy Ofak ; Kyle McGee ; Caitlin Moyna
**Cc:** Daniel Berger ; Mitch Kider ; Lindsay Buchanan ; Jeffrey Blackwood
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - NAF Document Production Update: [IWOV-LEGAL.FID314664]

Tim,

We consent to your proposed privilege log extension.

Regards, Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

**From:** Timothy Ofak <ofak@thewbkfirm.com>
**Sent:** Wednesday, March 31, 2021 2:28 PM
**To:** Kyle McGee <kmcgee@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Laina Herbert <lherbert@gelaw.com>
**Cc:** Daniel Berger <dberger@gelaw.com>; Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Jeffrey Blackwood <Blackwood@thewbkfirm.com>
**Subject:** US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - NAF Document Production Update:

Kyle, Caitlyn, and Laina,

As an update, NAF will be providing the remaining document productions today in accordance with the operative scheduling order. Today's productions will include the remaining responsive emails, origination and underwriting quality control logs, and claim-related documents, as well as a number of other responsive documents. A number of these will be redacted and will be identified on the forthcoming privilege logs.

Given the volume of the productions to date, which total over a million documents within the past two months alone, and the remaining items being produced today, NAF is still in the process of finalizing its privilege logs and will provide them on or before April 14. As you know, NAF's privilege review encompassed over 100,000 emails and attachments, and NAF has been diligently reviewing and producing documents since the filing and in accordance with the scheduling order. The purpose of this timeline is to ensure the privilege logs sufficiently describe the withheld or redacted documents so that Relator is able to assess NAF's privilege claims. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii).

Please let us know if this proposed timeline for the privilege logs is agreeable to Relator.

Thank you,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

# **EXHIBIT 28**

| | |
|---|---|
| **From:** | Timothy Ofak <ofak@thewbkfirm.com> |
| **Sent:** | Thursday, June 3, 2021 4:59 PM |
| **To:** | Laina Herbert |
| **Cc:** | Daniel Berger; Kyle McGee; Caitlin Moyna; Lindsay Buchanan; Mitch Kider; Jeffrey Blackwood |
| **Subject:** | US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - May 28 Meet and Confer: |
| | |
| **Follow Up Flag:** | Follow up |
| **Due By:** | Saturday, June 5, 2021 6:00 AM |
| **Flag Status:** | Flagged |

Laina,

Thank you for meeting and conferring with us last Friday, May 28. As we discussed, Relator has agreed to provide responses to NAF's Interrogatory Request Nos. 3 through 6 by June 30 and her response to Interrogatory Request No. 7 by July 9.

Regarding your question about the following two loans in my May 13 email with duplicate Bates ranges, here are the correct Bates ranges for the available loan origination file documents:


the Bates range is: NAF_QUI TAM_0001753459—NAF_QUI TAM_0001753767
the Bates range is: NAF_QUI TAM_0001836095—NAF_QUI TAM_0001836475

As for the documents produced with inadvertent slip sheets, we anticipate being able to reproduce the images within the next two weeks.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW 5th Floor
Washington DC 20036
office: 202 628 2000
direct: 202 557 3517
facsimile: 202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

# EXHIBIT 29

| | |
|---|---|
| **From:** | Timothy Ofak <ofak@thewbkfirm.com> |
| **Sent:** | Monday, June 7, 2021 4:16 PM |
| **To:** | Laina Herbert; Lindsay Buchanan; Mitch Kider; Jeffrey Blackwood |
| **Cc:** | Daniel Berger; Kyle McGee; Caitlin Moyna |
| **Subject:** | RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - Deposition Scheduling [IWOV-LEGAL.FID314664] |

Laina,

NAF will agree generally to a two month extension of the scheduling deadlines.  Please circulate a draft proposed modified scheduling submission at your convenience.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW  5th Floor
Washington DC  20036
office:  202 628 2000
direct:  202 557 3517
facsimile:  202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

**From:** Laina Herbert [mailto:lherbert@gelaw.com]
**Sent:** Wednesday, June 2, 2021 1:15 PM
**To:** Timothy Ofak <ofak@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Mitch Kider <Kider@thewbkfirm.com>; Jeffrey Blackwood <Blackwood@thewbkfirm.com>
**Cc:** Daniel Berger <dberger@gelaw.com>; Kyle McGee <kmcgee@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>
**Subject:** US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - Deposition Scheduling [IWOV-LEGAL.FID314664]

Tim and Lindsay,

Based on the volume of documents that NAF has produced and despite our team's diligent progress reviewing them, and in anticipation of the additional 11,000 "replacement" documents we are expecting NAF to produce, we won't be ready to start depositions until late July or August.  Thus, we suggest that we begin depositions in the second half of August and schedule through September, allowing October for spill over and any additional discovery.  For your planning, we intend to depose the following people:

Rick Arvielo
Patty Arvielo
Kevin English
Cynthia Hamilton

Debra Nesmith

Michelle Rogers

Russ Stanton

Rick Wohrman

We recognize this will require modifying the scheduling order to push all deadlines back 2 months.  If our proposal regarding timing is acceptable to NAF, we will circulate a proposed modified scheduling order later this week.  If not, please let us know a good time to discuss.

Thanks, Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

# **EXHIBIT 30**

## Grant & Eisenhofer P.A.

485 Lexington Avenue
29th Floor
New York, NY 10017
tel: 646.722.8500
fax: 646.722.8501

123 Justison Street, 7th Floor, Wilmington, DE 19801            tel: 302.622.7000   fax: 302.622.7100

30 N. LaSalle Street
Suite 2350
Chicago, IL 60602
tel: 312.610.5350
fax: 312.214.0001

505 20th Street N
Suite 1450
Birmingham, AL 35203
tel: 205.453.6415
fax: 205.718.7688

One Market Street
Spear Tower, 36th Floor
San Francisco, CA 94105
tel: 415.293.8210
fax: 415.789.4367

www.gelaw.com

Laina M. Herbert
Associate
+1 (302) 622 7016
lherbert@gelaw.com

August 30, 2021

**VIA E-MAIL**
Timothy P. Ofak, Esq.
Weiner Brodsky Kider PC
1300 19th Street NW  5th Floor
Washington DC  20036

Re:   *U.S. ex rel. Tutanes-Luster v. Broker Solutions, Inc. dba New
      American Funding*, No. 2:19-cv-1630-PSG-JPR (C.D. Cal.)

Dear Tim:

I write on behalf of Relator Malou Tutanes-Luster ("Relator") in the above-referenced action.  We have reviewed defendant Broker Solutions, Inc. d/b/a New American Funding's ("Defendant's" or "NAF's") May 18, 2021 Privilege Logs A-E, and NAF's July 1, 2021 Privilege Log F (collectively, "NAF's Privilege Logs"), and the documents produced by NAF in this litigation.  Although that review remains ongoing, we have identified several areas of concern that require immediate attention and redress.

First, as a blanket matter, NAF's Privilege Logs raise "federal law" as the privilege or immunity at least 1,299 times ("Category I").  In at least 1,057 of these instances, NAF asserts no other privilege or immunity.  By way of example only, NAF describes these documents as:

Timothy P. Ofak, Esq.
August 30, 2021
Page 2



Timothy P. Ofak, Esq.
August 30, 2021
Page 3



These descriptions give Relator no information to assess the basis on which these documents have been withheld.  Please either identify the federal law that creates an independent privilege pursuant to which NAF is withholding this information so Relator can further assess NAF's claim of privilege, or produce these documents in unredacted form promptly.

Second, NAF has withheld at least 9 documents claiming these documents are protected from production by the "Examination Privilege," 2 additional documents claiming they are protected by the "Examination Privilege" and "Federal Law," and still another document claiming it is protected from production by the "Examination Privilege" and "Attorney-Client Privilege" ("Category 2").  If NAF is referring to the "bank examiner" or "bank examination privilege," these documents should be produced.  To the extent that this privilege exists at all, it is held by the federal agency, and not NAF.  *See, e.g., Chase Bank USA, N.A. Check Loan Contract Litig. v. Chase Bank*, No. C 09-MD-2032 MMC (JL), 2011 WL 2078621, at *1 (N.D. Cal. Mar. 17, 2011).  NAF has not identified the federal agency that holds the alleged privilege.  Moreover, NAF is claiming bank examiner privilege for documents which

Timothy P. Ofak, Esq.
August 30, 2021
Page 4

were not created by a federal agency.  Finally, Relator has ascertained from the "Email Subject/Title" provided on the Privilege Logs that these documents go to the issues at the heart of this case, including audits or examinations of NAF, appraisal findings, missing documentation, and monthly default or delinquency loan lists. Thus, unredacted copies of these documents should be produced.

Third, NAF has improperly lumped all communications between NAF and unidentified "counsel" relating to this litigation in one entry claiming an unspecified number of documents are protected by the attorney-client privilege and work-product doctrine ("Category 3").  *See* Privilege Log A, line 0.

Rather than identifying the specific dates, NAF describes the dates as "Various."  Similarly, NAF describes the "Email From / Author" and "Email To" as "Insider or outside counsel to NAF, counsel's agents, NAF employees, NAF's agents."  NAF describes this unknown quantity of withheld documents as

hus, the nature of the privilege claims and the subject matter of the withheld communications is not apparent from the Privilege Log.  It is well settled that "[t]he burden of demonstrating the existence of the attorney-client privilege clearly rests on the party asserting the privilege.  This privilege is to be strictly construed."  *Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D. Cal. 1992) (internal citations and quotations omitted) (holding the defendants had failed to sustain their burden of demonstrating the existence of an attorney-client privilege where they failed to "specifically designate or describe any of the documents claimed to be within the scope of the privilege or the reasons for preserving confidentiality"); *see also Verizon California Inc. v. Ronald A. Katz Tech. Licensing, L.P.*, 266 F. Supp. 2d 1144, 1147 (C.D. Cal.

Timothy P. Ofak, Esq.
August 30, 2021
Page 5

2003) (citations omitted).  Moreover, "[a]n asserting of privilege without evidence to support it will not prevail."  *Verizon California Inc.*, 266 F. Supp. 2d at 1147 (citations omitted).  Similarly, the party claiming work product immunity has the burden of proving the applicability of the doctrine.  *Id*.  With regard to the documents in Category 3, NAF has failed to meet its burden of demonstrating the existence of the attorney-client privilege or the applicability of the work product doctrine.  Please promptly produce an appropriately detailed log for these communications.

Fourth, Defendant withheld several communications that either (a) involved no attorney at all, or (b) on which an attorney was merely copied and not an active participant in the communication, and which otherwise do not appear to involve a request for legal advice ("Category 4").

By way of example only, Relator points NAF to the entries on its Privilege



These exhibits do not include the numerous other entries on NAF's Privilege Logs that indicate multiple attorneys were involved in the communications (*see* Column M), but none of these attorneys are listed as senders or recipients of the communications on the Privilege Logs.

As examples of communications on which an attorney was merely copied and not an active participant, Relator points NAF to the following entries on its Privilege Logs:

Timothy P. Ofak, Esq.
August 30, 2021
Page 6



    With respect to the communications not involving an attorney, or in which an attorney was merely copied on the documents and not an active participant in the conversation, NAF has not met its burden of establishing that these documents are protected by the attorney-client privilege. *See UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*, No. CV 14-3466-MMM (JPRx), 2015 WL 12914327, at *2 (C.D. Cal. Apr. 14, 2015) (requiring production where the party withheld communications

Timothy P. Ofak, Esq.
August 30, 2021
Page 7

as reflecting an investigation initiated by in-house counsel, but in-house counsel was not copied on any of the emails, which were exclusively among nonlawyers, and the in-house counsel was not mentioned or even indirectly referenced in any of them, nor did the party submit a declaration from the in-house counsel or anyone else concerning the emails); *Willis v. Vasquez*, No. CV 10-7390-JAK (DTB), 2012 WL 12882386, at *2 (C.D. Cal. June 19, 2012) (requiring production where no attorney made or received any of the communications in the documents and an *in camera* review revealed none of the documents reflected attorney-client communications or sought legal advice from an attorney); *Coleman v. Schwarzenegger*, CIV S-90-0520 LKK JFM P, C01-1351 THE, 2008 WL 1749474, at *4 (E.D. Cal. Apr. 14, 2008) (requiring production of documents where no attorney was either an author or a recipient of the document); *see also ChevronTexaco Corp.*, 241 F. Supp. 2d at 1075 ("The mere fact that outside counsel was copied with the e-mail will not shield communications not made for the purpose of securing legal advice."); *UMG Recordings, Inc*, 2015 WL 12914327, at *1 (citations omitted) (ordering production of emails pertaining to a business decision, not a legal one, finding communications were not privileged attorney-client communications).   Please produce all such communications in fully unredacted form.

    Fifth, Defendant has claimed privilege over multiple documents that were shared with third parties outside the attorney-client relationship ("Category 5"), including, for example:

████████████████████████████████████

---

[1] No attorney-client privilege arises during the course of joint representation in a real estate closing which can be enforced by one party against another. *See, e.g., Suntrust Mortgage, Inc. v. Busby*, Nos. 2:09cv3; 2:09cv4; 2:09cv5; 2:09cv6: 2:09cv7; 2:09cv8; 2:09cv9; 2:09cv10; 2:09cv11; 2:09cv12; 2:09cv13; 2:09cv14; 2:09cv15, 2009 WL 3737522, at **2-3 (W.D.N.C. Nov. 4, 2009) (explaining that "[i]n the context of an ordinary residential mortgage loan transaction—where the borrower and lender's interests are generally aligned—the closing attorney "represents both the borrower and the lender in the absence of clear notice to all concerned that such is not the case." ); *In re Grand Jury Subpoena No. 2013R00691-009*, 201 F. Supp. 3d 767, 775-76 (W.D.N.C. 2016) (holding "[a] client communication made for the

Timothy P. Ofak, Esq.
August 30, 2021
Page 8



purpose of effectuating a real estate closing inherently must be made in contemplation of ultimate public disclosure.   Therefore, no intention of confidentiality, and thus no privilege exists.").

[2] Court have specifically held that an attorney's actions as an escrow agent do not implicate the attorney-client privilege.  *See, e.g., In re Grand Jury Subpoena (Mr. S.)*, 662 F.3d 65, 72 (1st Cir. 2011) (finding no attorney-client privilege where attorney acted as a title attorney, and the documents "provide[d] no fact-based reason to believe that generating the subpoenaed documents required [the title attorney] to act as more than a mere scrivener and disburser of funds"); *Northeast Credit Union v. CUMIS Ins. Soc., Inc.*, No. 09-cv-88-SM, 2010 WL 2108296, at **4-5 (D. N.H. May 24, 2010) (citing cases); *Raspberry Junction Properties LLC v. Edwards Family P'ship LP*, 3:18-cv-01243-WWE, 2019 WL 2602871, at **1-2 (D. Conn. June 25, 2019) (holding communications are business communications that are not inextricably linked to the giving of legal advice and they must be produced); *CCS Associates, Inc. v. Altman A.M.A., Inc.*, No. CIV. A. 93-4725, 1994 WL 176898, at *2 (E.D. Pa. 1994) (citing cases).

[3] *See, e.g.*, NAF_QUI TAM_0002199643-47; NAF_QUI TAM_0002200373-375.

Timothy P. Ofak, Esq.
August 30, 2021
Page 9



Timothy P. Ofak, Esq.
August 30, 2021
Page 10



Timothy P. Ofak, Esq.
August 30, 2021
Page 11

███████████████████████████████

"Generally, voluntary disclosure to a third party waives the attorney-client privilege, not only as to the communication that was disclosed but as to any communications concerning the same subject matter." *Amusement Art, LLC v. Life Is Beautiful, LLC*, CV 14-8290-DDP (JPRx), 2016 WL 7042083, at \*1 (C.D. Cal. May 4, 2016) (internal citations omitted); *U.S.A. v. Ciancia*, No. CR13-902 PSG, 2015 WL 13798678, at \*2 (C.D. Cal. May 20, 2015) ("voluntary disclosure of privileged communications constitutes waiver of the privilege for all other communications on the same subject") (internal quotations omitted); *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126-27 (9th Cir. 2012). Here, because NAF has not adequately explained the role played by the third party that enables the privilege to be maintained, *Ciancia*, 2015 WL 13798678, at \*2, it has waived the privilege, not only as to the communication that was disclosed, but as to any communications concerning the same subject matter. *Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 576 (N.D. Cal. 2008). Please produce these communications, and all communications concerning the same subject matter, in fully unredacted form.

Sixth, numerous documents are listed on the Privilege Log without any claim of privilege[4] ("Category 6"). Because NAF does not claim any form of privilege as a basis for withholding these response documents, we request that NAF produce these documents promptly, or provide a basis for withholding them.

Seventh, NAF has withheld at least one communication with VA ("Category 7"). *See, e.g.,* Log A at Line 1859 (email from ███████████████████████████████████████████████████████████████████████████████████ There is no attorney-client privilege ███████████████████████████████████ *See In re Pac. Pictures Corp.*, 679 F.3d 1121, 1127-28 (9th Cir. 2012) (declining to adopt selective waiver theory to protect from production, in civil litigation, documents which allegedly were subject to attorney-client privilege, but had been disclosed to the federal government in compliance with

---

[4] *See* Log A, lines 200, 964, 1075, 1437, 2106, 3329, 3330, 3331, 3543, 3743 and Log B, lines 57, 1245, 1320.

Timothy P. Ofak, Esq.
August 30, 2021
Page 12

a grand jury subpoena).  Please produce fully unredacted copies of all withheld communications ███████████

Eighth, NAF has withheld multiple emails, which were sent to and from the same person ("Category 8").[5]  These emails are clearly not privileged.  Please produce fully unredacted copies of these communications.

Finally, several entries appear to be mistakenly described as "attachments" ("Category 9").  These entries contain information in the "Emil From/Author," "Email To" and/or "Email CC" fields and have a document extension "msg", suggesting that they are, in fact, emails.[6]  Please provide updated descriptions for these entries that properly describe the underlying documents and basis for the privilege.

Please let us know what days you are available within the next 10 days to meet and confer about these issues, pursuant to L.R. 37-1.  We propose September 9, 2021 at 11:00 a.m. or September 10, 2021 at 11:00 a.m.

Very truly yours,

/s/ Laina M. Herbert

Laina M. Herbert

cc:    Daniel L. Berger, Esq. (*via e-mail*)
       Kyle J. McGee, Esq. (*via e-mail*)
       Caitlin Moyna, Esq. (*via e-mail*)
       Mitchel H. Kider, Esq. (*via e-mail*)
       Jeffrey P. Blackwood, Esq. (*via e-mail*)

---

[5] *See* Log A, Lines 577, 714, 722, 821, 975, 1067, 1113, 2438, 2441, 2443, 2449, 2460, 3322, 3623; Log B, Lines 126, 483, 499, 700, 737, 805, 980, 982, 1210; Log C, Lines 13, 14, 16; and Log D, Line 48.

[6] *See* Log A, Lines 522, 943, 1063, 2449 and Log B, Lines 264, 265, 437, 456, 587, 588, 1259, 1261, 1264, 1276, 1277.

Timothy P. Ofak, Esq.
August 30, 2021
Page 13


Joshua A. Rosenthal, Esq. (*via e-mail*)
Joel A. Schiffman, Esq. (*via e-mail*)
J. Nelson Thomas, Esq. (*via e-mail*)
Jonathan W. Ferris, Esq. (*via e-mail*)
Michael J. Lingle, Esq. (*via e-mail*)
C. Brooks Cutter, Esq. (*via e-mail*)
John R. Parker, Jr., Esq. (*via e-mail*)

# WITHHELD AS CONFIDENTIAL

# EXHIBIT 31

# GE | Grant & Eisenhofer P.A.

485 Lexington Avenue
29th Floor
New York, NY 10017
tel: 646.722.8500
fax: 646.722.8501

30 N. LaSalle Street
Suite 2350
Chicago, IL 60602
tel: 312.610.5350
fax: 312.214.0001

123 Justison Street, 7th Floor, Wilmington, DE 19801          tel: 302.622.7000   fax: 302.622.7100

505 20th Street N
Suite 1450
Birmingham, AL 35203
tel: 205.453.6415
fax: 205.718.7688

Laina M. Herbert
Associate
+1 (302) 622 7016
lherbert@gelaw.com

One Market Street
Spear Tower, 36th Floor
San Francisco, CA 94105
tel: 415.293.8210
fax: 415.789.4367

www.gelaw.com

September 2, 2021

**VIA E-MAIL**
Timothy P. Ofak, Esq.
Weiner Brodsky Kider PC
1300 19th Street NW  5th Floor
Washington DC  20036

**Re:** *U.S. ex rel. Tutanes-Luster v. Broker Solutions, Inc. dba New American Funding*, No. 2:19-cv-1630-PSG-JPR (C.D. Cal.)

Dear Tim:

I write on behalf of Relator Malou Tutanes-Luster ("Relator") in the above-referenced action to follow up on Relator's Request for Production of Documents, Request No. 77 (found in Relator's Fourth Request for Production of Documents served on September 9, 2020).

In Request No. 77, Relator requested: "Complete loan files for all FHA and VA loans originated by NAF that resulted in any claim being made after January 1, 2011, regardless of loan origination date."

During the meet and confer process, as a compromise and to avoid motion practice, we agreed to accept "production of all responsive FHA and VA loan files that were not Streamline refinances or IRRRLs that resulted in a claim being made after January 1, 2011 regardless of origination date; all active FHA and VA loans that resulted in a claim being made after January 1, 2011 regardless of origination date; and all FHA and VA loans with HAMP loan modification incentive payments that resulted in a claim being made after January 1, 2011 regardless of origination date" in order to significantly reduce the purported burden on NAF."

Timothy P. Ofak, Esq.
September 2, 2021
Page 2

We were willing to make this compromise because it was our understanding at the time that NAF made no credit determination on any streamline refinances or IRRRLs. Indeed, NAF's Objection to Request No. 77, represented that FHA streamline refinance loans "have minimal origination and underwriting requirements that are not implicated by Relator's Amended Complaint. … [and] VA Interest Rate Reduction Refinance Loans (VA IRRRLs) … also have minimal origination and underwriting requirements that are not implicated by Relator's Amended Complaint." Your November 6, 2020 letter made identical representations. Having reviewed the loan files produced – which include some streamline refinances and IRRRLs – we now understand that NAF did, in fact, make credit determinations on a least a significant portion of those. Therefore, we must renew our request for the information requested in Request No. 77, to the extent that NAF has not previously produced these files to Relator.

We also request that NAF supplement its production to include complete loan files for all FHA and VA loans involving a claim that has been made on the Government between the dates of November 29, 2019 and the present.

If you are unable to make such production because NAF does not have the complete loan files requested, please state as such, with reference to the specific HUD Case Number and corresponding NAF loan number.

Please let us know what days you are available within the next 10 days to meet and confer about these issues, pursuant to L.R. 37-1. We propose September 8, 2021 at 11:30 a.m. or September 9, 2021 at 11:30 a.m.

Very truly yours,

*/s/ Laina M. Herbert*

Laina M. Herbert

cc:  Daniel L. Berger, Esq. (*via e-mail*)
     Kyle J. McGee, Esq. (*via e-mail*)
     Caitlin Moyna, Esq. (*via e-mail*)
     Mitchel H. Kider, Esq. (*via e-mail*)
     Jeffrey P. Blackwood, Esq. (*via e-mail*)

Timothy P. Ofak, Esq.
September 2, 2021
Page 3

Joshua A. Rosenthal, Esq. (*via e-mail*)
Joel A. Schiffman, Esq. (*via e-mail*)
J. Nelson Thomas, Esq. (*via e-mail*)
Jonathan W. Ferris, Esq. (*via e-mail*)
Michael J. Lingle, Esq. (*via e-mail*)
C. Brooks Cutter, Esq. (*via e-mail*)
John R. Parker, Jr., Esq. (*via e-mail*)

# **EXHIBIT 32**

Daniel L. Berger (*pro hac vice*)
Kyle J. McGee (*pro hac vice*)
Laina Herbert (*pro hac vice*)
GRANT & EISENHOFER P.A.
123 Justison Street
Wilmington, Delaware 19801
Tel: 302-622-7000

J. Nelson Thomas (*pro hac vice*)
Jonathan W. Ferris (*pro hac vice*)
Michael J. Lingle (*pro hac vice*)
Annette M. Gifford (270777)
THOMAS & SOLOMON LLP
693 East Avenue
Rochester, New York  14607
Tel: 585-272-0540

C. Brooks Cutter (121407)
John R. Parker, Jr. (257761)
CUTTER LAW PC
401 Watt Avenue
Sacramento, California  95864
Tel: 916-290-9400

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, *ex rel*. MALOU TUTANES-LUSTER,

    Plaintiff,

  v.

BROKER SOLUTIONS, INC. d/b/a NEW AMERICAN FUNDING,

    Defendant.

Case No. 2:19-cv-01630-PSG-JPR

**PLAINTIFF'S FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

   Plaintiff-Relator Malou Tutanes-Luster ("Relator"), by and through her undersigned counsel and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby requests that Defendant Broker Solutions, Inc. d/b/a New American Funding ("NAF" or "Defendant") produce and permit the undersigned to inspect and copy the documents described herein.  The documents shall be produced at the offices of Cutter Law PC, 401 West Avenue, Sacramento, CA 95864 within thirty (30) days of service, or at a time and place agreed to by the parties.

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise indicated, capitalized terms have the meaning ascribed to them in the First Amended *Qui Tam* Complaint and Demand for a Jury Trial in this Action. In addition, Relator hereby incorporates by reference all definitions and instructions set forth in the requests for production styled "Plaintiff's First Request For Production of Documents to Defendant," served on July 24, 2019 in the above-captioned Action.

## RELEVANT TIME PERIOD

The Relevant Time Period for each Request is noted in each Request, and includes all Documents and information related to that period, even though prepared or published outside of that period.

## DOCUMENT REQUESTS

**REQUEST NO. 77:**      Complete loan files for all FHA and VA loans originated by NAF that resulted in any claim being made after January 1, 2011, regardless of loan origination date.

Dated: September 9, 2020

**GRANT & EISENHOFER P.A.**

 */s/ Laina M. Herbert*
Daniel L. Berger (*pro hac vice*)
Kyle J. McGee (*pro hac vice*)
Laina M. Herbert (*pro hac vice*)
123 Justison Street
Wilmington, DE  19801
Telephone:  (302) 622-7000
Emails: dberger@gelaw.com
              kmcgee@gelaw.com
              lherbert@gelaw.com

**CUTTER LAW PC**
C. Brooks Cutter (121407)
John R. Parker, Jr. (257761)
401 Watt Avenue
Sacramento, CA 95864
Telephone:  (916) 290-9400
Emails:  bcutter@cutterlaw.com
            jparker@cutterlaw.com

**THOMAS & SOLOMON LLP**
J. Nelson Thomas (*pro hac vice*)
Jonathan W. Ferris (*pro hac vice*)
Michael J. Lingle (*pro hac vice*)
Annette M. Gifford (270777)
693 East Avenue
Rochester, New York 14607
Telephone:  (585) 272-0540
Emails:
nthomas@theemploymentattorneys.com
jferris@theemploymentattorneys.com
mlingle@theemploymentattorneys.com
amgifford@gmail.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I, Laina M. Herbert, hereby certify that on this 9th day of September 2020, a true and correct copy of **Plaintiff's Fourth Request for Production of Documents to Defendant** was emailed to counsel of record for defendant at the email addresses below.

Michael H. Kider, Esquire
Joel A. Schiffman, Esquire
Timothy P. Ofak, Esquire
Lindsay L. Buchanan, Esquire
**Weiner Brodsky Kider PC**
1300 19th Street, NW Fifth Floor
Washington, DC 20036
kider@thewbkfirm.com
schiffman@thewbkfirm.com
ofak@thewbkfirm.com
buchanan@thewbkfirm.com

Joshua A. Rosenthal, Esquire
**Medlin & Hargrave, PC**
3562 Round Barn Circle, Suite 212
Santa Rosa, CA 95403
jrosenthal@mhlawcorp.com

Joshua H. Abel
Evan M. Rothman
**ABEL LAW OFFICES, PC**
2601 Main Street, Suite 1200
Irvine, CA 92614
josh@abelattorneys.com
evan@abelattorneys.com

 */s/ Laina M. Herbert*
Laina M. Herbert

---

PLAINTIFF'S FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
Case No. 3:19-cv-01630-PSG-JPR
1

# **EXHIBIT 33**

**WEINER BRODSKY KIDER PC**

Mitchel H. Kider, CA Bar No. 116479
Joel A. Schiffman, CA Bar No. 90138
Timothy P. Ofak (*Admitted Pro Hac Vice*)
Lindsay L. Buchanan (*Admitted Pro Hac Vice*)
1300 19th Street, NW Fifth Floor
Washington, DC 20036
Telephone: 202.628.2000
Facsimile: 202.628.2011
Email: kider@thewbkfirm.com
         schiffman@thewbkfirm.com
         ofak@thewbkfirm.com
         buchanan@thewbkfirm.com

**ABEL LAW OFFICES, PC**

Joshua H. Abel, CA Bar No. 244592
Evan M. Rothman, CA Bar No. 271313
2601 Main Street, Suite 1200
Irvine, CA 95403
Telephone: 949-537-3490
Facsimile: 949-537-3491
Email: josh@abelattorneys.com
         evan@abelattorneys.com

*Attorneys for Defendant Broker Solutions, Inc.
d/b/a New American Funding*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* MALOU TUTANES-LUSTER, <br><br> Plaintiff, <br><br> v. <br><br> BROKER SOLUTIONS, INC. d/b/a NEW AMERICAN FUNDING, <br><br> Defendant. | Civil Action No. 2:19-cv-01630-PSG-JPR <br><br><br> **DEFENDANT NEW AMERICAN FUNDING'S OBJECTIONS AND RESPONSES TO RELATOR'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

NAF's Objections and Responses to Relator's Fourth Set of Requests for Production of Documents Case No. 2:19-cv-01630-PSG

1

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

Pursuant to Rules 26 and 34 of the Federal Rule of Civil Procedure, Defendant Broker Solutions, Inc. d/b/a New American Funding ("NAF") objects and responds to Relator Malou Tutanes-Luster's ("Relator") Fourth Set of Requests for Production of Documents to NAF as follows.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

NAF objects to Relator's definitions of "NAF," "Company," "You," "Your," and "Yours" inasmuch as they call for information and documents from NAF's "subsidiaries, divisions or affiliates, predecessors, successors and any present and former officers, directors, employees, agents or members of the Board of Directors of the Company, its attorneys, accountants, advisors and all other persons acting or purporting to act on its behalf" not relevant to the claims or defenses of any party or protected from disclosure by the attorney-client privilege, the work product doctrine, examination privilege, or any other applicable privilege. The Amended Complaint does not reference any entity other than NAF. Accordingly, NAF will only respond on its own behalf.

NAF's Objections and Responses to Relator's
Fourth Set of Requests for Production of Documents
Case No. 2:19-cv-01630-PSG

2

NAF objects to Relator's Instructions to the extent they purport to impose

obligations beyond those required by the Federal Rules of Civil Procedure, and to

the extent that they call for information not relevant to the claim or defense of any

party.

## OBJECTIONS TO RELEVANT TIME PERIOD

NAF objects to the "Relevant Time Period" as beyond the statute of

limitations and as therefore calling for information that is not relevant to the claim

or defense of any party.

## GENERAL OBJECTIONS

NAF's objections and responses to the Requests are subject to and governed

by the following general objections. When a general objection is particularly

applicable to a specific Request, NAF may incorporate that objection by reference

in its response.  However, such incorporation by reference is not intended to waive

any of the other general objections to each Request.

1.     NAF objects to the Requests to the extent they seek information and

documents protected from disclosure by the attorney-client privilege, the work

product doctrine, examination privilege, or any other applicable privilege.

2.     NAF objects to the Requests to the extent they purport to impose

obligations beyond those prescribed by the Federal Rules of Civil Procedure or the

NAF's Objections and Responses to Relator's
Fourth Set of Requests for Production of Documents
Case No. 2:19-cv-01630-PSG
3

Local Civil Rules of the District Court for the Central District of California, and any Orders of the Court.

3.       NAF objects to the Requests to the extent they seek information not in NAF's possession, custody, or control.

4.       NAF objects to the Requests to the extent they are overly broad, unduly burdensome, or oppressive, or do not comply with the Federal Rules' proportionality requirement.

5.       NAF objects to the Requests to the extent they seek information and documents that are not relevant to a claim or defense of a party and, therefore, are beyond the scope of permissible discovery as prescribed by Federal Rule of Civil Procedure 26(b)(1).

## **RESERVATION OF RIGHTS**

1.       NAF's objections and responses to the Requests are based on information now known to NAF.  NAF reserves the right to amend, modify, or supplement its objections and responses if it learns new information.

2.       The fact that, in response to certain Requests, NAF provides responsive information is not a concession that the information or documents are relevant or admissible in this case.

3.       In producing documents and information, NAF does not in any way waive, but rather, intends to preserve:

NAF's Objections and Responses to Relator's Fourth Set of Requests for Production of Documents Case No. 2:19-cv-01630-PSG

4

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

a.  all objections as to competency, relevancy, materiality, and

admissibility;

b.  all objections as to vagueness and ambiguity;

c.  all rights to object on any ground to the use of the responses contained

herein in any proceeding; and

d.  all rights to object on any grounds to any further discovery request

related to any of the Requests herein.

## OBJECTIONS AND RESPONSES TO
## REQUESTS FOR PRODUCTION

**REQUEST NO. 77:**      Complete loan files for all FHA and VA loans originated
by NAF that resulted in any claim being made after January 1, 2011, regardless of
loan origination date.

**OBJECTION**:  NAF objects to this request for FHA and VA loan files as overly
broad and unduly burdensome given the number of loan files—over 1,300 FHA
loan files identified by HUD—seemingly being requested.  Many of these loans
were identified as having a HAMP loan modification incentive payment, not a
claim concerning any outstanding loan amount.  *See* Req. No. 1 - Broker Solutions
loans originated with loss mitigation claims paid.xlsx produced by HUD.  Many of
these FHA loans are active loans, and therefore, are not subject to Relator's
Amended Complaint.  *See id*.  NAF further objects to producing loan files for
FHA streamline refinance loans, which predominate the loans requested.  Such
loans have minimal origination and underwriting requirements that are not
implicated by Relator's Amended Complaint.  *See* 4000.1 HUD Handbook, II.A.8.

NAF's Objections and Responses to Relator's
Fourth Set of Requests for Production of Documents
Case No. 2:19-cv-01630-PSG
5

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

NAF also objects to the extent Relator is seeking loan files prior to NAF becoming a Direct Endorsement ("DE") lender.  As for VA loans, NAF objects to the extent Relator seeks loan files that were obtained by the Company prior to NAF obtaining automatic approved lender status.  Similarly, NAF objects to the extent that Relator seeks loan files related to VA Interest Rate Reduction Refinancing Loans (IRRRLs).  Such loans also have minimal origination and underwriting requirements that are not implicated by Relator's Amended Complaint.  *See* VA Pamphlet 26-7, Revised Chapter 6: Refinancing Loans.

**RESPONSE**:  NAF stands on its objections.

Dated:  October 9, 2020

**WEINER BRODSKY KIDER PC**

*s/ Timothy P. Ofak*
Mitchel H. Kider (CA Bar No. 116479)
Joel A. Schiffman (CA Bar No. 90138)
Timothy P. Ofak (*Pro Hac Vice*)
Lindsay L. Buchanan (*Pro Hac Vice*)
1300 19th Street NW, Fifth Floor
Washington, DC 20036
Tel:  (202) 628-2000
Facsimile:  (202) 628-2011
Email: kider@thewbkfirm.com
          schiffman@thewbkfirm.com
          ofak@thewbkfirm.com
          buchanan@thewbkfirm.com

*Counsel for Broker Solutions, Inc.*
*d/b/a New American Funding*

NAF's Objections and Responses to Relator's
Fourth Set of Requests for Production of Documents
Case No. 2:19-cv-01630-PSG

6

# **CERTIFICATE OF SERVICE**

I certify that on October 9, 2020, I caused the foregoing Defendant New American Funding's Objections and Responses to Relator's Fourth Set of Requests for Production of Documents to be sent via electronic mail to:

J. Nelson Thomas (*Pro Hac Vice*)
Jonathan W. Ferris (*Pro Hac Vice*)
Michael J. Lingle (*Pro Hac Vice*)
Annette M. Gifford (CA Bar No. 270777)
THOMAS & SOLOMON LLP
693 East Avenue
Rochester, NY 14607

Daniel L. Berger (to be admitted *Pro Hac Vice*)
Kyle J. McGee (*Pro Hac Vice*)
Laina M. Herbert (*Pro Hac Vice*)
GRANT & EISENHOFER P.A.
123 Justison Street
Wilmington, Delaware, 19801

C. Brooks Cutter (121407)
John R. Parker, Jr. (257761)
CUTTER LAW PC
401 Watt Avenue
Sacramento, CA 95864

*Attorneys for Relator*

/s/ Lindsay L. Buchanan
Lindsay L. Buchanan
WEINER BRODSKY KIDER PC
1300 19th Street, NW, Fifth Floor
Washington, D.C.  20036
(202) 628-2000 (Tel)
(202) 628-2011 (Fax)

*Attorney for Defendant*

NAF's Objections and Responses to Relator's
Fourth Set of Requests for Production of Documents
Case No. 2:19-cv-01630-PSG

7

# EXHIBIT 34

**WEINER BRODSKY KIDER PC**
Mitchel H. Kider, CA Bar No. 116479
Joel A. Schiffman, CA Bar No. 90138
Timothy P. Ofak (*Admitted Pro Hac Vice*)
Lindsay L. Buchanan (*Admitted Pro Hac Vice*)
1300 19th Street, NW Fifth Floor
Washington, DC 20036
Telephone: 202.628.2000
Facsimile: 202.628.2011
Email: kider@thewbkfirm.com
        schiffman@thewbkfirm.com
        ofak@thewbkfirm.com
        buchanan@thewbkfirm.com

**MEDLIN & HARGRAVE, PC**
Joshua A. Rosenthal, CA Bar No. 190284
3562 Round Barn Circle, Suite 212
Santa Rosa, CA 95403
Telephone: 707.570.2200
Facsimile: 510.832.2945
Email: jrosenthal@mhlawcorp.com

*Attorneys for Defendant Broker Solutions, Inc.*
*d/b/a New American Funding*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* MALOU TUTANES-LUSTER, <br><br> Plaintiff, <br><br> v. <br><br> BROKER SOLUTIONS, INC. d/b/a NEW AMERICAN FUNDING, <br><br> Defendant. | Civil Action No. 19-cv-01630-PSG-JPR <br><br> **DEFENDANT NEW AMERICAN FUNDING'S OBJECTIONS TO RELATOR MALOU TUTANES-LUSTER'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

WEINER BRODSKY KIDER    PC
A Professional    Corporation formed in the District of Columbia

Pursuant to Rules 26 and 34 of the Federal Rule of Civil Procedure,

Defendant Broker Solutions, Inc. d/b/a New American Funding ("NAF") objects to

Relator Malou Tutanes-Luster's ("Relator") First Set of Requests for Production of

Documents to NAF as follows.  Furthermore, all productions of documents will be

governed by the ESI protocol and the protective order which have yet to be agreed

upon by the parties and/or entered by the Court.  NAF will supplement these

objections with any responses, and coordinate production of documents, once the

an ESI protocol and protective order are in place, after meeting and conferring

with Relator to the extent necessary, and as otherwise required by Rule 26(e).

## **OBJECTIONS TO DEFINITIONS**

NAF objects to Relator's definitions of "NAF," "Company," "You,"

"Your," and "Yours" inasmuch as they call for information and documents from

NAF's "subsidiaries, divisions or affiliates, predecessors, successors and any

present and former officers, directors, employees, agents or members of the Board

of Directors of the Company, its attorneys, accountants, advisors and all other

persons acting or purporting to act on its behalf" not relevant to the claims or

defenses of any party or protected from disclosure by the attorney-client privilege,

the work product doctrine, examination privilege, or any other applicable privilege.

The Amended Complaint does not reference any entity other than NAF.

Accordingly, NAF will only respond on its own behalf.

NAF's Objections to Relator's First Set of
Requests for Production of Documents
Case No. 19-cv-01630-PSG

2

WEINER BRODSKY KIDER PC
A Professional   Corporation formed in the District of Columbia

NAF objects to the "Relevant Time Period" as beyond the statute of limitations and as therefore calling for information that is not relevant to the claim or defense of any party.

## OBJECTIONS TO INSTRUCTIONS

NAF objects to Relator's Instructions to the extent they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, and to the extent that they call for information not relevant to the claim or defense of any party.

## GENERAL OBJECTIONS

NAF's objections and responses to the Requests are subject to and governed by the following general objections. When a general objection is particularly applicable to a specific Request, NAF may incorporate that objection by reference in its response. However, such incorporation by reference is not intended to waive any of the other general objections to each Request.

1. NAF objects to the Requests to the extent they seek information and documents protected from disclosure by the attorney-client privilege, the work product doctrine, examination privilege, or any other applicable privilege.

2. NAF objects to the Requests to the extent they purport to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure or the Local Civil Rules of the District Court for the Central District of California, and

any Orders of the Court.

3.     NAF objects to the Requests to the extent they seek information not in NAF's possession, custody or control.

4.     NAF objects to the Requests to the extent they are overly broad, unduly burdensome, or oppressive, or do not comply with the Federal Rules' proportionality requirement.

5.     NAF objects to the Requests to the extent they seek information and documents that are not relevant to a claim or defense of a party and, therefore, are beyond the scope of permissible discovery as prescribed by Federal Rule of Civil Procedure 26(b)(1).

## <u>RESERVATION OF RIGHTS</u>

1.     NAF's objections and responses to the Requests are based on information now known to NAF.  NAF reserves the right to amend, modify, or supplement its objections and responses if it learns new information.

2.     The fact that, in response to certain Requests, NAF provides responsive information is not a concession that the information or documents are relevant or admissible in this case.

3.     In producing documents and information, NAF does not in any way waive but rather, intends to preserve:

    a.  all objections as to competency, relevancy, materiality, and

admissibility;

b.  all objections as to vagueness and ambiguity;

c.  all rights to object on any ground to the use of the responses contained herein in any proceeding; and

d.  all rights to object on any grounds to any further discovery request related to any of the Requests herein.

### <u>OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION</u>

**REQUEST NO. 1:** All certifications You made to the FHA to participate in the DE Program, including Your: (a) initial certifications; (b) annual certifications; and (c) each separate certification submitted to the Government for each individual loan that You endorsed for Government insurance ("loan-level certifications").

**OBJECTION**:  NAF objects to the request for "all" documents as creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations. NAF also objects to this request as vague and ambiguous with respect to the terms and phrases "certifications," "participate in the DE Program," "initial certifications," "annual certifications," "each separate certification," "loan-level certifications," and "Government insurance."  NAF further objects to this request on the basis that it is overly broad and unduly burdensome.  Loan-level certifications on FHA loans for which no claims were paid are not relevant to any party's claims or defenses, and are not proportional to the needs of the case.

WEINER BRODSKY KIDER PC
A Professional   Corporation formed in the District of Columbia

**REQUEST NO. 2:** All certifications You made to the VA in order to participate in the VA Program, including Your: (a) initial certifications, including but not limited to Your Form 26-8736; (b) annual certifications; and (c) loan-level certifications, including but not limited to Your VA Forms 26-1820.

**OBJECTION:** NAF objects to the request for "all" documents as creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations. NAF also objects to this request as vague and ambiguous with respect to the terms and phrases "certifications," "participate in the VA Program," "initial certifications," "annual certifications," and "loan-level certifications." NAF further objects to this request on the basis that it is overly broad. Loan-level certifications on VA loans for which no claims were paid are not relevant to any party's claims or defenses, and are not proportional to the needs of the case.

**REQUEST NO. 3:** All Communications concerning any certifications you made to the FHA and/or the VA in order to participate in the Government Programs, including Your: (a) initial certifications; (b) annual certifications; and (c) loan-level certifications.

**OBJECTION:** NAF objects to the request for "All Communications" as overly broad and unduly burdensome. NAF also objects to this request as vague and ambiguous with respect to the terms and phrases "certifications," "participate in the Government Programs," "initial certifications," "annual certifications," and

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

"loan-level certifications."  NAF further objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**REQUEST NO. 4:** All Communications with the FHA concerning the DE Program.

**OBJECTION:**  NAF objects to the request for "All Communications" as overly broad and unduly burdensome.  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**REQUEST NO. 5:**  All Communications with the VA concerning the VA Program.

**OBJECTION:**  NAF objects to the request for "All Communications" as overly broad and unduly burdensome.  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**REQUEST NO. 6:** Your complete underwriting files for all loans submitted to the FHA under the DE Program.

**OBJECTION:**  NAF objects to the request for "all" documents as creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and

WEINER BRODSKY KIDER   PC
A Professional   Corporation formed in the District of Columbia

1   review, and in a manner which is otherwise consistent with its legal obligations.

2   NAF also objects to this request as vague and ambiguous with respect to the phrase

3   "complete underwriting files." NAF further objects to this request on the basis that

4   it is overly broad and unduly burdensome to the extent it seeks "underwriting files

5   for all loans submitted to the FHA under the DE Program." Files on FHA loans

6   for which no claims were paid are not relevant to any party's claims or defenses,

7   and they are not proportional to the needs of the case.

8

9   **REQUEST NO. 7:** Your complete underwriting files for all loans submitted to the

10   VA under the VA Program.

11

12   **OBJECTION:**   NAF objects to the request for "complete underwriting files for

13   all loans submitted to the VA" as creating an undue burden, and will instead limit

14   any production to relevant, non-privileged documents in its possession, custody, or

15   control to the extent such documents are reasonably accessible and which NAF can

16   locate after a reasonable search and review, and in a manner which is otherwise

17   consistent with its legal obligations. NAF also objects to this request as vague and

18   ambiguous with respect to the phrase "complete underwriting files." NAF further

19   objects to this request on the basis that it is overly broad and unduly burdensome to

20   the extent it seeks "underwriting files for all loans submitted to the VA under the

21   VA Program." Files on VA loans for which no claims were paid are not relevant

22   to any party's claims or defenses, and are not proportional to the needs of the case.

23

24   **REQUEST NO. 8:** All Government loan files reviewed by Plaintiff that were

25   endorsed to the Government.

26

27

28

NAF's Objections to Relator's First Set of
Requests for Production of Documents
Case No. 19-cv-01630-PSG

8

WEINER BRODSKY KIDER   PC
A Professional   Corporation formed in the District of Columbia

**OBJECTION:**   NAF objects to this request as vague and ambiguous with respect to the terms and phrases "Government" and "Government loan files." NAF further objects to this request on the basis that it is overly broad and unduly burdensome to the extent it seeks loan files other than FHA and VA loan files on which claims were paid by FHA or VA, as any such loan files are not relevant to any party's claims or defenses, and they are not proportional to the needs of the case.

**REQUEST NO. 9:** Data sufficient to show and identify every Government loan that You submitted to the FHA and/or the VA that defaulted.

**OBJECTION:**   NAF objects to the request for "Data sufficient to show and identify every Government loan" that defaulted as overly broad and creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations. NAF also objects to this request as vague and ambiguous with respect to the terms and phrases "data sufficient to show" and "Government loan." Furthermore, data for FHA and VA loans for which no claims were paid are not relevant to any party's claims or defenses, and are not proportional to the needs of the case.

**REQUEST NO. 10:** All Communications concerning any Government loan that You submitted to the FHA and/or the VA that defaulted.

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

**OBJECTION:** NAF objects to the request for "All Communications" as overly broad and unduly burdensome. NAF further objects to this request as vague and ambiguous with respect to the term "Government loan." NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**REQUEST NO. 11:** All claims or requests for payment made to the Government on any loan originated by NAF under the Government Programs, whether made by You or by any third-party that subsequently acquired the loan after You sold it, as a result of defaulted FHA loans or VA loans that You originated and endorsed.

**OBJECTION:** NAF objects to the request for "All claims or requests for payment" as overly broad and creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations. NAF also objects to this request as vague and ambiguous with respect to the term "Government."

**REQUEST NO. 12:** Documents reflecting all payments You received from the FHA.

**OBJECTION:** NAF objects to the request for "Documents reflecting all payments" as overly broad and creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise

WEINER BRODSKY KIDER   PC
A Professional   Corporation formed in the District of Columbia

consistent with its legal obligations. NAF also objects to this request as vague and ambiguous with respect to the terms "reflecting" and "payments." NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**REQUEST NO. 13:** Documents reflecting all payments You received from the VA.

**OBJECTION:** NAF objects to the request for "Documents reflecting all payments" as overly broad and creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations. NAF also objects to this request as vague and ambiguous with respect to the terms "reflecting" and "payments." NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**REQUEST NO. 14:** All Documents concerning each and every loan You sold after origination, including but not limited to any Documents reflecting or memorializing the transfer or sale of any interest in such loans.

**OBJECTION:** NAF objects to the request as overly broad and unduly burdensome. NAF also objects to this request as vague and ambiguous with respect to the terms "reflecting" and "memorializing." NAF further objects to this request on the basis that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

NAF's Objections to Relator's First Set of
Requests for Production of Documents
Case No. 19-cv-01630-PSG

11

1

2 **REQUEST NO. 15:**  Documents reflecting each and every loan You endorsed

3 under the Government Programs that has defaulted resulting in claims made on the

4 Government.

5

6 **OBJECTION:**  NAF objects to the request for "Documents reflecting each and

7 every loan" as creating an undue burden, and will instead limit any production to

8 relevant, non-privileged documents in its possession, custody, or control to the

9 extent such documents are reasonably accessible and which NAF can locate after a

10 reasonable search and review, and in a manner which is otherwise consistent with

11 its legal obligations.  NAF also objects to this request as vague and ambiguous

12 with respect to the terms "reflecting" and "Government."  NAF also objects to this

13 request to the extent that it is overly broad and calls for documents that are not

14 relevant to any party's claims or defenses, and it is not proportional to the needs of

15 the case.

16

17 **REQUEST NO. 16:**  Documents reflecting the total number of claims made on

18 the Government as a result of loans NAF endorsed under the Government

19 Programs defaulting.

20

21 **OBJECTION:**  NAF objects to the request for "Documents reflecting the total

22 number of claims" as creating an undue burden, and will instead limit any

23 production to relevant, non-privileged documents in its possession, custody, or

24 control to the extent such documents are reasonably accessible and which NAF can

25 locate after a reasonable search and review, and in a manner which is otherwise

26 consistent with its legal obligations.  NAF also objects to this request as vague and

27 ambiguous with respect to the terms "reflecting" and "Government."  NAF also

28

NAF's Objections to Relator's First Set of
Requests for Production of Documents
Case No. 19-cv-01630-PSG

12

WEINER BRODSKY KIDER  PC
A Professional  Corporation formed in the District of Columbia

1   objects to this request to the extent that it is overly broad and calls for documents

2   that are not relevant to any party's claims or defenses, and it is not proportional to

3   the needs of the case.

4

5   **REQUEST NO. 17:**  All training materials created or used by You to train

6   employees in the areas of underwriting, origination, endorsement, and quality

7   control of loans originated under the Government Programs, regardless of whether

8   such employees held positions in underwriting, origination, endorsement, or

9   quality control, or other functions, within NAF.

10

11   **OBJECTION:**   NAF objects to the request for "All training materials" as creating

12   an undue burden, and will instead limit any production to relevant, non-privileged

13   documents in its possession, custody, or control to the extent such documents are

14   reasonably accessible and which NAF can locate after a reasonable search and

15   review, and in a manner which is otherwise consistent with its legal obligations.

16   NAF also objects to this request to the extent that it is overly broad and calls for

17   documents that are not relevant to any party's claims or defenses, and it is not

18   proportional to the needs of the case.

19

20   **REQUEST NO. 18:**  All Documents concerning or discussing any commission-

21   based compensation policies and/or practices, including but not limited Documents

22   concerning and/or discussing the amounts of any bonuses or other compensation

23   You paid to any employee in connection with the quantity of loan files approved

24   for submission or endorsement to the Government.

25

26   **OBJECTION:**   NAF objects to the request as overly broad and unduly

27   burdensome.  NAF further objects to this request as vague and ambiguous with

28

NAF's Objections to Relator's First Set of
Requests for Production of Documents
Case No. 19-cv-01630-PSG

13

WEINER BRODSKY KIDER   PC
A Professional   Corporation formed in the District of Columbia

1  respect to the terms "commission-based," "Government," and "practices."  NAF

2  also objects to this request to the extent that it calls for documents that are not

3  relevant to any party's claims or defenses, and it is not proportional to the needs of

4  the case.

5

6  **REQUEST NO. 19:**  All Documents concerning commissions or bonuses or other

7  compensation paid to NAF employees performing underwriting functions in

8  connection with Government loans (regardless of whether such employees were

9  employed as underwriters), including but not limited to: (a) the complete

10 underwriting files for which the commission(s) and/or bonus(es) were paid; (b)

11 Documents identifying: (i) each employee performing underwriting services to

12 whom You paid commission(s) and/or bonus(es); and (ii) the amount(s) of such

13 commission(s) and/or bonus(es) paid.

14

15 **<u>OBJECTION:</u>**  NAF objects to the request as overly broad and unduly

16 burdensome.  NAF further objects to this request as vague and ambiguous with

17 respect to the terms and phrases "commissions," "complete underwriting files,"

18 "underwriter functions," "underwriting services," and "Government loans."  NAF

19 also objects to this request to the extent that it calls for documents that are not

20 relevant to any party's claims or defenses, and it is not proportional to the needs of

21 the case.  Furthermore, payroll records and communications regarding salaries for

22 NAF employees are not relevant to the claims and defenses in this action or

23 proportional to the needs of the case, and therefore will not be produced.

24

25 **REQUEST NO. 20:**  All Documents concerning or discussing Your management

26 exception and/or management override policies and/or practices, as alleged in

27 Paragraphs 22(b), 237, 234-217 of the Amended Complaint.

28

NAF's Objections to Relator's First Set of
Requests for Production of Documents
Case No. 19-cv-01630-PSG

14

WEINER BRODSKY KIDER  PC
A Professional  Corporation formed in the District of Columbia

1

2   **OBJECTION:**   NAF objects to the request as overly broad and unduly

3   burdensome.  NAF further objects to this request as vague and ambiguous with

4   respect to the terms and phrases "management exception," "management

5   override," and "practices."  NAF also objects to this request to the extent that it

6   calls for documents that are not relevant to any party's claims or defenses, and it is

7   not proportional to the needs of the case.  NAF also objects to this request as it is

8   not limited to FHA and VA loans.

9

10   **REQUEST NO. 21:**  All Documents discussing the circumstances under which

11   NAF management would permit loans to be endorsed even if they did not meet the

12   Government Programs' requirements.

13

14   **OBJECTION:**   NAF objects to the request as overly broad and unduly

15   burdensome.  NAF further objects to this request as vague and ambiguous with

16   respect to the phrase "Government Programs' requirements."  NAF also objects to

17   this request to the extent that it calls for documents that are not relevant to any

18   party's claims or defenses, and it is not proportional to the needs of the case.

19

20   **REQUEST NO. 22:**  All Documents discussing NAF employees (including

21   management employees) overriding adverse underwriting decisions and/or

22   unfavorable credit decisions on Government loans that did not meet the

23   Government Programs' requirements.

24

25   **OBJECTION:**   NAF objects to the request as overly broad and unduly

26   burdensome.  NAF further objects to this request as vague and ambiguous with

27   respect to the terms and phrases "overriding," "adverse underwriting decisions,"

28

NAF's Objections to Relator's First Set of
Requests for Production of Documents
Case No. 19-cv-01630-PSG

15

WEINER BRODSKY KIDER    PC
A Professional    Corporation formed in the District of Columbia

1    "unfavorable credit decisions," "Government loans," and "Government Programs'

2    requirements." NAF also objects to this request to the extent that it calls for

3    documents that are not relevant to any party's claims or defenses, and it is not

4    proportional to the needs of the case.

5

6    **REQUEST NO. 23:** Documents sufficient to show and identify each and every

7    Government loan that NAF employees (including management employees)

8    approved that did not meet the Government Programs' requirements.

9

10   **OBJECTION:**  NAF objects to the request as overly broad and unduly

11   burdensome. NAF further objects to this request as vague and ambiguous with

12   respect to the terms and phrases "Government loan" and "Government Programs'

13   requirements." NAF also objects to this request to the extent that it calls for

14   documents that are not relevant to any party's claims or defenses, and it is not

15   proportional to the needs of the case. NAF further objects to the request to the

16   extent it calls for a legal conclusion as to whether a loan did not meet

17   "Government Programs' requirements."

18

19   **REQUEST NO. 24:** Documents concerning or discussing lists publicizing the

20   number of loan files Processing Managers and/or their employees approved each

21   month.

22

23   **OBJECTION:**  NAF objects to the request as overly broad and unduly

24   burdensome. NAF further objects to this request as vague and ambiguous with

25   respect to the terms "publicizing" and "approved." NAF also objects to this

26   request to the extent that it calls for documents that are not relevant to any party's

27   claims or defenses, and it is not proportional to the needs of the case.

28

NAF's Objections to Relator's First Set of
Requests for Production of Documents
Case No. 19-cv-01630-PSG

16

WEINER BRODSKY KIDER    PC
A Professional    Corporation formed in the District of Columbia

**REQUEST NO. 25:** All Documents concerning Government loan files that did not meet the Government Programs' requirement that You endorsed to the Government through the management override process, including the underlying loan files.

**OBJECTION:**  NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the terms and phrases "Government loan files," "Government Programs' requirements," and "management override process."  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.  NAF further objects to the request to the extent it calls for a legal conclusion as to whether a loan file did not meet "Government Programs' requirements."

**REQUEST NO. 26:** All Documents concerning or discussing Your employees' attempts to avoid initial rejections by underwriting and subsequent appeals by loan officers of non-qualifying loan files.

**OBJECTION:**  NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the terms and phrases "initial rejections," "appeals," and "non-qualifying loan files."  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

WEINER BRODSKY KIDER PC
A Professional   Corporation formed in the District of Columbia

NAF's Objections to Relator's First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

1

2  **REQUEST NO. 27:** All Documents concerning or discussing the approval of

3  loan files that did not meet the Government Programs' underwriting guidelines or

4  the Government Programs' requirements.

5

6  **OBJECTION:**  NAF objects to the request as overly broad and unduly

7  burdensome.  NAF further objects to this request as vague and ambiguous with

8  respect to the terms and phrases "approval," "loan files," "Government Programs'

9  underwriting guidelines" and "Government Programs' requirements."  NAF also

10  objects to this request to the extent that it calls for documents that are not relevant

11  to any party's claims or defenses, and it is not proportional to the needs of the case.

12  NAF further objects to the request to the extent it calls for a legal conclusion as to

13  whether a loan file did not meet "Government Programs' underwriting guidelines

14  or the Government Programs' requirements."

15

16  **REQUEST NO. 28:** All performance reviews for: (a) Loan Officer Managers and

17  (b) Processing Managers, including Kevin English and Michael Garcia.

18

19  **OBJECTION:**  NAF objects to the request as overly broad and unduly

20  burdensome.  NAF further objects to this request as vague and ambiguous with

21  respect to the term "performance reviews."  NAF also objects to this request on the

22  basis that it calls for documents that are not relevant to any party's claims or

23  defenses, and it is not proportional to the needs of the case.

24

25  **REQUEST NO. 29:** All Documents concerning Your internal property appraisal

26  policies.

27

28

WEINER BRODSKY KIDER    PC
A Professional    Corporation formed in the District of Columbia

NAF's Objections to Relator's First Set of
Requests for Production of Documents
Case No. 19-cv-01630-PSG

WEINER BRODSKY KIDER    PC
A Professional    Corporation formed in the District of Columbia

1    **OBJECTION:**   NAF objects to the request for "all" documents as overly broad

2    and creating an undue burden, and will instead limit any production to relevant,

3    non-privileged documents in its possession, custody, or control to the extent such

4    documents are reasonably accessible and which NAF can locate after a reasonable

5    search and review, and in a manner which is otherwise consistent with its legal

6    obligations.  NAF also objects to this request as it is not limited to property

7    appraisal policies concerning FHA and VA loans.

8

9    **REQUEST NO. 30:**   All Documents concerning or referring to NAF or its

10   employees taking any steps to increase or modify the appraised value of properties,

11   including by making "value appeals" to appraisers or interfering in any way with

12   the work of appraisers, and the corresponding appraisals.

13

14   **OBJECTION:**   NAF objects to the request as overly broad and unduly

15   burdensome.  NAF further objects to this request as vague and ambiguous with

16   respect to the terms "value appeals" and "interfering."  NAF also objects to this

17   request to the extent that it calls for documents that are not relevant to any party's

18   claims or defenses, and it is not proportional to the needs of the case.

19

20   **REQUEST NO. 31:**   All Documents concerning NAF loan officers and/or their

21   assistants' communications with appraisers (or the employer(s) of such appraisers)

22   who were performing the appraisals necessary for Government loans.

23

24   **OBJECTION:**  NAF objects to the request as overly broad and unduly

25   burdensome.  NAF further objects to this request as vague and ambiguous with

26   respect to the term "Government loans."  NAF also objects to this request to the

27   extent that it calls for documents that are not relevant to any party's claims or

28

NAF's Objections to Relator's First Set of
Requests for Production of Documents
Case No. 19-cv-01630-PSG

19

1  defenses, and it is not proportional to the needs of the case.

2

3  **REQUEST NO. 32:**  All Documents concerning actual or potential commissions,

4  bonuses, or other compensation paid or made available to loan officers in

5  connection with appraisal values obtained.

6

7  **OBJECTION:**   NAF objects to the request as overly broad and unduly

8  burdensome.  NAF further objects to this request as vague and ambiguous with

9  respect to the terms and phrases "actual or potential" and "commissions."  NAF

10  also objects to this request on the basis that it calls for documents that are not

11  relevant to any party's claims or defenses, and it is not proportional to the needs of

12  the case.  Furthermore, payroll records and communications regarding salaries for

13  NAF employees are not relevant to the claims and defenses in this action or

14  proportional to the needs of the case, and therefore will not be produced.  NAF

15  also objects to this request on the basis that it is duplicative of Document Request

16  No. 18.

17

18  **REQUEST NO. 33:**  All Documents concerning loan officers physically attending

19  appraisals or otherwise being present at the property at the same time as the

20  appraiser, and the corresponding appraisals.

21

22  **OBJECTION:**   NAF objects to the request as overly broad and unduly

23  burdensome.  NAF also objects to this request to the extent that it calls for

24  documents that are not relevant to any party's claims or defenses, and it is not

25  proportional to the needs of the case.

26

27

28
NAF's Objections to Relator's First Set of
Requests for Production of Documents
Case No. 19-cv-01630-PSG

20

WEINER BRODSKY KIDER   PC
A Professional   Corporation formed in the District of Columbia

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

**REQUEST NO. 34:**  All Documents concerning loan officers: (a) selecting appraisers; (b) commenting on appraiser's appraisals; and/or (c) criticizing appraisers and/or the outcome of appraisals.

**OBJECTION:**   NAF objects to the request as overly broad and unduly burdensome.  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**REQUEST NO. 35:**  All Documents concerning and/or reflecting comments recorded on NAF's appraisal vendor's website concerning appraisals and/or appraisers.

**OBJECTION:**   NAF objects to the request for "all" documents as overly broad and creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations.  NAF further objects to this request to the extent it seeks documents concerning FHA and VA loans for which no claims were paid, as they are not relevant to any party's claims or defenses and are not proportional to the needs of the case.

**REQUEST NO. 36:**  All Documents concerning and/or reflecting NAF personnel contacting appraisers (or their employer(s)) concerning the value of an appraisal.

NAF's Objections to Relator's First Set of
Requests for Production of Documents
Case No. 19-cv-01630-PSG

21

**OBJECTION:**   NAF objects to the request as overly broad and unduly burdensome.  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**REQUEST NO. 37:**  All Documents concerning NAF loan officers using, or seeking to use, appraisers who would value the property at the levels the loan officers set for the value appeals.

**OBJECTION:**   NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the term "value appeals."  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**REQUEST NO. 38:**  All Documents concerning Your policies and/or practices concerning the use of borrower data in the AUS/TOTAL system.

**OBJECTION:**   NAF objects to the request for "all" documents as overly broad and creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations.  NAF further objects to this request as vague and ambiguous with respect to the term "practices."  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

WEINER BRODSKY KIDER    PC
A Professional    Corporation formed in the District of Columbia

**REQUEST NO. 39:**   All Documents concerning or discussing Your employees' practices of modifying or manipulating variables in the AUS/TOTAL system after receiving a "refer/caution" rating to identify the variable(s) that would result in an "accept/approve" rating, as alleged in Paragraphs 22(d), 206(d), 347-365 of the Amended Complaint.

**OBJECTION:**   NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the terms "modifying," "manipulating," "practices," and "variable(s)." NAF further objects to the request to the extent it calls for a legal conclusion as to the meaning of "modifying" or "manipulating" in this request.  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**REQUEST NO. 40:**   All Documents concerning or discussing Your employees' practices of reverse engineering loan approvals by modifying or manipulating the variable(s) in the AUS/TOTAL system after receiving a "refer/caution" rating to identify the variable(s) that would result in an "accept/approve" rating, as alleged in Paragraphs 361-363 of the Amended Complaint.

**OBJECTION:**   NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the terms and phrases "practices," "reverse engineering," "variable(s)," "modifying" or "manipulating."   NAF further objects to the request to the extent it calls for a legal conclusion as to the meaning of "modifying" or "manipulating" in this request.  NAF also objects to this request to the extent that it calls for

NAF's Objections to Relator's First Set of
Requests for Production of Documents
Case No. 19-cv-01630-PSG

23

1   documents that are not relevant to any party's claims or defenses, and it is not

2   proportional to the needs of the case.

3

4   **REQUEST NO. 41:** Internal File No. 120016109350, and all documents

5   concerning or discussing this file.

6

7   **OBJECTION:** NAF objects to the request for "all" documents as creating an

8   undue burden, and will instead limit any production to relevant, non-privileged

9   documents in its possession, custody, or control within its loan origination system

10  to the extent such documents are reasonably accessible and which NAF can locate

11  after a reasonable search and review, and in a manner which is otherwise

12  consistent with its legal obligations. NAF also objects to this request to the extent

13  that it is overly broad and calls for documents that are not relevant to any party's

14  claims or defenses, and it is not proportional to the needs of the case.

15

16  **REQUEST NO. 42:** All Documents concerning Your policies and practices

17  concerning calculating a borrower's income, bonuses and overtime earnings.

18

19  **OBJECTION:** NAF objects to the request for "all" documents as creating an

20  undue burden, and will instead limit any production to relevant, non-privileged

21  documents in its possession, custody, or control to the extent such documents are

22  reasonably accessible and which NAF can locate after a reasonable search and

23  review, and in a manner which is otherwise consistent with its legal obligations.

24  NAF also objects to this request as vague and ambiguous with respect to the terms

25  and phrases "practices" and "income, bonuses and overtime earnings." NAF also

26  objects to this request to the extent that it is overly broad and calls for documents

27  that are not relevant to any party's claims or defenses, and it is not proportional to

28

NAF's Objections to Relator's First Set of
Requests for Production of Documents
Case No. 19-cv-01630-PSG

24

WEINER BRODSKY KIDER   PC
A Professional   Corporation formed in the District of Columbia

1   the needs of the case.

2

3   **REQUEST NO. 43:**  All Documents concerning or referring to NAF employees

4   (including management employees) modifying or manipulating borrowers'

5   overtime and/or bonus income figures to increase the likelihood of loan approval,

6   including but not limited to: (a) using the borrower's present earnings as his/her

7   "historical" earnings; (b) extrapolating the borrower's income for the following

8   two years based on his/her current earnings, and all related loan files; (c) not

9   properly averaging a borrower's bonus and overtime earnings over the required

10  regulatory time period; (d) using the historical earnings, overtime, and year-end

11  bonuses of tomato pickers in California; (e) using one-time bonuses as part of the

12  borrower's earnings; and/or (f) using bonuses that had not yet been earned as part

13  of the borrower's income, and the related loan files.

14

15  **OBJECTION:**  NAF objects to the request as overly broad and unduly

16  burdensome.  NAF further objects to this request as vague and ambiguous with

17  respect to the phrases and terms "modifying," "manipulating," "loan approval,"

18  "present earnings," "'historical' earnings," "current earnings," "required regulatory

19  time period," and "loan files."   NAF also objects to the request to the extent it

20  calls for a legal conclusion as to the meaning of "modifying" or "manipulating" in

21  this request.  NAF further objects to this request to the extent that it calls for

22  documents that are not relevant to any party's claims or defenses, and it is not

23  proportional to the needs of the case.  NAF also objects to this request on the basis

24  that it is overly broad and unduly burdensome to the extent it seeks files for loans

25  to which no claims were paid by FHA or VA, as they are not relevant to any

26  party's claims or defenses and they are not proportional to the needs of the case.

27

28

NAF's Objections to Relator's First Set of
Requests for Production of Documents
Case No. 19-cv-01630-PSG

25

WEINER BRODSKY KIDER PC
A Professional   Corporation formed in the District of Columbia

1

2   **REQUEST NO. 44:**  All Documents concerning using the borrower's "rolling 24

3   months" income, as alleged in the Amended Complaint, and the related loan files.

4

5   **OBJECTION:**   NAF objects to the request as overly broad and unduly

6   burdensome.  NAF further objects to this request as vague and ambiguous with

7   respect to the phrases and terms "'rolling 24 months' income" and "loan files."

8   NAF also objects to this request to the extent that it calls for documents that are

9   not relevant to any party's claims or defenses, and it is not proportional to the

10  needs of the case.  NAF also objects to this request on the basis that it is overly

11  broad and unduly burdensome to the extent it seeks files for loans to which no

12  claims were paid by FHA or VA, as they are not relevant to any party's claims or

13  defenses and they are not proportional to the needs of the case.

14

15  **REQUEST NO. 45:**  Your policies and practices concerning the calculation of

16  borrowers' total debt-to income ratio and borrowers' payment-to-income ratio.

17

18  **OBJECTION:**  NAF objects to the request for "all" documents as creating an

19  undue burden, and will instead limit any production to relevant, non-privileged

20  documents in its possession, custody, or control to the extent such documents are

21  reasonably accessible and which NAF can locate after a reasonable search and

22  review, and in a manner which is otherwise consistent with its legal obligations.

23  NAF further objects to this request as vague and ambiguous with respect to the

24  terms and phrases "borrowers' total debt-to-income ratio," "borrowers' payment-

25  to-income ratio," and "practices."  NAF also objects to this request to the extent

26  that it is overly broad and calls for documents that are not relevant to any party's

27  claims or defenses, and it is not proportional to the needs of the case.

28

NAF's Objections to Relator's First Set of
Requests for Production of Documents
Case No. 19-cv-01630-PSG

26

WEINER BRODSKY KIDER    PC
A Professional    Corporation formed in the District of Columbia

1

2   **REQUEST NO. 46:**  Internal File 137316088706, and all documents concerning

3   or discussing this file.

4

5   **OBJECTION:**   NAF objects to the request for "all" documents as creating an

6   undue burden, and will instead limit any production to relevant, non-privileged

7   documents in its possession, custody, or control within its loan origination system

8   to the extent such documents are reasonably accessible and which NAF can locate

9   after a reasonable search and review, and in a manner which is otherwise

10   consistent with its legal obligations.  NAF also objects to this request to the extent

11   that it is overly broad and calls for documents that are not relevant to any party's

12   claims or defenses, and it is not proportional to the needs of the case.

13

14   **REQUEST NO. 47:**  All Documents concerning NAF employees (including

15   management employees) waiving borrowers' debt obligations that were required to

16   be calculated in the debt-to-income ratios for Government loans.

17

18   **OBJECTION:**   NAF objects to the request as overly broad and unduly

19   burdensome.  NAF further objects to this request as vague and ambiguous with

20   respect to the terms and phrases "waiving," "Government loans," "debt-to-income

21   ratios," and "debt obligations."   NAF also objects to this request to the extent that

22   it calls for documents that are not relevant to any party's claims or defenses, and it

23   is not proportional to the needs of the case.

24

25   **REQUEST NO. 48:**  All Documents concerning NAF employees (including

26   management employees) excluding known debts from borrowers' debt-to-income

27   analyses.

28

NAF's Objections to Relator's First Set of
Requests for Production of Documents
Case No. 19-cv-01630-PSG

27

WEINER BRODSKY KIDER   PC
A Professional   Corporation formed in the District of Columbia

**OBJECTION:**   NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the terms "excluding" and "known debts."   NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**REQUEST NO. 49:**   All Documents concerning or relating to borrowers' debt obligations that You waived when calculating debt-to-income ratios for Government loans, including but not limited to soft credit reports and/or documents reflecting borrowers' total monthly debt obligations.

**OBJECTION:**   NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the phrases and terms "waived," "debt-to-income ratios," "debt obligations," "soft credit reports," "total monthly debt obligations," and "Government loans."   NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**REQUEST NO. 50:**   All Documents concerning debts You excluded from the calculation of the debt-to-income ratio on the basis that such debts were considered excludable contingent liabilities.

**OBJECTION:**   NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the phrases and terms "excluded," "debts," "debt-to-income ratio,"  and

WEINER BRODSKY KIDER   PC
A Professional   Corporation formed in the District of Columbia

1  "excludable contingent liabilities."   NAF also objects to this request to the extent

2  that it calls for documents that are not relevant to any party's claims or defenses,

3  and it is not proportional to the needs of the case.

4

5  **REQUEST NO. 51:**  FHA Loan No. 198-05858356-703, and all documents

6  concerning or discussing this file.

7

8  **<u>OBJECTION:</u>**   NAF objects to the request for "all" documents as creating an

9  undue burden, and will instead limit any production to relevant, non-privileged

10  documents in its possession, custody, or control within its loan origination system

11  to the extent such documents are reasonably accessible and which NAF can locate

12  after a reasonable search and review, and in a manner which is otherwise

13  consistent with its legal obligations.  NAF also objects to this request to the extent

14  that it is overly broad and calls for documents that are not relevant to any party's

15  claims or defenses, and it is not proportional to the needs of the case.

16

17  **REQUEST NO. 52:**  FHA File No. 1198-0870544-734, and all documents

18  concerning or discussing this file.

19

20  **<u>RESPONSE</u>** NAF objects to the request for "all" documents as creating an undue

21  burden, and will instead limit any production to relevant, non-privileged

22  documents in its possession, custody, or control within its loan origination system

23  to the extent such documents are reasonably accessible and which NAF can locate

24  after a reasonable search and review, and in a manner which is otherwise

25  consistent with its legal obligations.  NAF also objects to this request to the extent

26  that it is overly broad and calls for documents that are not relevant to any party's

27  claims or defenses, and it is not proportional to the needs of the case.

28

NAF's Objections to Relator's First Set of
Requests for Production of Documents
Case No. 19-cv-01630-PSG

WEINER BRODSKY KIDER  PC
A Professional  Corporation formed in the District of Columbia

WEINER BRODSKY KIDER   PC
A Professional   Corporation formed in the District of Columbia

**REQUEST NO. 53:** All Documents reflecting Your audit findings.

**OBJECTION:** NAF objects to the request as overly broad and unduly burdensome. NAF further objects to this request as vague and ambiguous with respect to the terms "reflecting" and "audit findings." NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**REQUEST NO. 54:** All Documents reflecting Your quality control mechanisms, processes, audits, practices and programs.

**OBJECTION:** NAF objects to the request for "all" documents as creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations. NAF further objects to this request as vague and ambiguous with respect to the phrases and terms "reflecting," "quality control mechanisms," "audits," "practices," and "programs." NAF also objects to this request to the extent that it is overly broad and calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**REQUEST NO. 55:** All Documents concerning or referring to NAF employees (including management employees) implementing a policy of withholding from the Government known underwriting deficiencies, inaccuracies, and errors in completed loan files subsequently discovered by Your quality control auditors.

NAF's Objections to Relator's First Set of
Requests for Production of Documents
Case No. 19-cv-01630-PSG

30

WEINER BRODSKY KIDER   PC
A Professional   Corporation formed in the District of Columbia

**OBJECTION:**   NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the terms and phrases "Government," "known underwriting deficiencies, inaccuracies, and errors," and "completed loan files."   NAF further objects to the request to the extent it calls for a legal conclusion as to the meaning of "known underwriting deficiencies, inaccuracies, and errors" in this request.  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**REQUEST NO. 56:**  All Documents concerning fraud and/or other underwriting deficiencies identified by Your quality control auditors, which were ignored by NAF.

**OBJECTION:**   NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the terms and phrases "fraud and/or other underwriting deficiencies" and "ignored."  NAF objects to the request to the extent it calls for a legal conclusion as to the meaning of "fraud and/or other underwriting deficiencies" in this request. NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**REQUEST NO. 57:**  All Documents concerning and/or discussing NAF: (a) ignoring audit results and/or findings; (b) acting as if Government loans did not have any deficiencies and/or (c) ignoring fraud and/or deficiencies You found in Your underwriting of Government loans.

NAF's Objections to Relator's First Set of
Requests for Production of Documents
Case No. 19-cv-01630-PSG

31

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

**OBJECTION:**  NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the terms and phrases "ignoring," "audit results and/or findings," "Government loans," "fraud and/or underwriting deficiencies," and "deficiencies." NAF objects to the request to the extent it calls for a legal conclusion as to the meaning of "fraud and/or underwriting deficiencies" or "deficiencies" in this request.  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**REQUEST NO. 58:**  All Documents concerning or discussing the consent judgments and/or stipulations of settlement with Government Lenders accused of violating critical underwriting criteria required by the HUD-FHA and/or the VA, including but not limited to: (a) Bank of America Corp., J.P. Morgan Chase & Co., Wells Fargo & Co., Citigroup Inc., and Ally Financial, Inc., on or around March 12, 2012; (b) General Electric, on or around April 12, 2019; (c) Wells Fargo Bank, N.A., on or around April 8, 2016; (d) SunTrust Mortgage, Inc., on or around September 30, 2014; (e) J.P. Morgan Chase Bank, N.A., on or around February 5, 2014; (f) Allquest Home Mortgage Corp., on or around September 29, 2017; (g) Flagstar Bank, F.S.B., on or around February 24, 2012; (h) M&T Bank, on or around May 9, 2016; (i) Finance of America Mortgage LLC, on or around December 11, 2018; and (j) TXL Mortgage Corp., on or around September 20, 2016.

NAF's Objections to Relator's First Set of
Requests for Production of Documents
Case No. 19-cv-01630-PSG

32

1   **OBJECTION:**   NAF objects to the request as overly broad and unduly

2   burdensome.  NAF further objects to this request as vague and ambiguous with

3   respect to the terms and phrases "violating" and "critical underwriting criteria."

4   NAF also objects to this request to the extent that it calls for documents that are

5   not relevant to any party's claims or defenses, and it is not proportional to the

6   needs of the case.

7

8   **REQUEST NO. 59:**  All of Your annual and quarterly reports, financial reports,

9   financial reports, and financial statements (audited and unaudited), including

10  balance sheets, income statements, cash-flow statements, monthly reports and

11  management reports and any analysis by You of any such financial statements.

12

13  **OBJECTION:**   NAF objects to this request on the basis that it calls for

14  documents that are not relevant to any party's claims or defenses, and it is not

15  proportional to the needs of the case.  NAF also objects to the request as vague,

16  ambiguous, overly broad, and unduly burdensome.

17

18  **REQUEST NO. 60:**  Any Documents provided to actual or prospective investors,

19  including but not limited to materials distributed during roadshows, and/or private

20  placement memorandum and/or private equity memorandum.

21

22  **OBJECTION:**   NAF objects to this request on the basis that it calls for

23  documents that are not relevant to any party's claims or defenses, and it is not

24  proportional to the needs of the case.  NAF also objects to this request as vague

25  and ambiguous with respect to the terms and phrases "roadshows" and "private

26  placement memorandum and/or private equity memorandum."  NAF further

27  objects to the request as vague, ambiguous, overly broad, and unduly burdensome.

28

NAF's Objections to Relator's First Set of
Requests for Production of Documents
Case No. 19-cv-01630-PSG

33

WEINER BRODSKY KIDER    PC
A Professional    Corporation formed in the District of Columbia

**REQUEST NO. 61:**  All Documents concerning any insurance policy obtained for the benefit of NAF (or its officers or directors), which may provide full or partial coverage for any of the claims asserted in this Action.

**OBJECTION:**  NAF objects to this request on the basis that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.  NAF objects to the request as vague, ambiguous, overly broad, and unduly burdensome.

**REQUEST NO. 62:**  Your Document retention policy.

**OBJECTION:**  NAF objects to the request as creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations.  NAF also objects to this request on the basis that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**REQUEST NO. 63:**  All Documents concerning or referring to communications with any federal or state government entity or agent concerning Your compliance or lack thereof with HUD-FHA and/or VA regulations.

**OBJECTION:**  NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the terms and phrases "compliance" and "federal or state government

WEINER BRODSKY KIDER   PC
A Professional   Corporation formed in the District of Columbia

entity or agent." NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**REQUEST NO. 64:** All Documents provided to any expert in connection with this Action.

**OBJECTION:** NAF objects to this request on the basis that it is overly broad and unduly burdensome. NAF also objects to this request as premature. NAF further objects to this request to the extent it requests documents protected by the attorney-client privilege or the work production doctrine, or seeks to impose obligations above and beyond what Federal Rule of Civil Procedure 26 or any Court order requires.

**REQUEST NO. 65:** All documents You identified or referred to in Your responses to Plaintiff's First Set of Interrogatories to Defendant.

**OBJECTION:** NAF objects to this request on the basis that it is duplicative of Relator's interrogatories. This document request is also duplicative of Document Request Nos. 18, 20, 29, 38, 42, and 45.

**REQUEST NO. 66:** All Documents You intend to introduce at trial or any hearing in this Action.

**OBJECTION:**   NAF objects to this request on the basis that it is overly broad, unduly burdensome, and duplicative.  NAF also objects to this request as premature, as NAF has not yet had the opportunity to take discovery.  Many of the documents responsive to this request are in the possession, custody, or control of HUD and VA.

**REQUEST NO. 67:**  All Documents You intend to rely upon in proving any affirmative defense in Your Answer to the Amended Complaint in this Action filed on July 22, 2019.

**OBJECTION:**   NAF objects to this request on the basis that it is overly broad, unduly burdensome, and duplicative.  NAF also objects to this request as premature, as NAF has not yet had the opportunity to take discovery regarding its affirmative defenses.  Many of the documents responsive to this request are in the possession, custody, or control of HUD and VA.

**REQUEST NO. 68:**  Organizational charts of NAF showing all employees in Your underwriting, origination, endorsement and quality control departments, as well as their respective reports and supervisors.

**OBJECTION:**   NAF objects to the request for "all" organizational charts as overly broad and creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations.

NAF's Objections to Relator's First Set of Requests for Production of Documents Case No. 19-cv-01630-PSG

WEINER BRODSKY KIDER   PC
A Professional   Corporation formed in the District of Columbia

WEINER BRODSKY KIDER   PC
A Professional   Corporation formed in the District of Columbia

| 1 | Dated:  September 13, 2019 | **WEINER BRODSKY KIDER PC** |
|---|---|---|

2

/s/ Timothy P. Ofak

3      Mitchel H. Kider (CA Bar No. 116479)

4      Joel A. Schiffman (CA Bar No. 90138)
       Timothy P. Ofak (*Pro Hac Vice*)

5      Lindsay L. Buchanan (*Pro Hac Vice*)

6      1300 19th Street NW, Fifth Floor
       Washington, DC 20036

7      Tel:  (202) 628-2000

8      Facsimile:  (202) 628-2011
       Email: kider@thewbkfirm.com

9              schiffman@thewbkfirm.com

10             ofak@thewbkfirm.com
               buchanan@thewbkfirm.com

11

12     *Counsel for Broker Solutions, Inc.*
       *d/b/a New American Funding*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NAF's Objections to Relator's First Set of
Requests for Production of Documents
Case No. 19-cv-01630-PSG

37

# CERTIFICATE OF SERVICE

I certify that on September 13, 2019, I caused the foregoing Defendant New American Funding's Objections to Relator's First Set of Requests for Production of Documents to be sent via electronic mail to:

J. Nelson Thomas (*Pro Hac Vice*)
Jonathan W. Ferris (*Pro Hac Vice*)
Michael J. Lingle (*Pro Hac Vice*)
Annette M. Gifford (CA Bar No. 270777)
THOMAS & SOLOMON LLP
693 East Avenue
Rochester, NY 14607

Daniel L. Berger (to be admitted *Pro Hac Vice*)
Kyle J. McGee (*Pro Hac Vice*)
Laina M. Herbert (*Pro Hac Vice*)
GRANT & EISENHOFER P.A.
123 Justison Street
Wilmington, Delaware, 19801

C. Brooks Cutter (121407)
John R. Parker, Jr. (257761)
CUTTER LAW PC
401 Watt Avenue
Sacramento, CA 95864

*Attorneys for Relator*

/s/ Timothy P. Ofak
Timothy P. Ofak
WEINER BRODSKY KIDER PC
1300 19th Street, NW, Fifth Floor
Washington, D.C.  20036
(202) 628-2000
(202) 628-2011 (Fax)

*Attorney for Defendant*

NAF's Objections to Relator's First Set of
Requests for Production of Documents
Case No. 19-cv-01630-PSG

38

# EXHIBIT 35

**WEINER BRODSKY KIDER PC**

Mitchel H. Kider, CA Bar No. 116479
Joel A. Schiffman, CA Bar No. 90138
Timothy P. Ofak (*Admitted Pro Hac Vice*)
Lindsay L. Buchanan (*Admitted Pro Hac Vice*)
1300 19th Street, NW Fifth Floor
Washington, DC 20036
Telephone: 202.628.2000
Facsimile: 202.628.2011
Email: kider@thewbkfirm.com
          schiffman@thewbkfirm.com
          ofak@thewbkfirm.com
          buchanan@thewbkfirm.com

**MEDLIN & HARGRAVE, PC**

Joshua A. Rosenthal, CA Bar No. 190284
3562 Round Barn Circle, Suite 212
Santa Rosa, CA 95403
Telephone: 707.570.2200
Facsimile: 510.832.2945
Email: jrosenthal@mhlawcorp.com

*Attorneys for Defendant Broker Solutions, Inc.
d/b/a New American Funding*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* MALOU TUTANES-LUSTER,<br><br>Plaintiff,<br><br>v.<br><br>BROKER SOLUTIONS, INC. d/b/a NEW AMERICAN FUNDING,<br><br>Defendant. | Civil Action No. 19-cv-01630-PSG-JPR<br><br>**DEFENDANT NEW AMERICAN FUNDING'S OBJECTIONS AND RESPONSES TO RELATOR MALOU TUTANES-LUSTER'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

Pursuant to Rules 26 and 34 of the Federal Rule of Civil Procedure, Defendant Broker Solutions, Inc. d/b/a New American Funding ("NAF") objects to Relator Malou Tutanes-Luster's ("Relator") First Set of Requests for Production of Documents to NAF as follows.  Furthermore, all productions of documents will be governed by the ESI protocol and the protective order which have yet to be agreed upon by the parties and/or entered by the Court.  NAF will supplement these objections with any responses, and coordinate production of documents, once the an ESI protocol and protective order are in place, after meeting and conferring with Relator to the extent necessary, and as otherwise required by Rule 26(e).

## **OBJECTIONS TO DEFINITIONS**

NAF objects to Relator's definitions of "NAF," "Company," "You," "Your," and "Yours" inasmuch as they call for information and documents from NAF's "subsidiaries, divisions or affiliates, predecessors, successors and any present and former officers, directors, employees, agents or members of the Board of Directors of the Company, its attorneys, accountants, advisors and all other persons acting or purporting to act on its behalf" not relevant to the claims or defenses of any party or protected from disclosure by the attorney-client privilege, the work product doctrine, examination privilege, or any other applicable privilege. The Amended Complaint does not reference any entity other than NAF. Accordingly, NAF will only respond on its own behalf.

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

2

NAF objects to the "Relevant Time Period" as beyond the statute of limitations and as therefore calling for information that is not relevant to the claim or defense of any party.

## OBJECTIONS TO INSTRUCTIONS

NAF objects to Relator's Instructions to the extent they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, and to the extent that they call for information not relevant to the claim or defense of any party.

## GENERAL OBJECTIONS

NAF's objections and responses to the Requests are subject to and governed by the following general objections.  When a general objection is particularly applicable to a specific Request, NAF may incorporate that objection by reference in its response.  However, such incorporation by reference is not intended to waive any of the other general objections to each Request.

1.     NAF objects to the Requests to the extent they seek information and documents protected from disclosure by the attorney-client privilege, the work product doctrine, examination privilege, or any other applicable privilege.

2.     NAF objects to the Requests to the extent they purport to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure or the Local Civil Rules of the District Court for the Central District of California, and

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG
3

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

any Orders of the Court.

3.      NAF objects to the Requests to the extent they seek information not in NAF's possession, custody or control.

4.      NAF objects to the Requests to the extent they are overly broad, unduly burdensome, or oppressive, or do not comply with the Federal Rules' proportionality requirement.

5.      NAF objects to the Requests to the extent they seek information and documents that are not relevant to a claim or defense of a party and, therefore, are beyond the scope of permissible discovery as prescribed by Federal Rule of Civil Procedure 26(b)(1).

## **RESERVATION OF RIGHTS**

1.      NAF's objections and responses to the Requests are based on information now known to NAF.  NAF reserves the right to amend, modify, or supplement its objections and responses if it learns new information.

2.      The fact that, in response to certain Requests, NAF provides responsive information is not a concession that the information or documents are relevant or admissible in this case.

3.       In producing documents and information, NAF does not in any way waive but rather, intends to preserve:

a.  all objections as to competency, relevancy, materiality, and

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

4

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

admissibility;

b. all objections as to vagueness and ambiguity;

c. all rights to object on any ground to the use of the responses contained herein in any proceeding; and

d. all rights to object on any grounds to any further discovery request related to any of the Requests herein.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All certifications You made to the FHA to participate in the DE Program, including Your: (a) initial certifications; (b) annual certifications; and (c) each separate certification submitted to the Government for each individual loan that You endorsed for Government insurance ("loan-level certifications").

**OBJECTION**:  NAF objects to the request for "all" documents as creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations. NAF also objects to this request as vague and ambiguous with respect to the terms and phrases "certifications," "participate in the DE Program," "initial certifications," "annual certifications," "each separate certification," "loan-level certifications," and "Government insurance."  NAF further objects to this request on the basis that it is overly broad and unduly burdensome.  Loan-level certifications on FHA loans for which no claims were paid are not relevant to any party's claims or defenses, and are not proportional to the needs of the case.

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG
5

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

**RESPONSE**:  Subject to and consistent with the foregoing objections, NAF will produce any initial certification to participate in the DE Program—to the extent any certification exists—in its possession, custody, or control which are reasonably accessible and which NAF can locate and identify after a reasonable search.  As for the annual certifications, since at least 2014, FHA-approved lenders complete the annual recertification process online through HUD's Lender Electronic Assessment Portal (LEAP), and NAF's annual certifications are available from HUD.  NAF will also produce loan-level certifications in loan files for FHA loans on which claims were paid by HUD in its possession, custody, or control which are reasonably accessible and which NAF can locate and identify after a reasonable search.

**REQUEST NO. 2:** All certifications You made to the VA in order to participate in the VA Program, including Your: (a) initial certifications, including but not limited to Your Form 26-8736; (b) annual certifications; and (c) loan-level certifications, including but not limited to Your VA Forms 26-1820.

**OBJECTION**:   NAF objects to the request for "all" documents as creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations. NAF also objects to this request as vague and ambiguous with respect to the terms and phrases "certifications," "participate in the VA Program," "initial certifications," "annual certifications," and "loan-level certifications."  NAF further objects to this request on the basis that it is overly broad.  Loan-level certifications on VA loans for which no claims were paid are not relevant to any

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

6

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

party's claims or defenses, and are not proportional to the needs of the case.

**RESPONSE**:  Subject to and consistent with the foregoing objections, NAF will produce any initial certification to the VA in its possession, custody, or control which is reasonably accessible and which NAF can locate and identify after a reasonable search.  NAF is unaware of any annual certifications responsive to this request.  NAF will also produce loan-level certifications in loan files for VA loans on which guarantees were paid by VA in its possession, custody, or control which are reasonably accessible and which NAF can locate and identify after a reasonable search.

**REQUEST NO. 3:** All Communications concerning any certifications you made to the FHA and/or the VA in order to participate in the Government Programs, including Your: (a) initial certifications; (b) annual certifications; and (c) loan-level certifications.

**OBJECTION**:   NAF objects to the request for "All Communications" as overly broad and unduly burdensome.  NAF also objects to this request as vague and ambiguous with respect to the terms and phrases "certifications," "participate in the Government Programs," "initial certifications," "annual certifications," and "loan-level certifications."  NAF further objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

7

**RESPONSE**: Due to the foregoing objections, NAF is willing to meet-and-confer in good faith to discuss this request to better understand what information Relator is seeking and the reason why it is sought, and to reevaluate a more targeted and reasonable request. Any potentially responsive documents will also be subject to phased production, following the determination of custodians and search terms, and the date of production will be determined by the agreement of the parties.

**REQUEST NO. 4:** All Communications with the FHA concerning the DE Program.

**OBJECTION**: NAF objects to the request for "All Communications" as overly broad and unduly burdensome. NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**RESPONSE**: Due to the foregoing objections, NAF is willing to meet-and-confer in good faith to discuss this request to better understand what information Relator is seeking and the reason why it is sought, and to reevaluate a more targeted and reasonable request. Any potentially responsive documents will also be subject to phased production, following the determination of custodians and search terms, and the date of production will be determined by the agreement of the parties.

**REQUEST NO. 5:** All Communications with the VA concerning the VA Program.

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

8

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

**OBJECTION:**   NAF objects to the request for "All Communications" as overly broad and unduly burdensome.  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**RESPONSE**: Due to the foregoing objections, NAF is willing to meet-and-confer in good faith to discuss this request to better understand what information Relator is seeking and the reason why it is sought, and to reevaluate a more targeted and reasonable request.  Any potentially responsive documents will also be subject to phased production, following the determination of custodians and search terms, and the date of production will be determined by the agreement of the parties.

**REQUEST NO. 6:** Your complete underwriting files for all loans submitted to the FHA under the DE Program.

**OBJECTION:**   NAF objects to the request for "all" documents as creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations. NAF also objects to this request as vague and ambiguous with respect to the phrase "complete underwriting files."  NAF further objects to this request on the basis that it is overly broad and unduly burdensome to the extent it seeks "underwriting files for all loans submitted to the FHA under the DE Program."  Files on FHA loans for which no claims were paid are not relevant to any party's claims or defenses, and they are not proportional to the needs of the case.

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG
9

**RESPONSE**:  Subject to and consistent with the foregoing objections, NAF will produce loan files for FHA loans on which claims were paid by HUD in its possession, custody, or control which are reasonably accessible and which NAF can locate and identify after a reasonable search.

**REQUEST NO. 7:** Your complete underwriting files for all loans submitted to the VA under the VA Program.

**OBJECTION:**  NAF objects to the request for "complete underwriting files for all loans submitted to the VA" as creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations.  NAF also objects to this request as vague and ambiguous with respect to the phrase "complete underwriting files."  NAF further objects to this request on the basis that it is overly broad and unduly burdensome to the extent it seeks "underwriting files for all loans submitted to the VA under the VA Program."  Files on VA loans for which no claims were paid are not relevant to any party's claims or defenses, and are not proportional to the needs of the case.

**RESPONSE**:  Subject to and consistent with the foregoing objections, NAF will produce loan files for VA loans on which claims were paid by VA in its possession, custody, or control which are reasonably accessible and which NAF can locate and identify after a reasonable search.

**REQUEST NO. 8:** All Government loan files reviewed by Plaintiff that were endorsed to the Government.

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

10

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

**OBJECTION:**   NAF objects to this request as vague and ambiguous with respect to the terms and phrases "Government" and "Government loan files." NAF further objects to this request on the basis that it is overly broad and unduly burdensome to the extent it seeks loan files other than FHA and VA loan files on which claims were paid by FHA or VA, as any such loan files are not relevant to any party's claims or defenses, and they are not proportional to the needs of the case.

**RESPONSE**:  Subject to and consistent with the foregoing objections, NAF will produce the loan files for FHA and VA loans worked on by Relator in its possession, custody, or control which are reasonably accessible and which NAF can locate and identify after a reasonable search.  See Bates Nos. NAF_QUI TAM_0000000001—NAF_QUI TAM_0000025401.

**REQUEST NO. 9:** Data sufficient to show and identify every Government loan that You submitted to the FHA and/or the VA that defaulted.

**OBJECTION:**   NAF objects to the request for "Data sufficient to show and identify every Government loan" that defaulted as overly broad and creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations. NAF also objects to this request as vague and ambiguous with respect to the terms and phrases "data sufficient to show" and "Government loan."  Furthermore, data for FHA and VA loans for which no claims were paid are not relevant to any party's claims or defenses, and are not proportional to the needs of the case.

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

11

**RESPONSE**:  Subject to and consistent with the foregoing objections, NAF will produce quality control reports, Early Payment Default reviews, HUD audits, and VA audits which may contain information responsive to this request, which are reasonably accessible, and which NAF can locate and identify after a reasonable search.

**REQUEST NO. 10:** All Communications concerning any Government loan that You submitted to the FHA and/or the VA that defaulted.

**OBJECTION:**   NAF objects to the request for "All Communications" as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the term "Government loan."  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**RESPONSE**:  Due to the foregoing objections, NAF is willing to meet-and-confer in good faith to discuss this request to better understand what information Relator is seeking and the reason why it is sought, and to reevaluate a more targeted and reasonable request.  Any potentially responsive documents will also be subject to phased production, following the determination of custodians and search terms, and the date of production will be determined by the agreement of the parties.

**REQUEST NO. 11:**  All claims or requests for payment made to the Government on any loan originated by NAF under the Government Programs, whether made by You or by any third-party that subsequently acquired the loan after You sold it, as a result of defaulted FHA loans or VA loans that You originated and endorsed.

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

**OBJECTION:**   NAF objects to the request for "All claims or requests for payment" as overly broad and creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations.  NAF also objects to this request as vague and ambiguous with respect to the term "Government."

**RESPONSE**:  Subject to and consistent with the foregoing objections, NAF will produce claims and requests for payment made to FHA and VA on FHA and VA loans the Company originated that are in its possession, custody, or control which are reasonably accessible and which NAF can locate and identify after a reasonable search.

**REQUEST NO. 12:**  Documents reflecting all payments You received from the FHA.

**OBJECTION:**   NAF objects to the request for "Documents reflecting all payments" as overly broad and creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations.  NAF also objects to this request as vague and ambiguous with respect to the terms "reflecting" and "payments."  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

13

1

2   **RESPONSE**:  Subject to and consistent with the foregoing objections, NAF will

3   produce information sufficient to reflect payments received from FHA in

4   connection with claims made on FHA loans the Company originated that is in its

5   possession, custody, or control which is reasonably accessible and which NAF can

6   locate and identify after a reasonable search.

7

8   **REQUEST NO. 13:**  Documents reflecting all payments You received from the

9   VA.

10

11  **OBJECTION:**   NAF objects to the request for "Documents reflecting all

12  payments" as overly broad and creating an undue burden, and will instead limit

13  any production to relevant, non-privileged documents in its possession, custody, or

14  control to the extent such documents are reasonably accessible and which NAF can

15  locate after a reasonable search and review, and in a manner which is otherwise

16  consistent with its legal obligations.  NAF also objects to this request as vague and

17  ambiguous with respect to the terms "reflecting" and "payments."  NAF also

18  objects to this request to the extent that it calls for documents that are not relevant

19  to any party's claims or defenses, and it is not proportional to the needs of the case.

20

21  **RESPONSE**:  Subject to and consistent with the foregoing objections, NAF will

22  produce information sufficient to reflect payments received from VA in connection

23  with requests for guaranty payments made on VA loans the Company originated

24  that is in its possession, custody, or control which is reasonably accessible and

25  which NAF can locate and identify after a reasonable search.

26

27

28

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG
14

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

**REQUEST NO. 14:**  All Documents concerning each and every loan You sold after origination, including but not limited to any Documents reflecting or memorializing the transfer or sale of any interest in such loans.

**OBJECTION:**  NAF objects to the request as overly broad and unduly burdensome.  NAF also objects to this request as vague and ambiguous with respect to the terms "reflecting" and "memorializing."  NAF further objects to this request on the basis that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**RESPONSE**:  Due to the foregoing objections, NAF will not be producing any documents in response to this request.

**REQUEST NO. 15:**  Documents reflecting each and every loan You endorsed under the Government Programs that has defaulted resulting in claims made on the Government.

**OBJECTION:**  NAF objects to the request for "Documents reflecting each and every loan" as creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations.  NAF also objects to this request as vague and ambiguous with respect to the terms "reflecting" and "Government."  NAF also objects to this request to the extent that it is overly broad and calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG
15

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

**RESPONSE**:  Subject to and consistent with the foregoing objections, NAF will produce loan files for FHA loans on which claims were paid by HUD and loan files for VA loans on which guarantees were paid by VA in its possession, custody, or control which are reasonably accessible and which NAF can locate and identify after a reasonable search.

**REQUEST NO. 16:**  Documents reflecting the total number of claims made on the Government as a result of loans NAF endorsed under the Government Programs defaulting.

**OBJECTION:**   NAF objects to the request for "Documents reflecting the total number of claims" as creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations.  NAF also objects to this request as vague and ambiguous with respect to the terms "reflecting" and "Government."  NAF also objects to this request to the extent that it is overly broad and calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**RESPONSE**:  Subject to and consistent with the foregoing objections, NAF will produce documents responsive to this request, to the extent they exist, that are in its possession, custody, or control, which are reasonably accessible, and which NAF can locate and identify after a reasonable search.

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

16

**REQUEST NO. 17:**  All training materials created or used by You to train employees in the areas of underwriting, origination, endorsement, and quality control of loans originated under the Government Programs, regardless of whether such employees held positions in underwriting, origination, endorsement, or quality control, or other functions, within NAF.

**OBJECTION:**   NAF objects to the request for "All training materials" as creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations. NAF also objects to this request to the extent that it is overly broad and calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**RESPONSE**:  Subject to and consistent with the foregoing objections, NAF will produce documents responsive to this request concerning FHA and VA loans which are in NAF's possession, custody, or control, which are reasonably accessible, and which NAF can locate and identify after a reasonable search.  See Bates Nos. NAF_QUI TAM_0000025402—NAF_QUI TAM_0000027407.

**REQUEST NO. 18:**  All Documents concerning or discussing any commission-based compensation policies and/or practices, including but not limited Documents concerning and/or discussing the amounts of any bonuses or other compensation You paid to any employee in connection with the quantity of loan files approved for submission or endorsement to the Government.

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

17

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

**OBJECTION:**   NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the terms "commission-based," "Government," and "practices."  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**RESPONSE**:  Subject to and without waiving with the foregoing objections, NAF will produce its loan officer compensation policy.  NAF underwriters, processors, and funders do not receive commission-based compensation.

**REQUEST NO. 19:**  All Documents concerning commissions or bonuses or other compensation paid to NAF employees performing underwriting functions in connection with Government loans (regardless of whether such employees were employed as underwriters), including but not limited to: (a) the complete underwriting files for which the commission(s) and/or bonus(es) were paid; (b) Documents identifying: (i) each employee performing underwriting services to whom You paid commission(s) and/or bonus(es); and (ii) the amount(s) of such commission(s) and/or bonus(es) paid.

**OBJECTION:**   NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the terms and phrases "commissions," "complete underwriting files," "underwriter functions," "underwriting services," and "Government loans."  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.  Furthermore, payroll records and communications regarding salaries for

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

18

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

1  NAF employees are not relevant to the claims and defenses in this action or

2  proportional to the needs of the case, and therefore will not be produced.

3

4  **RESPONSE**:  Subject to and without waiving the foregoing objections, NAF

5  states that only underwriters perform underwriting functions.  NAF will produce

6  an exemplar underwriter offer discussing underwriter compensation.  Furthermore,

7  any potentially responsive emails will be subject to phased production, following

8  the determination of custodians and search terms, and the date of production will

9  be determined by the agreement of the parties.

10

11  **REQUEST NO. 20:**  All Documents concerning or discussing Your management

12  exception and/or management override policies and/or practices, as alleged in

13  Paragraphs 22(b), 237, 234-217 of the Amended Complaint.

14

15  **OBJECTION:**   NAF objects to the request as overly broad and unduly

16  burdensome.  NAF further objects to this request as vague and ambiguous with

17  respect to the terms and phrases "management exception," "management

18  override," and "practices."  NAF also objects to this request to the extent that it

19  calls for documents that are not relevant to any party's claims or defenses, and it is

20  not proportional to the needs of the case.  NAF also objects to this request as it is

21  not limited to FHA and VA loans.

22

23  **RESPONSE**:  Subject to and without waiving the foregoing objections, NAF

24  understands this request to be seeking an admission as to whether "NAF has a

25  management exception and/or management override policies and/or practices, as

26  alleged in Paragraphs 22(b), 237, 234-217 of the Amended Complaint."  NAF

27  disputes the legal characterization of this document request and is unaware of

28

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

19

1   documents responsive to it.

2

3   **REQUEST NO. 21:**  All Documents discussing the circumstances under which

4   NAF management would permit loans to be endorsed even if they did not meet the

5   Government Programs' requirements.

6

7   **OBJECTION:**   NAF objects to the request as overly broad and unduly

8   burdensome.  NAF further objects to this request as vague and ambiguous with

9   respect to the phrase "Government Programs' requirements."  NAF also objects to

10  this request to the extent that it calls for documents that are not relevant to any

11  party's claims or defenses, and it is not proportional to the needs of the case.

12

13  **RESPONSE**:  Subject to and without waiving the foregoing objections, NAF

14  understands this request to be seeking an admission as to whether "NAF

15  management would permit loans to be endorsed even if they did not meet the

16  Government Programs' requirements."  NAF disputes the legal characterization of

17  this document request and is unaware of documents responsive to it.

18

19  **REQUEST NO. 22:**  All Documents discussing NAF employees (including

20  management employees) overriding adverse underwriting decisions and/or

21  unfavorable credit decisions on Government loans that did not meet the

22  Government Programs' requirements.

23

24  **OBJECTION:**   NAF objects to the request as overly broad and unduly

25  burdensome.  NAF further objects to this request as vague and ambiguous with

26  respect to the terms and phrases "overriding," "adverse underwriting decisions,"

27  "unfavorable credit decisions," "Government loans," and "Government Programs'

28

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

20

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

requirements."  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**RESPONSE**:  Subject to and without waiving the foregoing objections, NAF understands this request to be seeking an admission concerning "NAF employees (including management employees) overriding adverse underwriting decisions and/or unfavorable credit decisions on Government loans that did not meet the Government Programs' requirements."  NAF disputes the legal characterization of this document request and is unaware of documents responsive to it.

**REQUEST NO. 23:**  Documents sufficient to show and identify each and every Government loan that NAF employees (including management employees) approved that did not meet the Government Programs' requirements.

**OBJECTION:**   NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the terms and phrases "Government loan" and "Government Programs' requirements."  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.  NAF further objects to the request to the extent it calls for a legal conclusion as to whether a loan did not meet "Government Programs' requirements."

**RESPONSE**:  Subject to and without waiving the foregoing objections, NAF understands this request to be seeking an admission concerning "each and every Government loan that NAF employees (including management employees)

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG
21

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

approved that did not meet the Government Programs' requirements." NAF disputes the legal characterization of this document request and is unaware of documents responsive to it.

**REQUEST NO. 24:** Documents concerning or discussing lists publicizing the number of loan files Processing Managers and/or their employees approved each month.

**OBJECTION:** NAF objects to the request as overly broad and unduly burdensome. NAF further objects to this request as vague and ambiguous with respect to the terms "publicizing" and "approved." NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**RESPONSE:** Subject to and without waiving the foregoing objections, NAF states that processing managers and processors do not approve loans. NAF is unaware of documents responsive to this request.

**REQUEST NO. 25:** All Documents concerning Government loan files that did not meet the Government Programs' requirement that You endorsed to the Government through the management override process, including the underlying loan files.

**OBJECTION:** NAF objects to the request as overly broad and unduly burdensome. NAF further objects to this request as vague and ambiguous with respect to the terms and phrases "Government loan files," "Government Programs' requirements," and "management override process." NAF also objects to this

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

22

request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.  NAF further objects to the request to the extent it calls for a legal conclusion as to whether a loan file did not meet "Government Programs' requirements."

**RESPONSE**:  Subject to and without waiving the foregoing objections, NAF understands this request to be seeking an admission concerning "Government loan files that did not meet the Government Programs' requirement that [NAF] endorsed to the Government through the management override process."  NAF disputes the legal characterization of this document request and is unaware of documents responsive to it.

**REQUEST NO. 26:**  All Documents concerning or discussing Your employees' attempts to avoid initial rejections by underwriting and subsequent appeals by loan officers of non-qualifying loan files.

**OBJECTION:**   NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the terms and phrases "initial rejections," "appeals," and "non-qualifying loan files."  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**RESPONSE**:  Subject to and without waiving the foregoing objections, NAF understands this request to be seeking an admission of NAF "employees' attempts to avoid initial rejections by underwriting and subsequent appeals by loan officers of non-qualifying loan files."  NAF disputes the legal characterization of this

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

23

1    document request and is unaware of documents responsive to it.

2

3    **REQUEST NO. 27:**  All Documents concerning or discussing the approval of

4    loan files that did not meet the Government Programs' underwriting guidelines or

5    the Government Programs' requirements.

6

7    <u>**OBJECTION:**</u>   NAF objects to the request as overly broad and unduly

8    burdensome.  NAF further objects to this request as vague and ambiguous with

9    respect to the terms and phrases "approval," "loan files," "Government Programs'

10   underwriting guidelines" and "Government Programs' requirements."  NAF also

11   objects to this request to the extent that it calls for documents that are not relevant

12   to any party's claims or defenses, and it is not proportional to the needs of the case.

13   NAF further objects to the request to the extent it calls for a legal conclusion as to

14   whether a loan file did not meet "Government Programs' underwriting guidelines

15   or the Government Programs' requirements."

16

17   <u>**RESPONSE**</u>:  Subject to and without waiving the foregoing objections, NAF

18   understands this request to be seeking an admission of "the approval of loan files

19   that did not meet the Government Programs' underwriting guidelines or the

20   Government Programs' requirements."  NAF disputes the legal characterization of

21   this document request and is unaware of documents responsive to it.

22

23   **REQUEST NO. 28:**  All performance reviews for: (a) Loan Officer Managers and

24   (b) Processing Managers, including Kevin English and Michael Garcia.

25

26

27

28

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

24

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

**OBJECTION:**   NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the term "performance reviews."  NAF also objects to this request on the basis that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**RESPONSE**:  Subject to and consistent with the foregoing objections, NAF will produce documents responsive to this request that are within its possession, custody, or control, which are reasonably accessible, and which NAF can locate and identify after a reasonable search.

**REQUEST NO. 29:**  All Documents concerning Your internal property appraisal policies.

**OBJECTION:**   NAF objects to the request for "all" documents as overly broad and creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations.  NAF also objects to this request as it is not limited to property appraisal policies concerning FHA and VA loans.

**RESPONSE**:  Subject to and consistent with the foregoing objections, NAF will produce its internal property appraisal policies which may concern FHA and VA loans, that are within its possession, custody, or control, which are reasonably accessible, and which NAF can locate and identify after a reasonable search.  See Bates Nos. NAF_QUI TAM_0000027408—NAF_QUI TAM_0000027738.

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG
25

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

**REQUEST NO. 30:**  All Documents concerning or referring to NAF or its employees taking any steps to increase or modify the appraised value of properties, including by making "value appeals" to appraisers or interfering in any way with the work of appraisers, and the corresponding appraisals.

**OBJECTION:**  NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the terms "value appeals" and "interfering."  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**RESPONSE**:  Subject to and without waiving the foregoing objections, NAF understands this request to be seeking an admission of "NAF or its employees taking any steps to increase or modify the appraised value of properties, including by making 'value appeals' to appraisers or interfering in any way with the work of appraisers."  NAF disputes the legal characterization of this document request and is unaware of documents responsive to it.

**REQUEST NO. 31:**  All Documents concerning NAF loan officers and/or their assistants' communications with appraisers (or the employer(s) of such appraisers) who were performing the appraisals necessary for Government loans.

**OBJECTION:**  NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the term "Government loans."  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG
26

1    defenses, and it is not proportional to the needs of the case.

2

3    **RESPONSE**:  Due to the foregoing objections, NAF is willing to meet-and-confer

4    in good faith to discuss this request to better understand what information Relator

5    is seeking and the reason why it is sought, and to reevaluate a more targeted and

6    reasonable request.  Any potentially responsive documents will also be subject to

7    phased production, following the determination of custodians and search terms,

8    and the date of production will be determined by the agreement of the parties.

9

10   **REQUEST NO. 32:**  All Documents concerning actual or potential commissions,

11   bonuses, or other compensation paid or made available to loan officers in

12   connection with appraisal values obtained.

13

14   **OBJECTION:**   NAF objects to the request as overly broad and unduly

15   burdensome.  NAF further objects to this request as vague and ambiguous with

16   respect to the terms and phrases "actual or potential" and "commissions."  NAF

17   also objects to this request on the basis that it calls for documents that are not

18   relevant to any party's claims or defenses, and it is not proportional to the needs of

19   the case.  Furthermore, payroll records and communications regarding salaries for

20   NAF employees are not relevant to the claims and defenses in this action or

21   proportional to the needs of the case, and therefore will not be produced.  NAF

22   also objects to this request on the basis that it is duplicative of Document Request

23   No. 18.

24

25   **RESPONSE**:  Subject to and without waiving the foregoing objections, NAF

26   states that it is unaware of documents responsive to this request.

27

28

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

27

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

1  **REQUEST NO. 33:**  All Documents concerning loan officers physically attending

2  appraisals or otherwise being present at the property at the same time as the

3  appraiser, and the corresponding appraisals.

4

5  **OBJECTION:**  NAF objects to the request as overly broad and unduly

6  burdensome.  NAF also objects to this request to the extent that it calls for

7  documents that are not relevant to any party's claims or defenses, and it is not

8  proportional to the needs of the case.

9

10  **RESPONSE**:  Due to the foregoing objections, NAF is willing to meet-and-confer

11  in good faith to discuss this request to better understand what information Relator

12  is seeking and the reason why it is sought, and to reevaluate a more targeted and

13  reasonable request.  Any potentially responsive documents will also be subject to

14  phased production, following the determination of custodians and search terms,

15  and the date of production will be determined by the agreement of the parties.

16

17  **REQUEST NO. 34:**  All Documents concerning loan officers: (a) selecting

18  appraisers; (b) commenting on appraiser's appraisals; and/or (c) criticizing

19  appraisers and/or the outcome of appraisals.

20

21  **OBJECTION:**  NAF objects to the request as overly broad and unduly

22  burdensome.  NAF also objects to this request to the extent that it calls for

23  documents that are not relevant to any party's claims or defenses, and it is not

24  proportional to the needs of the case.

25

26  **RESPONSE**:  Subject to and without waiving the foregoing objections, NAF

27  states that it is unaware of documents concerning loan officers selecting appraisers.

28

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

28

1   NAF is willing to meet-and-confer in good faith to discuss the remainder of this

2   request to better understand what information Relator is seeking and the reason

3   why it is sought, and to reevaluate a more targeted and reasonable request.  Any

4   potentially responsive documents will also be subject to phased production,

5   following the determination of custodians and search terms, and the date of

6   production will be determined by the agreement of the parties.

7

8   **REQUEST NO. 35:**  All Documents concerning and/or reflecting comments

9   recorded on NAF's appraisal vendor's website concerning appraisals and/or

10  appraisers.

11

12  **OBJECTION:**  NAF objects to the request for "all" documents as overly broad

13  and creating an undue burden, and will instead limit any production to relevant,

14  non-privileged documents in its possession, custody, or control to the extent such

15  documents are reasonably accessible and which NAF can locate after a reasonable

16  search and review, and in a manner which is otherwise consistent with its legal

17  obligations.  NAF further objects to this request to the extent it seeks documents

18  concerning FHA and VA loans for which no claims were paid, as they are not

19  relevant to any party's claims or defenses and are not proportional to the needs of

20  the case.

21

22  **RESPONSE**:  Due to the foregoing objections, NAF is willing to meet-and-confer

23  in good faith to discuss this request to better understand what information Relator

24  is seeking and the reason why it is sought, and to reevaluate a more targeted and

25  reasonable request.  Any potentially responsive documents will also be subject to

26  phased production, following the determination of documents that are within its

27  possession, custody, or control, which are reasonably accessible, and which NAF

28

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

29

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

1    can locate and identify after a reasonable search.

2

3    **REQUEST NO. 36:**  All Documents concerning and/or reflecting NAF personnel

4    contacting appraisers (or their employer(s)) concerning the value of an appraisal.

5

6    **OBJECTION:**   NAF objects to the request as overly broad and unduly

7    burdensome.  NAF also objects to this request to the extent that it calls for

8    documents that are not relevant to any party's claims or defenses, and it is not

9    proportional to the needs of the case.

10

11    **RESPONSE**:  Due to the foregoing objections, NAF is willing to meet-and-confer

12    in good faith to discuss this request to better understand what information Relator

13    is seeking and the reason why it is sought, and to reevaluate a more targeted and

14    reasonable request.  Any potentially responsive documents will also be subject to

15    phased production, following the determination of custodians and search terms,

16    and the date of production will be determined by the agreement of the parties.

17

18    **REQUEST NO. 37:**  All Documents concerning NAF loan officers using, or

19    seeking to use, appraisers who would value the property at the levels the loan

20    officers set for the value appeals.

21

22    **OBJECTION:**   NAF objects to the request as overly broad and unduly

23    burdensome.  NAF further objects to this request as vague and ambiguous with

24    respect to the term "value appeals."  NAF also objects to this request to the extent

25    that it calls for documents that are not relevant to any party's claims or defenses,

26    and it is not proportional to the needs of the case.

27

28

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

30

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

1   **RESPONSE**:  Subject to and without waiving the foregoing objections, NAF

2   understands this request to be seeking an admission of "NAF loan officers using,

3   or seeking to use, appraisers who would value the property at the levels the loan

4   officers set for the value appeals."  NAF disputes the legal characterization of this

5   document request and is unaware of documents responsive to it.

6

7   **REQUEST NO. 38:**  All Documents concerning Your policies and/or practices

8   concerning the use of borrower data in the AUS/TOTAL system.

9

10  **OBJECTION:**   NAF objects to the request for "all" documents as overly broad

11  and creating an undue burden, and will instead limit any production to relevant,

12  non-privileged documents in its possession, custody, or control to the extent such

13  documents are reasonably accessible and which NAF can locate after a reasonable

14  search and review, and in a manner which is otherwise consistent with its legal

15  obligations.  NAF further objects to this request as vague and ambiguous with

16  respect to the term "practices."  NAF also objects to this request to the extent that

17  it calls for documents that are not relevant to any party's claims or defenses, and it

18  is not proportional to the needs of the case.

19

20  **RESPONSE**:  Subject to and consistent with the foregoing objections, NAF will

21  produce its underwriting policies and procedures which may concern FHA and VA

22  loans, that are within its possession, custody, or control, which are reasonably

23  accessible, and which NAF can locate and identify after a reasonable search.  See

24  Bates Nos. NAF_QUI TAM_0000027739—NAF_QUI TAM_0000029356

25

26

27

28

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

31

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

**REQUEST NO. 39:**  All Documents concerning or discussing Your employees' practices of modifying or manipulating variables in the AUS/TOTAL system after receiving a "refer/caution" rating to identify the variable(s) that would result in an "accept/approve" rating, as alleged in Paragraphs 22(d), 206(d), 347-365 of the Amended Complaint.

**OBJECTION:**   NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the terms "modifying," "manipulating," "practices," and "variable(s)." NAF further objects to the request to the extent it calls for a legal conclusion as to the meaning of "modifying" or "manipulating" in this request.  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**RESPONSE**:  Subject to and without waiving the foregoing objections, NAF understands this request to be seeking an admission of NAF "employees' practices of modifying or manipulating variables in the AUS/TOTAL system after receiving a 'refer/caution' rating to identify the variable(s) that would result in an 'accept/approve' rating, as alleged in Paragraphs 22(d), 206(d), 347-365 of the Amended Complaint."  NAF disputes the legal characterization of this document request and is unaware of documents responsive to it.

**REQUEST NO. 40:**  All Documents concerning or discussing Your employees' practices of reverse engineering loan approvals by modifying or manipulating the variable(s) in the AUS/TOTAL system after receiving a "refer/caution" rating to identify the variable(s) that would result in an "accept/approve" rating, as alleged in Paragraphs 361-363 of the Amended Complaint.

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG
32

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

**OBJECTION:**   NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the terms and phrases "practices," "reverse engineering," "variable(s)," "modifying" or "manipulating."   NAF further objects to the request to the extent it calls for a legal conclusion as to the meaning of "modifying" or "manipulating" in this request.  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**RESPONSE**:  Subject to and without waiving the foregoing objections, NAF understands this request to be seeking an admission of NAF "employees' practices of reverse engineering loan approvals by modifying or manipulating the variable(s) in the AUS/TOTAL system after receiving a 'refer/caution' rating to identify the variable(s) that would result in an 'accept/approve' rating, as alleged in Paragraphs 361-363 of the Amended Complaint."  NAF disputes the legal characterization of this document request and is unaware of documents responsive to it.

**REQUEST NO. 41:**  Internal File No. 120016109350, and all documents concerning or discussing this file.

**OBJECTION:**   NAF objects to the request for "all" documents as creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control within its loan origination system to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations.  NAF also objects to this request to the extent

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG
33

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

that it is overly broad and calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**RESPONSE**:  Subject to and consistent with the foregoing objections, NAF will produce the loan file for this file number in its possession, custody, or control which is reasonably accessible and which NAF can locate and identify after a reasonable search.  See Bates Nos. NAF_QUI TAM_0000029357—NAF_QUI TAM_0000030778.

**REQUEST NO. 42:**  All Documents concerning Your policies and practices concerning calculating a borrower's income, bonuses and overtime earnings.

**OBJECTION:**   NAF objects to the request for "all" documents as creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations. NAF also objects to this request as vague and ambiguous with respect to the terms and phrases "practices" and "income, bonuses and overtime earnings."  NAF also objects to this request to the extent that it is overly broad and calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**RESPONSE**:  Subject to and consistent with the foregoing objections, NAF will produce its underwriting policies and procedures which may concern FHA and VA loans, that are within its possession, custody, or control, which are reasonably accessible, and which NAF can locate and identify after a reasonable search.  See

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

34

1    Bates Nos. NAF_QUI TAM_0000027739—NAF_QUI TAM_0000029356.

2

3    **REQUEST NO. 43:**  All Documents concerning or referring to NAF employees

4    (including management employees) modifying or manipulating borrowers'

5    overtime and/or bonus income figures to increase the likelihood of loan approval,

6    including but not limited to: (a) using the borrower's present earnings as his/her

7    "historical" earnings; (b) extrapolating the borrower's income for the following

8    two years based on his/her current earnings, and all related loan files; (c) not

9    properly averaging a borrower's bonus and overtime earnings over the required

10   regulatory time period; (d) using the historical earnings, overtime, and year-end

11   bonuses of tomato pickers in California; (e) using one-time bonuses as part of the

12   borrower's earnings; and/or (f) using bonuses that had not yet been earned as part

13   of the borrower's income, and the related loan files.

14

15   **OBJECTION:**   NAF objects to the request as overly broad and unduly

16   burdensome.  NAF further objects to this request as vague and ambiguous with

17   respect to the phrases and terms "modifying," "manipulating," "loan approval,"

18   "present earnings," "'historical' earnings," "current earnings," "required regulatory

19   time period," and "loan files."   NAF also objects to the request to the extent it

20   calls for a legal conclusion as to the meaning of "modifying" or "manipulating" in

21   this request.  NAF further objects to this request to the extent that it calls for

22   documents that are not relevant to any party's claims or defenses, and it is not

23   proportional to the needs of the case.  NAF also objects to this request on the basis

24   that it is overly broad and unduly burdensome to the extent it seeks files for loans

25   to which no claims were paid by FHA or VA, as they are not relevant to any

26   party's claims or defenses and they are not proportional to the needs of the case.

27

28

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

**RESPONSE**:  Subject to and without waiving the foregoing objections, NAF understands this request to be seeking an admission of "NAF employees (including management employees) modifying or manipulating borrowers' overtime and/or bonus income figures to increase the likelihood of loan approval, including but not limited to: (a) using the borrower's present earnings as his/her 'historical' earnings; (b) extrapolating the borrower's income for the following two years based on his/her current earnings, and all related loan files; (c) not properly averaging a borrower's bonus and overtime earnings over the required regulatory time period; (d) using the historical earnings, overtime, and year-end bonuses of tomato pickers in California; (e) using one-time bonuses as part of the borrower's earnings; and/or (f) using bonuses that had not yet been earned as part of the borrower's income, and the related loan files."  NAF disputes the legal characterization of this document request and is unaware of documents responsive to it.

**REQUEST NO. 44:**  All Documents concerning using the borrower's "rolling 24 months" income, as alleged in the Amended Complaint, and the related loan files.

**OBJECTION:**   NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the phrases and terms "rolling 24 months' income" and "loan files."  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.  NAF also objects to this request on the basis that it is overly broad and unduly burdensome to the extent it seeks files for loans to which no claims were paid by FHA or VA, as they are not relevant to any party's claims or

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG
36

defenses and they are not proportional to the needs of the case.

**RESPONSE**:  Subject to and without waiving the foregoing objections, NAF understands this request to be seeking an admission of NAF "using the borrower's 'rolling 24 months' income, as alleged in the Amended Complaint."  NAF disputes the legal characterization of this document request and is unaware of documents responsive to it.

**REQUEST NO. 45:**  Your policies and practices concerning the calculation of borrowers' total debt-to income ratio and borrowers' payment-to-income ratio.

**OBJECTION:**  NAF objects to the request for "all" documents as creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations. NAF further objects to this request as vague and ambiguous with respect to the terms and phrases "borrowers' total debt-to-income ratio," "borrowers' payment-to-income ratio," and "practices."  NAF also objects to this request to the extent that it is overly broad and calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**RESPONSE**:  Subject to and consistent with the foregoing objections, NAF will produce its underwriting policies and procedures which may concern FHA and VA loans, that are within its possession, custody, or control, which are reasonably accessible, and which NAF can locate and identify after a reasonable search.  See Bates Nos. NAF_QUI TAM_0000027739—NAF_QUI TAM_0000029356.

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG
37

1

2   **REQUEST NO. 46:**  Internal File 137316088706, and all documents concerning

3   or discussing this file.

4

5   **OBJECTION:**   NAF objects to the request for "all" documents as creating an

6   undue burden, and will instead limit any production to relevant, non-privileged

7   documents in its possession, custody, or control within its loan origination system

8   to the extent such documents are reasonably accessible and which NAF can locate

9   after a reasonable search and review, and in a manner which is otherwise

10  consistent with its legal obligations.  NAF also objects to this request to the extent

11  that it is overly broad and calls for documents that are not relevant to any party's

12  claims or defenses, and it is not proportional to the needs of the case.

13

14  **RESPONSE**:  Subject to and consistent with the foregoing objections, see NAF's

15  response to Document Request No. 8.

16

17  **REQUEST NO. 47:**  All Documents concerning NAF employees (including

18  management employees) waiving borrowers' debt obligations that were required to

19  be calculated in the debt-to-income ratios for Government loans.

20

21  **OBJECTION:**   NAF objects to the request as overly broad and unduly

22  burdensome.  NAF further objects to this request as vague and ambiguous with

23  respect to the terms and phrases "waiving," "Government loans," "debt-to-income

24  ratios," and "debt obligations."   NAF also objects to this request to the extent that

25  it calls for documents that are not relevant to any party's claims or defenses, and it

26  is not proportional to the needs of the case.

27

28

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG
38

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

1

2   **RESPONSE**:  Subject to and without waiving the foregoing objections, NAF

3   understands this request to be seeking an admission of "NAF employees (including

4   management employees) waiving borrowers' debt obligations that were required to

5   be calculated in the debt-to-income ratios for Government loans."  NAF disputes

6   the legal characterization of this document request and is unaware of documents

7   responsive to it.

8

9   **REQUEST NO. 48:**  All Documents concerning NAF employees (including

10  management employees) excluding known debts from borrowers' debt-to-income

11  analyses.

12

13  **OBJECTION:**   NAF objects to the request as overly broad and unduly

14  burdensome.  NAF further objects to this request as vague and ambiguous with

15  respect to the terms "excluding" and "known debts."   NAF also objects to this

16  request to the extent that it calls for documents that are not relevant to any party's

17  claims or defenses, and it is not proportional to the needs of the case.

18

19  **RESPONSE**:  Subject to and without waiving the foregoing objections, NAF

20  understands this request to be seeking an admission of "NAF employees (including

21  management employees) excluding known debts from borrowers' debt-to-income

22  analyses."  NAF disputes the legal characterization of this document request and is

23  unaware of documents responsive to it.

24

25  **REQUEST NO. 49:**  All Documents concerning or relating to borrowers' debt

26  obligations that You waived when calculating debt-to-income ratios for

27  Government loans, including but not limited to soft credit reports and/or

28

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

39

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

documents reflecting borrowers' total monthly debt obligations.

**OBJECTION:**   NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the phrases and terms "waived," "debt-to-income ratios," "debt obligations," "soft credit reports," "total monthly debt obligations," and "Government loans."   NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**RESPONSE**:  Subject to and without waiving the foregoing objections, NAF understands this request to be seeking an admission of "borrowers' debt obligations that [NAF] waived when calculating debt-to-income ratios for Government loans, including but not limited to soft credit reports and/or documents reflecting borrowers' total monthly debt obligations."  NAF disputes the legal characterization of this document request and is unaware of documents responsive to it.

**REQUEST NO. 50:**  All Documents concerning debts You excluded from the calculation of the debt-to-income ratio on the basis that such debts were considered excludable contingent liabilities.

**OBJECTION:**   NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the phrases and terms "excluded," "debts," "debt-to-income ratio,"  and "excludable contingent liabilities."   NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses,

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG
40

1  and it is not proportional to the needs of the case.

2

3  **RESPONSE**:  Due to the foregoing objections, NAF is willing to meet-and-confer

4  in good faith to discuss this request to better understand what information Relator

5  is seeking and the reason why it is sought, and to reevaluate a more targeted and

6  reasonable request.  Any potentially responsive documents will also be subject to

7  phased production, following the determination of custodians and search terms,

8  and the date of production will be determined by the agreement of the parties.

9

10  **REQUEST NO. 51:**  FHA Loan No. 198-05858356-703, and all documents

11  concerning or discussing this file.

12

13  **OBJECTION:**   NAF objects to the request for "all" documents as creating an

14  undue burden, and will instead limit any production to relevant, non-privileged

15  documents in its possession, custody, or control within its loan origination system

16  to the extent such documents are reasonably accessible and which NAF can locate

17  after a reasonable search and review, and in a manner which is otherwise

18  consistent with its legal obligations.  NAF also objects to this request to the extent

19  that it is overly broad and calls for documents that are not relevant to any party's

20  claims or defenses, and it is not proportional to the needs of the case.

21

22  **RESPONSE**:  Subject to and consistent with the foregoing objections, this FHA

23  loan number appears to be incorrect and NAF has no documents responsive to this

24  request.

25

26  **REQUEST NO. 52:**  FHA File No. 1198-0870544-734, and all documents

27  concerning or discussing this file.

28

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

**OBJECTION**:  NAF objects to the request for "all" documents as creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control within its loan origination system to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations.  NAF also objects to this request to the extent that it is overly broad and calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**RESPONSE**:  Subject to and consistent with the foregoing objections, this FHA loan number appears to be incorrect and NAF has no documents responsive to this request.

**REQUEST NO. 53:**  All Documents reflecting Your audit findings.

**OBJECTION:**   NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the terms "reflecting" and "audit findings."   NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**RESPONSE**:  Subject to and consistent with the foregoing objections, NAF will produce documents responsive to this request concerning FHA and VA loans that are within its possession, custody, or control, which are reasonably accessible, and which NAF can locate and identify after a reasonable search.

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG
42

**REQUEST NO. 54:**  All Documents reflecting Your quality control mechanisms, processes, audits, practices and programs.

**OBJECTION:**  NAF objects to the request for "all" documents as creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations. NAF further objects to this request as vague and ambiguous with respect to the phrases and terms "reflecting," "quality control mechanisms," "audits," "practices," and "programs."  NAF also objects to this request to the extent that it is overly broad and calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**RESPONSE**:  Subject to and consistent with the foregoing objections, NAF will produce documents responsive to this request that are within its possession, custody, or control, which are reasonably accessible, and which NAF can locate and identify after a reasonable search.

**REQUEST NO. 55:**  All Documents concerning or referring to NAF employees (including management employees) implementing a policy of withholding from the Government known underwriting deficiencies, inaccuracies, and errors in completed loan files subsequently discovered by Your quality control auditors.

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

43

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

**OBJECTION:**   NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the terms and phrases "Government," "known underwriting deficiencies, inaccuracies, and errors," and "completed loan files."   NAF further objects to the request to the extent it calls for a legal conclusion as to the meaning of "known underwriting deficiencies, inaccuracies, and errors" in this request.  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**RESPONSE**:  Subject to and without waiving the foregoing objections, NAF understands this request to be seeking an admission of "NAF employees (including management employees) implementing a policy of withholding from the Government known underwriting deficiencies, inaccuracies, and errors in completed loan files subsequently discovered by Your quality control auditors." NAF disputes the legal characterization of this document request and is unaware of a policy responsive to it.

**REQUEST NO. 56:**  All Documents concerning fraud and/or other underwriting deficiencies identified by Your quality control auditors, which were ignored by NAF.

**OBJECTION:**   NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the terms and phrases "fraud and/or other underwriting deficiencies" and "ignored."  NAF objects to the request to the extent it calls for a legal conclusion as to the meaning of "fraud and/or other underwriting deficiencies" in this request. NAF also objects to this request to the extent that it calls for documents that are

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG
44

not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

**RESPONSE**:  Subject to and without waiving the foregoing objections, NAF understands this request to be seeking an admission of "fraud and/or other underwriting deficiencies identified by Your quality control auditors, which were ignored by NAF."  NAF disputes the legal characterization of this document request and is unaware of documents responsive to it.

**REQUEST NO. 57:**  All Documents concerning and/or discussing NAF: (a) ignoring audit results and/or findings; (b) acting as if Government loans did not have any deficiencies and/or (c) ignoring fraud and/or deficiencies You found in Your underwriting of Government loans.

**OBJECTION:**   NAF objects to the request as overly broad and unduly burdensome.  NAF further objects to this request as vague and ambiguous with respect to the terms and phrases "ignoring," "audit results and/or findings," "Government loans," "fraud and/or underwriting deficiencies," and "deficiencies." NAF objects to the request to the extent it calls for a legal conclusion as to the meaning of "fraud and/or underwriting deficiencies" or "deficiencies" in this request.  NAF also objects to this request to the extent that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG
45

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

1   **RESPONSE**:  Subject to and without waiving the foregoing objections, NAF

2   understands this request to be seeking an admission of NAF "(a) ignoring audit

3   results and/or findings; (b) acting as if Government loans did not have any

4   deficiencies and/or (c) ignoring fraud and/or deficiencies."  NAF disputes the legal

5   characterization of this document request and is unaware of documents responsive

6   to it.

7

8   **REQUEST NO. 58:**  All Documents concerning or discussing the consent

9   judgments and/or stipulations of settlement with Government Lenders accused of

10  violating critical underwriting criteria required by the HUD-FHA and/or the VA,

11  including but not limited to: (a) Bank of America Corp., J.P. Morgan Chase & Co.,

12  Wells Fargo & Co., Citigroup Inc., and Ally Financial, Inc., on or around March

13  12, 2012; (b) General Electric, on or around April 12, 2019; (c) Wells Fargo Bank,

14  N.A., on or around April 8, 2016; (d) SunTrust Mortgage, Inc., on or around

15  September 30, 2014; (e) J.P. Morgan Chase Bank, N.A., on or around February 5,

16  2014; (f) Allquest Home Mortgage Corp., on or around September 29, 2017; (g)

17  Flagstar Bank, F.S.B., on or around February 24, 2012; (h) M&T Bank, on or

18  around May 9, 2016; (i) Finance of America Mortgage LLC, on or around

19  December 11, 2018; and (j) TXL Mortgage Corp., on or around September 20,

20  2016.

21

22  **OBJECTION:**   NAF objects to the request as overly broad and unduly

23  burdensome.  NAF further objects to this request as vague and ambiguous with

24  respect to the terms and phrases "violating" and "critical underwriting criteria."

25  NAF also objects to this request to the extent that it calls for documents that are

26  not relevant to any party's claims or defenses, and it is not proportional to the

27  needs of the case.

28

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

**RESPONSE**:  Due to the foregoing objections, NAF is willing to meet-and-confer in good faith to discuss this request to better understand what information Relator is seeking and the reason why it is sought, and to reevaluate a more targeted and reasonable request.  Any potentially responsive documents will also be subject to phased production, following the determination of custodians and search terms, and the date of production will be determined by the agreement of the parties.

**REQUEST NO. 59:**  All of Your annual and quarterly reports, financial reports, financial reports, and financial statements (audited and unaudited), including balance sheets, income statements, cash-flow statements, monthly reports and management reports and any analysis by You of any such financial statements.

**OBJECTION:**   NAF objects to this request on the basis that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.  NAF also objects to the request as vague, ambiguous, overly broad, and unduly burdensome.

**RESPONSE**:  Due to the foregoing objections, NAF will not be producing documents responsive to this request.

**REQUEST NO. 60:**  Any Documents provided to actual or prospective investors, including but not limited to materials distributed during roadshows, and/or private placement memorandum and/or private equity memorandum.

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

47

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

**OBJECTION:**   NAF objects to this request on the basis that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.  NAF also objects to this request as vague and ambiguous with respect to the terms and phrases "roadshows" and "private placement memorandum and/or private equity memorandum."  NAF further objects to the request as vague, ambiguous, overly broad, and unduly burdensome.

**RESPONSE**:  Subject to and without waiving the foregoing objections, NAF is unaware of documents responsive to this request.

**REQUEST NO. 61:**  All Documents concerning any insurance policy obtained for the benefit of NAF (or its officers or directors), which may provide full or partial coverage for any of the claims asserted in this Action.

**OBJECTION:**   NAF objects to this request on the basis that it calls for documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case.  NAF objects to the request as vague, ambiguous, overly broad, and unduly burdensome.

**RESPONSE**:  Subject to and consistent with the foregoing objections, NAF refers Relator to its Initial Disclosures produced on August 28, 2019.  NAF has no applicable insurance agreement.

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG
48

1   **REQUEST NO. 62:** Your Document retention policy.

2

3   **OBJECTION:** NAF objects to the request as creating an undue burden, and will

4   instead limit any production to relevant, non-privileged documents in its

5   possession, custody, or control to the extent such documents are reasonably

6   accessible and which NAF can locate after a reasonable search and review, and in

7   a manner which is otherwise consistent with its legal obligations. NAF also

8   objects to this request on the basis that it calls for documents that are not relevant

9   to any party's claims or defenses, and it is not proportional to the needs of the case.

10

11   **RESPONSE:** Subject to and consistent with the foregoing objections, NAF will

12   produce documents responsive to this request that are within its possession,

13   custody, or control, which are reasonably accessible, and which NAF can locate

14   and identify after a reasonable search.

15

16   **REQUEST NO. 63:** All Documents concerning or referring to communications

17   with any federal or state government entity or agent concerning Your compliance

18   or lack thereof with HUD-FHA and/or VA regulations.

19

20   **OBJECTION:** NAF objects to the request as overly broad and unduly

21   burdensome. NAF further objects to this request as vague and ambiguous with

22   respect to the terms and phrases "compliance" and "federal or state government

23   entity or agent." NAF also objects to this request to the extent that it calls for

24   documents that are not relevant to any party's claims or defenses, and it is not

25   proportional to the needs of the case.

26

27

28

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

49

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

**RESPONSE**:  Subject to and consistent with the foregoing objections, NAF disputes the legal characterization of this document request concerning "compliance or lack thereof with HUD-FHA and/or VA regulations."  However, NAF will produce HUD and VA audits which include communications with HUD and VA, which are reasonably accessible, and which NAF can locate and identify after a reasonable search.

**REQUEST NO. 64:**  All Documents provided to any expert in connection with this Action.

**OBJECTION:**   NAF objects to this request on the basis that it is overly broad and unduly burdensome.  NAF also objects to this request as premature.  NAF further objects to this request to the extent it requests documents protected by the attorney-client privilege or the work production doctrine, or seeks to impose obligations above and beyond what Federal Rule of Civil Procedure 26 or any Court order requires.

**RESPONSE**:  Subject to and consistent with the foregoing objections, NAF states that it will produce any expert report in accordance with the terms of the case management order entered by the Court and in accordance with the requirements of Fed. R. Civ. P. 26.

**REQUEST NO. 65:**  All documents You identified or referred to in Your responses to Plaintiff's First Set of Interrogatories to Defendant.

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG
50

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

**OBJECTION:**  NAF objects to this request on the basis that it is duplicative of Relator's interrogatories.  This document request is also duplicative of Document Request Nos. 18, 20, 29, 38, 42, and 45.

**RESPONSE**:  Subject to and consistent with the foregoing objections, NAF will produce its loan officer compensation policy identified in NAF's response to Relator's Interrogatory No. 1, its Underwriting Exception Policy and Procedures identified in NAF's response to Relator's Interrogatory No. 2 (See Bates Nos. NAF_QUI TAM_0000027760—NAF_QUI TAM_0000027761), its property appraisal policies and procedures identified in NAF's response to Relator's Interrogatory No. 3 (See Bates Nos. NAF_QUI TAM_ 0000027408—NAF_QUI TAM_0000029356), its underwriting policies and procedures identified in NAF's response to Relator's Interrogatory Nos. 4, 5, and 6 (See Bates Nos. NAF_QUI TAM_0000027739—NAF_QUI TAM_0000029356); and its quality control policies and procedures in NAF's response to Relator's Interrogatory No. 7.

**REQUEST NO. 66:**  All Documents You intend to introduce at trial or any hearing in this Action.

**OBJECTION:**  NAF objects to this request on the basis that it is overly broad, unduly burdensome, and duplicative.  NAF also objects to this request as premature, as NAF has not yet had the opportunity to take discovery.  Many of the documents responsive to this request are in the possession, custody, or control of HUD and VA.

**RESPONSE**:  Subject to and without waiving the foregoing objections, NAF states that it has not yet determined what documents it may or may not wish to

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

51

introduce at trial or any hearing in this action.

**REQUEST NO. 67:**  All Documents You intend to rely upon in proving any affirmative defense in Your Answer to the Amended Complaint in this Action filed on July 22, 2019.

**OBJECTION:**   NAF objects to this request on the basis that it is overly broad, unduly burdensome, and duplicative.  NAF also objects to this request as premature, as NAF has not yet had the opportunity to take discovery regarding its affirmative defenses.  Many of the documents responsive to this request are in the possession, custody, or control of HUD and VA.

**RESPONSE**:  Subject to and without waiving the foregoing objections, NAF states that it has not yet determined what documents it may or may not wish to introduce in support of its affirmative defenses.

**REQUEST NO. 68:**  Organizational charts of NAF showing all employees in Your underwriting, origination, endorsement and quality control departments, as well as their respective reports and supervisors.

**OBJECTION:**   NAF objects to the request for "all" organizational charts as overly broad and creating an undue burden, and will instead limit any production to relevant, non-privileged documents in its possession, custody, or control to the extent such documents are reasonably accessible and which NAF can locate after a reasonable search and review, and in a manner which is otherwise consistent with its legal obligations.

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

52

**RESPONSE**:  Subject to and without waiving the foregoing objections, NAF is producing lists of current employees that are responsive to this request.  See Bates Nos. NAF_QUI TAM_0000030779—NAF_QUI TAM_0000030785.


Dated:  November 22, 2019          **WEINER BRODSKY KIDER PC**

                                      /s/ Timothy P. Ofak

Mitchel H. Kider (CA Bar No. 116479)
Joel A. Schiffman (CA Bar No. 90138)
Timothy P. Ofak (*Pro Hac Vice*)
Lindsay L. Buchanan (*Pro Hac Vice*)
1300 19th Street NW, Fifth Floor
Washington, DC 20036
Tel:  (202) 628-2000
Facsimile:  (202) 628-2011
Email: kider@thewbkfirm.com
       schiffman@thewbkfirm.com
       ofak@thewbkfirm.com
       buchanan@thewbkfirm.com

*Counsel for Broker Solutions, Inc.*
*d/b/a New American Funding*

NAF's Objections and Responses to Relator's
First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

53

# CERTIFICATE OF SERVICE

I certify that on November 21, 2019, I caused the foregoing Defendant New American Funding's Objections and Responses to Relator's First Set of Requests for Production of Documents to be sent via electronic mail to:

J. Nelson Thomas (*Pro Hac Vice*)
Jonathan W. Ferris (*Pro Hac Vice*)
Michael J. Lingle (*Pro Hac Vice*)
Annette M. Gifford (CA Bar No. 270777)
THOMAS & SOLOMON LLP
693 East Avenue
Rochester, NY 14607

Daniel L. Berger (to be admitted *Pro Hac Vice*)
Kyle J. McGee (*Pro Hac Vice*)
Laina M. Herbert (*Pro Hac Vice*)
GRANT & EISENHOFER P.A.
123 Justison Street
Wilmington, Delaware, 19801

C. Brooks Cutter (121407)
John R. Parker, Jr. (257761)
CUTTER LAW PC
401 Watt Avenue
Sacramento, CA 95864

*Attorneys for Relator*

/s/ Timothy P. Ofak
Timothy P. Ofak
WEINER BRODSKY KIDER PC
1300 19th Street, NW, Fifth Floor
Washington, D.C.  20036
(202) 628-2000
(202) 628-2011 (Fax)

*Attorney for Defendant*

NAF's Objections and Responses to Relator's First Set of Requests for Production of Documents
Case No. 19-cv-01630-PSG

54

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

# EXHIBIT 36

# G&E   Grant & Eisenhofer P.A.

485 Lexington Avenue
29th Floor
New York, NY 10017
tel:  646.722.8500
fax: 646.722.8501

30 N. LaSalle Street
Suite 2350
Chicago, IL 60602
tel:  312.610.5350
fax: 312.214.0001

505 20th Street N
Suite 1450
Birmingham, AL 35203
tel:  205.453.6415
fax: 205.718.7688

One Market Street
Spear Tower, 36th Floor
San Francisco, CA 94105
tel:  415.293.8210
fax: 415.789.4367

www.gelaw.com

123 Justison Street, 7th Floor, Wilmington, DE 19801          tel: 302.622.7000   fax: 302.622.7100

Laina M. Herbert
Associate
+1 (302) 622 7016
lherbert@gelaw.com

October 22, 2020

**VIA E-MAIL**

Timothy P. Ofak, Esq.
Weiner Brodsky Kider PC
1300 19th Street NW, 5th Floor
Washington, DC  20036

Re:   *U.S. ex rel. Tutanes-Luster v. Broker Solutions, Inc. dba New American Funding*, No. 2:19-cv-1630-PSG-JPR (C.D. Cal.)

Dear Tim:

I write with respect to Defendant New American Funding's Objections and Responses to Relator's Fourth Set of Requests for Production of Documents (4th RFPD" or "Request") served on October 9, 2020 in the above-captioned matter, which seeks:  "Complete loan files for all FHA and VA loans originated by NAF that resulted in any claim being made after January 1, 2011, regardless of loan origination date."  We have identified a number of objections that we believe to be improper and/or unfounded, and, as more specifically set forth below, ask Defendant to withdraw them and produce the requested materials. Please provide your response to the issues raised in this letter by October 29, 2020.  We are available to meet and confer in the meantime.

*First*, Defendant has "object[ed] to the 'Relevant Time Period' as beyond the statute of limitations and therefore calling for information that is not relevant to the claim or defense of any party."  The documents targeted in Relator's 4th RFPD are highly relevant because they relate to loans that resulted in claims being made on FHA/HUD or the VA within the applicable statute of limitations period.  Moreover, even if that were not the case, the statute of limitations is an affirmative defense that

Timothy P. Ofak, Esq.
October 22, 2020
Page 2

has not been established.  *Allen v. Similasan Corp.*, 2014 WL 2212120, at *2 (S.D. Cal. May 27, 2014) ("[S]tatutes of limitation are affirmative defenses that run from the accrual of a claim until litigation commences," and "[g]enerally, they do not affect discovery.").  In general, statutes of limitations do not serve to limit the scope of discovery.  *Gottesman v. Santana*, 2017 WL 5889765, at *5-6 (S.D. Cal. Nov. 29, 2017) (rejecting argument that materials generated outside statute of limitation period are not discoverable and finding, "[t]he statute of limitations is not a rigid barrier separating discoverable information from information outside the scope of discovery").  In any event, the Request seeks documentation regarding loans on which HUD/FHA or VA have paid claims within the applicable limitations period.  Thus, NAF's objection is misplaced and legally meritless.

*Second*, Defendant has objected to this Request "to the extent [it] seek[s] information and documents that are not relevant to a claim or defense of a party and, therefore, are beyond the scope of permissible discovery as prescribed by Federal Rule of Civil Procedure 26(b)(1).  General Obj. No. 5.  For the reasons stated above, these documents are highly relevant: they pertain to claims paid by HUD/FHA or VA during the limitations period.  Thus, they are also within the scope of permissible discovery permitted by the Federal Rules, and are required to be produced.

*Third*, Defendant has objected to this Request as "impos[ing] obligations beyond those prescribed by the Federal Rules of Civil Procedure or the Local Civil rules of the District Court for the Central District of California, and any Orders of the Court," (General Obj. No. 2), and "to the extent [it is] overly broad, unduly burdensome, or oppressive, or do[es] not comply with the Federal Rules' proportionality requirement."  General Obj. No. 4.  As we explained in our September 27, 2019 letter, "Rule 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  The September 27 Letter also describes the analysis the Court undertakes when determining proportionality and explains why documents that bear on, or that reasonably could lead to matters that bear on, the massive, years-long, nationwide and systemic fraudulent scheme NAF perpetrated on the Government, such as the documents sought by this Request are relevant to Relator's claims.  As we noted in the September 27 Letter, Rules 26 and 34 require NAF to do much more to support its "proportionality" objection than simply invoke the word "proportionality."  Just as

Timothy P. Ofak, Esq.
October 22, 2020
Page 3

we explained in that correspondence, if by "proportionality" NAF actually means "relevance," that objection is frivolous and should be withdrawn.

*Finally*, Defendant has refused to produce any documents in response to this Request, and instead, *inter alia*, "objects to this request for FHA and VA loan files as overly broad and unduly burdensome given the number of loan files—over 1,300 FHA loan files identified by HUD—seemingly being requested." Defendant raises a handful of other objections in its specific response to this Request, including that it objects to producing loans with HAMP loan modification incentive payments; FHA loans that are active loans; loan files for FHA streamline refinance loans;[1] loan files prior to NAF becoming a Direct Endorsement lender; loan files that were obtained by NAF prior to NAF obtaining automatic approved lender status from the VA; and loan files related to VA Interest Rate Reduction Refinance Loans. These objections are baseless. If NAF originated an FHA or a VA loan – regardless of the type or purpose of the FHA or the VA loan, the origination date, whether it has a HAMP loan modification incentive payment, or whether the loans were originated before or after NAF became a DE lender or NAF obtained automatic approved lender status for the VA Program – and that loan resulted in any claim being made on the Government after January 1, 2011, then it is subject to Relator's complaint and must be produced.

We look forward to your written response and to promptly scheduling a meet-and-confer call to discuss these issues.

Very truly yours,

*/s/ Laina M. Herbert*

Laina M. Herbert

cc:   Kyle J. McGee, Esq. (*via e-mail*)
      Mitchel H. Kider, Esq. (*via e-mail*)
      Joshua A. Rosenthal, Esq. (*via e-mail*)

---

[1] NAF's sudden refusal to produce FHA streamline loans is curious because its production contains several such loans.

Timothy P. Ofak, Esq.
October 22, 2020
Page 4


Joel A. Schiffman, Esq. (*via e-mail*)
Lindsay L. Buchanan, Esq. (*via e-mail*)
Joshua H. Abel, Esq. (*via e-mail*)
Evan M. Rothman, Esq. (*via e-mail*)
Daniel L. Berger, Esq. (*via e-mail*)
J. Nelson Thomas, Esq. (*via e-mail*)
Jonathan W. Ferris, Esq. (*via e-mail*)
Michael J. Lingle, Esq. (*via e-mail*)
Annette M. Gifford, Esq. (*via e-mail*)
C. Brooks Cutter, Esq. (*via e-mail*)

# EXHIBIT 37



November 6, 2020

**VIA EMAIL**

Laina M. Herbert
Kyle J. McGee
Grant & Eisenhofer P.A.
123 Justison Street
Wilmington, Delaware, 19801

Re:     *United States ex rel. Malou Tutanes-Luster v. Broker Solutions, Inc., d/b/a New American Funding, No. 2-19-cv-01630-PSG-JPR*

Ms. Herbert:

We write this letter in response to your October 22, 2020, letter regarding New American Funding's (NAF) Objections and Responses to Relator's Fourth Set of Requests for Production of Documents ("Fourth RFPD" or "Request"). As an initial matter, NAF will not withdraw its objections with regard to Relator's request to produce documents related to FHA and VA loans which were originated prior to January 1, 2011, but resulted in a claim being made after January 1, 2011. This request seeks documents which are not relevant to the claims stated in Relator's Amended Complaint, it exists wholly outside of the scope of the loans deemed to be at issue therein, and it is both overly broad and unduly burdensome.

First, NAF stands on its objection to this Request "to the extent [it] seek[s] information and documents that are not relevant to a claim or defense of a party." The documents targeted in Relator's Fourth RFPD are not relevant, as they seek loans resulting in a claim being made on FHA/HUD or the VA that were not contemplated within Relator's own definition of loans within the "Relevant Time Period." Relator's Amended Complaint identifies only loans originated from 2011 to the present as being included in its Amended Complaint. Am. Compl. ¶ 195 ("NAF has originated and endorsed . . . loans since 2011 under the Government Programs"); Am. Compl. ¶ 465 ("Since 2011, NAF originated and endorsed . . . loans under the Government Programs"); Am. Compl. ¶¶ 481, 490 ("NAF submitted to HUD-FHA materially false certifications (including . . .



2

annual certifications from 2011 to the present…)"). Relator's Amended Complaint is similarly limited to FHA loan files originated after NAF became a DE lender and VA loan files originated after the Company obtained VA automatic approved lender status. *See, e.g.,* Am. Compl. ¶ 481 ("NAF submitted to HUD-FHA . . . certifications (including an initial certification, annual certifications from 2011 to present . . .) in order to participate in the DE Program."); Am. Compl. ¶ 154 ("To participate in the VA Program, each VA lender is required to certify compliance with the VA regulations for underwriting VA loans by submitting VA Form 26-8736. VA Form 26-8736 is an application for a lender to underwrite VA loans on an automatic and non-supervised basis.").

Further, any references to a time period prior to 2011 in the Amended Complaint are "superficial at best." *United States ex rel. Spay v. CVS Caremark Corp.*, No. 09-4672, 2013 U.S. Dist. LEXIS 121554, at *6 (E.D. Pa. Aug. 27, 2013) (limiting scope of discovery to two years in False Claims Act ("FCA") qui tam action where complaint focused on claims submitted during those two years despite allegations of ongoing practice of fraud). Plaintiff cannot "avoid the limitations established by the complaint" by now asserting an exceedingly broad request for production of documents. *United States ex rel. Jacobs v. CDS, P.A.*, No. 4:14-cv-00301-BLW, 2016 U.S. Dist. LEXIS 102123, at *6-9 (D. Idaho Aug. 3, 2016) (holding in FCA qui tam action that allegations in complaint limited temporal discovery period to three years); *see also Spay,* 2013 U.S. Dist. LEXIS 121554 at *6.

Also, Relator's arguments regarding the nature of NAF's FCA statute of limitations objection are misplaced, as Relator has limited the allegations in her Amended Complaint to concern only loans which were originated from 2011 to the present. In this way, Relator's request is overly broad and goes beyond the FCA's statute of limitations. 31 U.S.C. § 3731(b). The only loans germane to Relator's action are FHA and VA loans that (i) were originated from August 2, 2011, going forward; *and* (ii) HUD or VA paid a claim or guarantee on.

NAF also will not withdraw its objection to the overly-broad and unduly burdensome nature of this request. NAF does not simply invoke the word "proportional" as Relator contends. As NAF noted in its objections, Relator is seeking around 1,300 FHA loan files alone, and given this volume, the request, on its face, is inappropriate. Moreover, Relator has offered no justification explaining how FHA streamline loan files are relevant to this



3

case.  FHA Streamline loans have minimal underwriting requirements that do not
implicate credit, income, or appraisals and are not covered by Relator's Amended
Complaint.  HUD Handbook 4155.1 Rev-5, at 1-12; HUD Handbook 4155.1, at Ch. 6.C;
HUD Handbook 4000.1, at II.A.8.  Similarly, VA Interest Rate Reduction Refinance Loans
(VA IRRRLs) also have minimal underwriting requirements.  VA Pamphlet 26-7, Ch. 6.

Further, NAF stands on its objection to the extent that the Request seeks loan documents
related to FHA-HAMP loan modification incentive payments, as such payments are not
relevant to the allegations in Relator's Amended Complaint.  Mortgagees are only eligible
for incentive payments "upon completion of the approved Loss Mitigation Actions"
which include FHA-HAMP Partial Claims and Loan Modifications.  4000.1 HUD
Handbook, at III.A.2.  They are paid for completing the steps necessary for a borrower to
receive the modification.  Incentive payments are not claims for payment in connection
with FHA insurance.  Producing loan files related to such payments would be unduly
burdensome and disproportionate to the needs of this case.

Moreover, even if the borrower succeeds in obtaining a loss mitigation modification with
a related partial claim, the borrower is still ultimately responsible for the partial claim.
4000.1 HUD Handbook, at III.A.2.k.v.D.2 ("HUD will not require payment on the Partial
Claim until the maturity of the FHA-HAMP Mortgage, the sale of the Property, or the
Payoff or non-FHA refinancing of the Mortgage.").  FHA loan files for active loans
identified by HUD are therefore not relevant, and a request for such files is overly broad
and burdensome.  *See* Req. No. **1 - Broker Solutions loans originated with loss mitigation
claims paid.xlsx** produced by HUD.

Notwithstanding the foregoing, NAF has considered Relator's compromise proposal
discussed during the October 29, 2020, meet-and-confer regarding this Discovery
Request.  NAF understands that Relator will accept FHA and VA loan files originated
prior to 2011 that were not FHA Streamline Refinances or VA IRRRLs and that resulted in
a claim being made after January 1, 2011.  Without waiving its objections, NAF will agree
to produce FHA loan files originated prior to 2011 that (1) resulted in a claim on or after
January 1, 2011—as identified in Req. No. 1 - Broker Solutions loans originated with loss
mitigation claims paid.xlsx produced by HUD—and (2) were not FHA Streamline
Refinances, to the extent such files are available.  NAF will also agree to produce VA loan



4

files originated prior to 2011 that resulted in a claim on or after January 1, 2011, and that
were not VA IRRRLs.  However, NAF is not aware of VA loan files responsive to this
request.

Please confirm whether Relator will agree to this proposed compromise.


Thank you,

*/s/ Timothy P. Ofak*
Timothy P. Ofak

# EXHIBIT 38

| From: | Laina Herbert |
|---|---|
| Sent: | Friday, November 6, 2020 5:13 PM |
| To: | 'Lindsay Buchanan' |
| Cc: | Mitch Kider; Timothy Ofak; Ryan Harris; Kyle McGee |
| Subject: | RE: Meet-and-Confer re US ex rel. Tutanes-Luster v. Broker Solutions, Inc., No. 19-cv-01630 (C.D. Cal.) [IWOV-LEGAL.FID314664] |

Thanks, Lindsay. We agree to the proposed compromise. Please let us know when we should expect NAF to produce these loans.

Regards,

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

**From:** Lindsay Buchanan [mailto:buchanan@thewbkfirm.com]
**Sent:** Friday, November 6, 2020 4:33 PM
**To:** Laina Herbert ; Kyle McGee
**Cc:** Mitch Kider ; Timothy Ofak ; Ryan Harris
**Subject:** RE: Meet-and-Confer re US ex rel. Tutanes-Luster v. Broker Solutions, Inc., No. 19-cv-01630 (C.D. Cal.) [IWOV-LEGAL.FID314664]

Laina:

Attached, please find the following documents:

1. A cover letter providing information regarding previously-produced NAF loan documents that were inadvertently not designated "Confidential" and a spreadsheet identifying the Bates numbers of those documents;
2. An updated spreadsheet containing the Bates ranges that correspond with the non-paperless loan documents produced to Relator on September 30, 2020; and
3. Correspondence following up on your letter from October 22, 2020 and our meet and confer on October 29, 2020.

In addition, and based on the October 29 meet-and-confer, our understanding was that Relator would agree to the production of the non-FHA Streamlines and non-VA IRRRLs. That agreement would result in our production of documents related to approximately 119 FHA loans. As stated in the letter, NAF will agree to that proposed compromise and produce those loan files to the extent they are available. Please let us know if we are in agreement on the proposed compromise.

Regards,

**Lindsay Buchanan**
**Associate**
**Weiner Brodsky Kider PC**
1300 19th Street, NW, 5th Floor
Washington, DC 20036
office: 202-628-2000
direct: 202-557-3533
facsimile: 202-628-2011
buchanan@thewbkfirm.com
www.thewbkfirm.com

This electronic message contains information from the law firm of Weiner Brodsky Kider PC, which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this transmission in error, please notify us by telephone (202-628-2000) or by electronic mail berkoh@theWBKfirm.COM immediately. For more information about Weiner Brodsky Kider PC, please visit us at www.thewbkfirm.com

TAX ADVICE DISCLAIMER: Any federal tax advice contained in this communication (including attachments) was not intended or written to be used, and it cannot be used, by you for the purpose of (1) avoiding any penalty that may be imposed by the Internal Revenue Service or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Laina Herbert [mailto:lherbert@gelaw.com]
**Sent:** Thursday, October 29, 2020 4:03 PM
**To:** Timothy Ofak <ofak@thewbkfirm.com>
**Cc:** Lindsay Buchanan <buchanan@thewbkfirm.com>; Ryan Harris <Harris@thewbkfirm.com>; Kyle McGee <kmcgee@gelaw.com>
**Subject:** Meet-and-Confer re US ex rel. Tutanes-Luster v. Broker Solutions, Inc., No. 19-cv-01630 (C.D. Cal.) [IWOV-LEGAL.FID314664]

Tim,

Thank you for meeting and conferring with us this afternoon. We look forward to your written response to our October 22, 2020 letter on or before Friday, November 6, 2020.

As we discussed, we believe the parties can reach a compromise regarding the documents requested in Document Request No. 77 and avoid motion practice. As part of that compromise, we will accept production of all responsive FHA and VA loan files that were not Streamline Refis or IRRRLs that resulted in a claim being made after January 1, 2011 regardless of origination date; all active FHA and VA loans that resulted in a claim being made after January 1, 2011 regardless of origination date; and all FHA and VA loans with HAMP loan

modification incentive payments that resulted in a claim being made after January 1, 2011 regardless of origination date. Based on our discussion, we understand this compromise would significantly reduce the purported burden on your client as many of the otherwise responsive loan files are Streamline Refis (or IRRRLs).

We appreciate you looking into the issues concerning the spreadsheet related to NAF's September 30 loan production. We will look for the revised spreadsheet and for your written explanation concerning the data dictionary fields and data that NAF proposes producing next week. We also look forward to receiving a projected timeline for production of ESI materials within the next 2 weeks.

Thanks, Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

# EXHIBIT 39

| | |
|---|---|
| **From:** | Laina Herbert |
| **Sent:** | Thursday, October 29, 2020 4:03 PM |
| **To:** | 'Timothy Ofak' |
| **Cc:** | Lindsay Buchanan; Ryan Harris; Kyle McGee |
| **Subject:** | Meet-and-Confer re US ex rel. Tutanes-Luster v. Broker Solutions, Inc., No. 19-cv-01630 (C.D. Cal.) [IWOV-LEGAL.FID314664] |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Tim,

Thank you for meeting and conferring with us this afternoon. We look forward to your written response to our October 22, 2020 letter on or before Friday, November 6, 2020.

As we discussed, we believe the parties can reach a compromise regarding the documents requested in Document Request No. 77 and avoid motion practice. As part of that compromise, we will accept production of all responsive FHA and VA loan files that were not Streamline Refis or IRRRLs that resulted in a claim being made after January 1, 2011 regardless of origination date; all active FHA and VA loans that resulted in a claim being made after January 1, 2011 regardless of origination date; and all FHA and VA loans with HAMP loan modification incentive payments that resulted in a claim being made after January 1, 2011 regardless of origination date. Based on our discussion, we understand this compromise would significantly reduce the purported burden on your client as many of the otherwise responsive loan files are Streamline Refis (or IRRRLs).

We appreciate you looking into the issues concerning the spreadsheet related to NAF's September 30 loan production. We will look for the revised spreadsheet and for your written explanation concerning the data dictionary fields and data that NAF proposes producing next week. We also look forward to receiving a projected timeline for production of ESI materials within the next 2 weeks.

Thanks, Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail,

you are hereby notified that any dissemination, distribution, or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

# EXHIBIT 40

| From: | Laina Herbert <lherbert@gelaw.com> |
|-------|-------------------------------------|
| Sent: | Friday, September 11, 2020 4:29 PM |
| To: | 'Timothy Ofak' |
| Cc: | Mitch Kider; Lindsay Buchanan; Kyle McGee |
| Subject: | RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664] |
| Attachments: | NAF_ Proposed Email Search Term Changes (received from NAF on 9.9.2020).....xlsx |

Tim,

We have added our comments to your proposed searches in Column C of the attached. We are available for a meet and confer on Wednesday or Thursday. Please let us know your availability and we will circulate dial-in information.

Thanks, Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

**From:** Timothy Ofak [mailto:ofak@thewbkfirm.com]
**Sent:** Wednesday, September 9, 2020 10:06 AM
**To:** Laina Herbert <lherbert@gelaw.com>; Kyle McGee <kmcgee@gelaw.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Kyle and Laina,

Attached please find the updated hit report, bringing back approximately 5.4 million emails and attachments. A number of terms are still bringing back a disproportionate number of hits. To that end, I am also attaching a second hit report with a number of additional proposed term modifications for your consideration, and which is bringing back approximately 3.4 million emails and attachments. Along with the two hit reports is a third Excel which identifies the additional proposed terms modifications in yellow highlighting.

Please let me know when you are available for a meet-and-confer to discuss the hit reports. I am generally available on Thursday and Monday after 11 am each day.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW  5th Floor
Washington DC  20036
office:  202 628 2000
direct:  202 557 3517
facsimile:  202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

---

**From:** Laina Herbert [mailto:lherbert@gelaw.com]
**Sent:** Wednesday, August 19, 2020 12:38 PM
**To:** Timothy Ofak <ofak@thewbkfirm.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Kyle McGee <kmcgee@gelaw.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Tim,

Thanks for sending your proposed modifications to the email hit report. We have added our comments to your changes on the "Total" tab in column G.

-Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

---

**From:** Timothy Ofak [mailto:ofak@thewbkfirm.com]
**Sent:** Monday, August 17, 2020 6:17 PM
**To:** Laina Herbert <lherbert@gelaw.com>; Kyle McGee <kmcgee@gelaw.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Kyle and Laina,

As we discussed during our meet-and-confer last week, attached please find the email hit report with our proposed modifications to a number of the search terms. The proposed changes are reflected on the "Total" tab in column F.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW  5th Floor
Washington DC  20036
office:  202 628 2000
direct:  202 557 3517
facsimile:  202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

---

**From:** Laina Herbert [mailto:lherbert@gelaw.com]
**Sent:** Tuesday, August 11, 2020 12:59 PM
**To:** Timothy Ofak <ofak@thewbkfirm.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Kyle McGee <kmcgee@gelaw.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Tim,

Let's go with 11:00 a.m.  I will circulate a calendar invite with dial-in information.

Thanks, Laina


**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

**From:** Timothy Ofak [mailto:ofak@thewbkfirm.com]
**Sent:** Tuesday, August 11, 2020 12:56 PM
**To:** Laina Herbert <lherbert@gelaw.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Kyle McGee <kmcgee@gelaw.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Laina,

How about 11 am or 4:30 pm?

Thanks,

Tim

---

**From:** Laina Herbert [mailto:lherbert@gelaw.com]
**Sent:** Tuesday, August 11, 2020 12:27 PM
**To:** Timothy Ofak <ofak@thewbkfirm.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Kyle McGee <kmcgee@gelaw.com>
**Subject:** US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Tim,

Are you available for a meet and confer tomorrow after 10:00 a.m. or after 4:00 p.m.?  We would like to discuss the search terms hit list and the data dictionaries, and raise a few questions about the most recent production.

Thanks, Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

# EXHIBIT 41

| From: | Laina Herbert <lherbert@gelaw.com> |
|-------|-------------------------------------|
| Sent: | Wednesday, August 19, 2020 12:38 PM |
| To: | 'Timothy Ofak' |
| Cc: | Mitch Kider; Lindsay Buchanan; Kyle McGee |
| Subject: | RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664] |
| Attachments: | NAF_ 2020.08.17 QUI_TAM All Custodian report (WBK Proposed Term Changes)....xlsx |

Tim,

Thanks for sending your proposed modifications to the email hit report. We have added our comments to your changes on the "Total" tab in column G.

-Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

From: Timothy Ofak [mailto:ofak@thewbkfirm.com]
Sent: Monday, August 17, 2020 6:17 PM
To: Laina Herbert <lherbert@gelaw.com>; Kyle McGee <kmcgee@gelaw.com>
Cc: Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>
Subject: RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Kyle and Laina,

As we discussed during our meet-and-confer last week, attached please find the email hit report with our proposed modifications to a number of the search terms. The proposed changes are reflected on the "Total" tab in column F.

Thanks,

Tim

**Timothy P. Ofak**
**Weiner Brodsky Kider PC**
1300 19th Street NW  5th Floor
Washington DC  20036
office:  202 628 2000
direct:  202 557 3517
facsimile:  202 628 2011
ofak@thewbkfirm.com
www.thewbkfirm.com

---

**From:** Laina Herbert [mailto:lherbert@gelaw.com]
**Sent:** Tuesday, August 11, 2020 12:59 PM
**To:** Timothy Ofak <ofak@thewbkfirm.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Kyle McGee <kmcgee@gelaw.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Tim,

Let's go with 11:00 a.m.  I will circulate a calendar invite with dial-in information.

Thanks, Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

---

**From:** Timothy Ofak [mailto:ofak@thewbkfirm.com]
**Sent:** Tuesday, August 11, 2020 12:56 PM
**To:** Laina Herbert <lherbert@gelaw.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Kyle McGee <kmcgee@gelaw.com>
**Subject:** RE: US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Laina,

How about 11 am or 4:30 pm?

Thanks,

**From:** Laina Herbert [mailto:lherbert@gelaw.com]
**Sent:** Tuesday, August 11, 2020 12:27 PM
**To:** Timothy Ofak <ofak@thewbkfirm.com>
**Cc:** Mitch Kider <Kider@thewbkfirm.com>; Lindsay Buchanan <buchanan@thewbkfirm.com>; Kyle McGee
<kmcgee@gelaw.com>
**Subject:** US ex rel. Tutanes-Luster v. Broker Solutions, Inc. - meet and confer [IWOV-LEGAL.FID314664]

Tim,

Are you available for a meet and confer tomorrow after 10:00 a.m. or after 4:00 p.m.?  We
would like to discuss the search terms hit list and the data dictionaries, and raise a few questions
about the most recent production.

Thanks, Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may
contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail,
you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments
hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302)
622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.

# EXHIBIT 42

| From: | Laina Herbert |
| Sent: | Friday, September 10, 2021 6:51 PM |
| To: | 'Timothy Ofak'; 'Mitch Kider'; 'Jeffrey Blackwood'; 'Joel Schiffman'; 'Joshua Abel'; 'evan@abelattorneys.com'; 'jrosenthal@mhlawcorp.com' |
| Cc: | Daniel Berger; Kyle McGee; Caitlin Moyna; 'bcutter@cutterlaw.com'; 'jparker@cutterlaw.com'; 'nthomas@theemploymentattorneys.com'; 'jferris@theemploymentattorneys.com'; 'mlingle@theemploymentattorneys.com' |
| Subject: | United States ex rel. Malou Tutanes-Luster v. Broker Solutions, Inc., d/b/a New American Funding, No. 19-cv-01630-PSG-JPR [IWOV-LEGAL.FID314664] |

Tim,

Thank you for the meet and confers yesterday and today.  After considering your positions, and in particular taking into account that we may have a dispute over whether NAF will produce the loan files for all the loans that HUD identified as having defaulted during the relevant period, which we will need time to raise with the Court, or if there is no dispute, NAF will need time to gather and produce such loan files, and we will need time to review them; we have concluded that a significant extension to the current discovery schedule is necessary.  In addition to potential motion practice, it will take quite some time for our experts to review and analyze all the newly-produced loan files.  We had been under the impression that NAF did not make credit determinations with regard to streamline loans, and only recently learned that is not always the case.

Further, responding to Interrogatory Nos. 8-17 requires a significant amount of time to process and assemble a vast amount of information, and we cannot provide complete responses until our experts have reviewed all defaulted loan files.

Accordingly, the schedule must be revised, and the depositions that are currently on the calendar should be adjourned and rescheduled for a later date.  As a reminder, these are as follows:

Sept 29 – Russ Stanton
Oct 4 – Rick Arvielo
Oct 12 – Kevin English
Oct 14 – Cynthia Hamilton
Oct 26 – Debra Nesmith
Oct 27 – Michelle Rogers

We will follow up with a more detailed letter on Monday, but we wanted to convey our position as soon as possible, so that you might alert the witnesses and they can adjust their schedules accordingly.  In the meantime, we are available to discuss at your earliest convenience.

Regards, Laina

**Laina M. Herbert | Grant & Eisenhofer P.A.**
Associate
123 S. Justison Street
Wilmington, DE 19801
Tel: 302.622.7016
Fax: 302.622.7100
Cell: 302.332.4210
LHerbert@gelaw.com | www.gelaw.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at (302) 622-7016 and permanently delete the original and any copy of any e-mail and any printout thereof.